UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

RANDALL J. HATLEE and
RONALD L. SWIFT

Plaintiffs,
vs.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE
FRED WEGENER and
ASHLEIGH OLDS DIEDRICH,

Defendants.
_____

### PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND
_____

NOW COME the Plaintiffs, Randall J. Hatlee and Ronald L. Swift, by and through their attorney, Brice A. Tondre, and for their complaint against the Defendants named hereinafter state as follows:

### PARTIES

1. Plaintiff, Randall J. Hatlee ("Mr. Hatlee"), was at all relevant times engaged in horse ranching in Park County, Colorado

2. Plaintiff Ronald L. Swift ("Mr. Swift") was at all relevant times engaged in horse ranching in Park County, Colorado.

3. Defendant Cindy Hardey ("Deputy Hardey") was at all relevant times a law enforcement officer employed by the Park County Sheriff's Office.

1

4. Defendant Bobbi Priestly, who held the rank of Sergeant ("Sgt. Priestly"), was at all relevant times a law enforcement officer employed by the Park County Sheriff's Office and was the supervisor of Deputy Hardey.

5. Defendant Monte Gore, who was the Undersheriff ("Undersheriff"), was at all relevant times a law enforcement officer employed by the Park County Sheriff's Office and was the supervisor of Deputy Hardey and Sgt. Priestley.

6. Defendant Fred Wegener ("Sheriff Wegener") was at all relevant times the duly elected sheriff of Park County, Colorado. Sheriff Wegener is sued in both his official capacity and his individual capacity. He was involved in the investigation and decisions to seize Plaintiffs' property and prosecute them which are the subject of this action. The office of the sheriff was party to a contract with Plaintiffs which was breached.

7. Defendant Ashleigh Olds Dedrich, D.V.M. ("Dr. Olds") is a licensed veterinarian whose baseless statements to the other Defendants resulted in the seizure of Plaintiffs' property and their prosecution.

## JURISDICTION

8. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1367 in that two of the causes of action alleged herein arise under the laws and constitution of the United States and the other causes of action are so related to the federal causes of action that they form part of the controversy under Article III of the United States Constitution.

## FACTS COMMON TO ALL CLAIMS

9. On February 13, 2012, Routt County officer Dawn Smith called Defendant Priestly and reported that while conducting a follow-up at the Echo Valley Ranch of a matter

2

which resulted in a mare and a colt being brought to Echo Valley Ranch, she noted that seven of the other horses were very thin.

10. On February 14, 2012, Defendant Priestley informed Defendant Hardey of the report from Routt County officer Smith. Defendant Hardey arranged to do a welfare check of the horses at the Echo Valley Ranch on February 16, 2012.

11. On February 16, 2012, Defendants Hardey and Olds arrived at Echo Valley Ranch. Defendant Olds was there to participate in the seizure of Bear and Defendant Hardey was there to conduct a welfare check of the other horses. Defendant Hardey found that seven of the horses were thin and the rest were in good condition, that one of the seven thin horses was down and was under the care of a veterinarian and that the seven thin horses had hay and water available.

12. Bear was to be transported to Defendant Olds' clinic for evaluation and treatment. Defendant Olds was demanding that the seven thin horses be ordered seized by Defendant Hardey and taken to Dr. Olds' clinic for evaluation. Without factual basis or investigation Defendant Olds stated that the seven thin horses had been mistreated and were suffering from neglect.

13. Defendant Olds' demands were reported to Defendant Priestley who instructed Defendant Hardey to tell Defendant Olds to leave with the horse she was there to seize.

14. Defendant Priestly then conferred with Kate Anderson, D.V.M., a Colorado Department of Agriculture veterinarian, Scott Dutcher, chief investigator with the Bureau of Animal Protection, Dr. Britt of Rocky Top Veterinary Services and Defendant Hardey all of whom agreed that the appropriate thing to do was to issue a notice of warning and leave the

seven horses in the care of the Plaintiffs, giving Plaintiffs thirty days to demonstrate that the horses were not being mistreated. Defendant Hardey did not believe that leaving the horses with Plaintiffs would endanger them and, based upon unanimous agreement, issued the warning.

15. When a vocal group of animal rights activists became aware of the consensus decision of the Park County Sheriff's Office and the Department of Agriculture, there was an outcry demanding that the horses be removed from the management of the Plaintiffs. This outcry was directed at Defendants Wegener and Gore, the sheriff and undersheriff, who succumbed to the political pressure and asked Defendants Priestly and Hardey to arrange for removal of the six horses from Echo Valley Ranch. One of the horses died on February 16, 2012, from an abscess of the heart which was not the result of malnutrition or neglect.

16. On February 19, 2012, Defendant Hardey requested that Plaintiffs place the six horses in protective custody. The Plaintiffs agreed to place them in the custody of Kirsten LeBeau.

17. The protective agreement did not satisfy the activists who were crying out for the Park County Sheriff's office to seize the six horses. Defendant Olds joined in the outcry and advocated prosecution of Plaintiffs for animal cruelty. Defendant Hardey remained of the opinion that leaving the horses with the owners would not endanger them.

18. On February 21, 2012, Defendant Priestley received a call from Dr. Horton, D.V.M., Plaintiffs' treating veterinarian who told her that it was not clear what caused the weight loss in the six horses and that a lot of testing needed to be done in order to determine the cause.

19. On February 22, 2012, Defendant Hardey, at the direction of Defendants Wegener Gore and Priestley, who again succumbed to the political pressure, sought and received a warrant

4

to seize the six horses from Plaintiffs. Defendant Hardey's affidavit in support of her request for a warrant was a breach of the protective custody agreement and failed to inform the judge who issued the warrant of material facts. The affidavit failed to inform the judge who issued the warrant: (1) that there was an agreement to leave the horses in the care and custody of the Plaintiffs for 30 days in order to allow them to demonstrate that the horses were not neglected; (2) that two veterinarians and a Department of Agriculture official agreed that the agreement was reasonable; (3) that the horses were well treated at the facility where they were housed; and, (4) that the horses were not in danger where they were housed. The judge who presided over the prosecution of the Defendants found that the omissions were material, made in bad faith and would have led to refusal to issue a warrant if disclosed.

20. On February 23, 2012, Defendants Hardey and Priestly executed the warrant and issued summonses charging each Plaintiff with animal cruelty. Both the warrant and the summonses were without probable cause to believe that the crime of animal cruelty had been committed.

21. Seizure of the six horses deprived Plaintiffs of evidence material to their avoidance of or defense of a charge of animal cruelty.

22. During the course of the prosecution of the charges against the Plaintiffs the court held that the warrant authorizing the seizure of the six horses was without probable cause and was procured by bad faith omissions.

23. The charges against the Plaintiffs were tried to a jury which found them not guilty.

**FIRST CLAIM FOR RELIEF**

24. Plaintiffs incorporate by reference the allegations contained in paragraphs 1

through 23 above.

25. At all times relevant to the claims asserted herein, each Defendant was acting under color of state law.

26. The Defendants, acting in concert, obtained a warrant which they used to seize the six horses owned by Plaintiffs. The warrant was issued without probable cause in that it was based on material omissions in violation of the Fourth Amendment to the United States Constitution.

27. Pursuant to 42 U.S.C. § 1983, Plaintiffs are entitled to recover damages caused by the violation of their rights not to have their property unreasonably seized in violation of the Fourth Amendment to the United States Constitution.  Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover their attorney's fees and costs incurred in prosecuting this action.

28. The unreasonable seizure of Plaintiffs' property severely injured them emotionally and caused them severe humiliation and embarrassment.

29. As a direct and proximate result of the conduct of the Defendants herein Plaintiffs have suffered emotional injuries, economic and non-economic damages and embarrassment and humiliation.

30. The conduct of the Defendants was in reckless and callous indifference to Plaintiffs' federally protected rights justifying the award of punitive damages.

## SECOND CLAIM FOR RELIEF

31. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 above.

32. The conduct set forth above constitutes malicious prosecution of Plaintiffs by

6

each of the Defendants in that it was done knowing it was without probable cause and was being done for political and economic purposes.. The prosecution was undertaken for political purposes. As such, their conduct was malicious. The misconduct reaches constitutional proportions because the Defendants utilized misstatements and omissions of material facts in order to initiate the legal process to attempt to take Plaintiffs' property and their freedom.

33. The prosecution of Plaintiffs was terminated in their favor on the merits.

34. All Defendants were acting under color of state law.

35. Pursuant to 42 U.S.C. §1983, Plaintiffs are entitled to recover damages caused by the violation of their rights not to be maliciously prosecuted on the basis of false statements and material omissions in violation of the Fourth Amendment to the United States Constitution. Pursuant to 42 U.S.C. §1988, Plaintiffs are entitled to recover theit attorneys fees and costs incurred in prosecuting this action.

36. The malicious prosecution of Plaintiffs severely injured them emotionally and caused them severe humiliation and embarrassment.

37. As a direct and proximate result of the conduct of the Defendants herein, Plaintiffs have suffered emotional injuries, economic and non-economic damages and embarrassment and humiliation.

38. The conduct of Defendants was in reckless and callous indifference to Plaintiffs' federally protected rights justifying the award of punitive damages.

**THIRD CLAIM FOR RELIEF**

39. Plaintiffs incorporate by reference the allegations contained in paragraph 1 through 38 above.

40. On February 19th, 2012, the Park County Sheriff's Office entered into an agreement with Plaintiffs to place the six horses in protective custody. This agreement was to protect Plaintiffs and their horses during the thirty days which Plaintiff were given by the Notice of Warning to rectify the condition of the six horses and show that their condition was not due to neglect.

41. On February 23, 2013, the agreement was breached by the Park County Sheriff's Office which caused the horses to be seized.

42. This seizure deprived Plaintiffs of the opportunity to rectify the condition of the six horses and demonstrate that their condition was not caused by neglect.

43. The breach resulted in the Plaintiffs being charged with animal cruelty, a charge of which they were found not guilty.

44. As a consequence of the breach Plaintiffs suffered damages of the cost of their defense of their prosecution for animal cruelty.

## FOURTH CLAIM FOR RELIEF

45. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 44 above.

46. The criminal case was brought against the Plaintiffs and six of their horses seized on the basis of statements made by Defendant Olds.

47. Defendant Olds' statements were false and unfounded and therefore without probable cause.

48. Defendant Olds was motivated by malice in that her motive was other than to bring justice to persons she thought had committed a crime. She was economically motivated.

49  The criminal case ended in favor of the Plaintiffs.

50.  As a direct and proximate result of Defendant Olds' conduct Plaintiffs suffered economic and non-economic damages.

51.  The conduct of Defendant Olds was willful, wanton and reckless justifying the award of punitive damages.

WHEREFORE, Plaintiffs prays that the Defendants be cited to appear and answer herein and that upon trial of this matter Plaintiffs be awarded judgment for the damages found by the trier of fact, both compensatory and punitive, that they be awarded their attorney's fees and costs incurred in prosecuting this action, pre and post judgment interest and that they be granted such other and further relief as the Court deems appropriate in the circumstances.

**PLAINTIFF DEMANDS TRIAL TO A JURY GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES AND PRESERVED BY RULE 38 F.R.C.P.**

/s/ Brice A. Tondre
_____
Brice A. Tondre
215 South Wadsworth Blvd., #500
Lakewood, Colorado   80226
Telephone:  303-296-3300
Facsimile: 303-238-5310
briceatondrepc@msn.com

ATTORNEY FOR PLAINTIFF

Address of Plaintiffs:
Randall Hatlee
47 Overlook Lane
Bailey, CO 80421

Ronald Swift
1 Delwood, Plot 6
Bailey, CO 80421