UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02469-RM-MJW

RANDALL J. HATLEE and
RONALD L. SWIFT

Plaintiffs,

vs.

CINDY HARDEY,
BOBBIE PRIESTLY,
MONTE GORE
FRED WEBENER and
ASHLEIGH OLDS DIEDRICH,

Defendants

---

**DEFENDANT OLDS' MOTION TO DISMISS**

---

Defendant Ashleigh Olds ("Dr. Olds"), who is incorrectly identified in the complaint as Ashleigh Olds Diedrich, through her counsel John Lebsack, moves to dismiss the claim against her pursuant to Fed.R.Civ.P. 12(6) for failure to state a claim. In support, Dr. Olds states:

### I.   SUMMARY

This case involves charges of animal cruelty to six horses owned by plaintiffs. Dr. Olds is a licensed veterinarian. The other defendants worked for the Park County Sheriff. Plaintiffs were charged with animal cruelty but acquitted. Plaintiffs now claim that Dr. Olds made improper statements to the Sheriff's Office that led to seizure of their horses and prosecution for animal cruelty.

The claim against Dr. Olds is based on her reporting concerns about animal cruelty to representatives of the Park County Sheriff's Office. Dr. Olds is a licensed veterinarian. Under a Colorado statute, a licensed veterinarian is required to report to a local law enforcement agency if she has reasonable cause to know or suspect that an animal has been subjected to cruelty. C.R.S. § 12-64-121(1) (2013). The statute protects a veterinarian who in good faith reports a suspected incident of animal cruelty by giving her immunity in any civil action based on reporting the incident. C.R.S. § 12-64-121(4) (2013).

The allegations against Dr. Olds fail to meet the plausibility test to judge the sufficiency of a complaint. Under that test, the complaint lacks facts that would support a reasonable inference that immunity under the Colorado statute does not apply. Because of statutory immunity, the complaint fails to state a claim against Dr. Olds on which relief can be granted.

## II.   ALLEGATIONS OF COMPLAINT

These allegations of the complaint [*Docket #1*] are pertinent to the claim against Dr. Olds. She is a licensed veterinarian (¶7). The other defendants are employees of the Park County Sheriff's Office (¶¶3-6). Plaintiffs allege that Dr. Olds made "baseless statements" to the other defendants, resulting in the seizure of plaintiffs' property and their prosecution (¶8). The property was six horses (¶¶19-21). The prosecution was for charges of animal cruelty (¶20). On February 16, 2012, Deputy Hardey and Dr. Olds came to the plaintiffs property to check on the welfare of some horses (¶¶10-11). Plaintiffs allege that Dr. Olds, after seeing the condition of the plaintiffs' horses, made this statement to Deputy Hardey: "Without factual basis or investigation Defendant Olds states that the seven thin horses had been mistreated and were suffering from neglect." Although this allegation does not refer to any request or demand by

Dr. Olds, Plaintiffs next allege that Dr. Olds' "demands" were reported to Defendant [Sergeant] Priestley who instructed Defendant [Deputy] Hardey to tell Defendant Olds to take the horse she was there to seize." (¶13).[1] The removal of that horse did not take place on that day, however, because Deputy Hardey and Sergeant Priestly decided instead to leave the horses with the plaintiffs and gave them 30 days to demonstrate that the horses were not being mistreated.

The complaint alleges that over the course of the following three days, there was an "outcry" from animal rights activists demanding that the horses be taken away from plaintiffs (¶15).  On February 19, 2012, plaintiffs and Deputy Hardy agreed to move the horses to the custody of a third person (¶16).  Plaintiffs allege that this custody arrangement did not satisfy the "activists" who cried out for the Sheriff's Office to seize the horses (¶17).  Allegedly, "Defendant Olds joined in the outcry and advocated prosecution of Plaintiffs for animal cruelty." (¶17.)  The complaint does not give any specifics about how Dr. Olds "joined in the outcry" or "advocated prosecution."

The warrant for the seizure of the horses by the Sheriff's Office was based on an affidavit prepared by Deputy Hardey (¶19).  The complaint alleges that Deputy Hardey prepared the affidavit "at the direction of Defendants [Sheriff] Wegener [Undersheriff] Gore and [Sergeant] Priestly, who again succumbed to the political pressure…." (¶19.)  There is no allegation that Dr. Olds was involved in the decision to prepare the warrant or the preparation of the affidavit. Based on Deputy Hardey's affidavit, on February 23, 2012, Deputy Hardey and Sergeant Priestly

---

[1] There are a total of seven horses involved in the case.  (¶¶11-12).  One was named Bear and was to be seized during the first visit to plaintiff's property by Dr. Olds and Deputy Hardey on February 16 (¶11).  Six other horses were seized on February 23 pursuant to a warrant (¶¶20-21).

3

"executed the warrant and issued summonses charging each plaintiff with animal cruelty."
(¶20.) Plaintiffs were found not guilty (¶23).

The claim against Dr. Olds appears to be based on the doctrine of malicious prosecution. The following six paragraphs in the complaint set forth the claim against Dr. Olds:

> 46. The criminal case was brought against the Plaintiffs and six of their horses seized on the basis of statements made by Defendant Olds.
>
> 47. Defendant Olds' statements were false and unfounded and therefore without probable cause.
>
> 48. Defendant Olds was motivated by malice in that her motive was other than to bring justice to persons she thought had committed a crime. She was economically motivated.
>
> 49. The criminal case ended in favor of the Plaintiffs.
>
> 50. As a direct and proximate result of Defendant Olds' conduct Plaintiffs suffered economic and non-economic damages.
>
> 51. The conduct of Defendant Olds was willful, wanton and reckless justifying the award of punitive damages.

### III.   STANDARD FOR MOTION TO DISMISS

A plaintiff's claim must be "plausible on its face" in order to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face."). "The concept of 'plausibility' at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. The question is whether, if the

4

allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1191-92 (10th Cir. 2009) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

The Supreme Court later clarified the plausibility rule:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009) (citations omitted). "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

## IV. ARGUMENT:  THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM THAT SURVIVES STATUTORY IMMUNITY

The claim against Dr. Olds is a state law claim.  The paragraphs of the claim against Dr. Olds (¶¶46-50) correspond to the elements of a claim for malicious prosecution under Colorado common law.  *Hewitt v. Rice*, 154 P.3d 408, 411 (Colo. 2007).

Colorado statutory law imposes both duties and protections for licensed veterinarians in regard to reporting animal cruelty.  If a veterinarian encounters a case of animal cruelty, she has a duty to report it to local authorities:

> A licensed veterinarian who, during the course of attending or treating an animal, has reasonable cause to know or suspect that the animal has been subjected to cruelty in violation of section 18-9-202, C.R.S., or subjected to animal fighting in violation of section 18-9-204, C.R.S., shall report or cause a report to be made of the animal cruelty or animal fighting to a local law enforcement agency or the bureau of animal protection.

5

C.R.S. § 12-64-121(1) (2013).[2]

Corresponding to this duty to report is immunity for making such reports in good faith:

> A licensed veterinarian who in good faith reports a suspected incident of animal cruelty or animal fighting to the proper authorities in accordance with subsection (1) of this section shall be immune from liability in any civil or criminal action brought against the veterinarian for reporting the incident.

C.R.S. § 12-64-121(4) (2013).

The statute also provides for a presumption of the veterinarian's good faith:

> In any civil or criminal proceeding in which the liability of a veterinarian for reporting an incident described in subsection (1) of this section is at issue, the good faith of the veterinarian shall be presumed.

*Id*.

To apply this statutory immunity, there are three elements: (1) Dr. Olds must be a licensed veterinarian (2) who reported in good faith (3) a suspected incident of animal cruelty or animal fighting (4) to the proper authorities. The complaint alleges that Dr. Olds is a licensed veterinarian, that her alleged statements concerned an incident of animal cruelty, and that she made statements to employees of the Park County Sheriff.

The issue of good faith is presumed by statute and not rebutted by the complaint. In identifying the parties, the complaint alleges that Dr. Olds made "baseless statements" to the Sheriff's office that resulted in the prosecution (¶7). This section of the complaint does not

---

[2] The crime of animal cruelty includes the following: "A person commits cruelty to animals if he or she knowingly, recklessly, or with criminal negligence…deprives of necessary sustenance,… allows to be housed in a manner that results in chronic or repeated serious physical harm,…or otherwise mistreats or neglects any animal, or causes or procures it to be done, or, having the charge or custody of any animal, fails to provide it with proper food, drink, or protection from the weather consistent with the species, breed, and type of animal involved, or abandons an animal." C.R.S. 18-9-202(1)(a) (2013).

6

identify the alleged "baseless" statements, but later the complaint gives more details about what Dr. Olds allegedly said. There are two such statements. First, plaintiffs allege that during the first visit to their property on February 16, Dr. Olds said "the seven thin horses had been mistreated and were suffering from neglect." (¶13.) The Sheriff's office did not, however, seize the horses and charge the plaintiffs because of this statement. As the complaint states, Deputy Hardey decided while on the plaintiffs' property on February 16 that she would not seize the horses, but would leave them with the plaintiffs for 30 days (¶14). The decision to seize and charge happened several days later. The Hardey affidavit was on February 22, and there is no allegation that Dr. Olds was involved in preparing that affidavit (¶19). To the contrary, plaintiffs allege that the affidavit was prepared at the direction of the Sheriff, Undersheriff, and Sergeant because of "political pressure." (¶19.)

The only allegation of the complaint related to Dr. Olds' good faith basis for the report is that "Defendant Olds was motivated by malice in that her motive was other than to bring justice to persons she thought had committed a crime. She was economically motivated." (¶48.) This conclusory allegation is apparently aimed at satisfying the element of a malicious prosecution claim under Colorado law that the "defendant's statement against plaintiff was motivated by malice towards the plaintiff." CJI-Civ. 17:1. The complaint alleges no facts that could plausibly establish that Dr. Olds' primary motive was economic. There is an allegation that at the February 16 visit to plaintiffs' property, Dr. Olds wanted the horses brought to her clinic for evaluation (¶12). But that did not occur; the horses stayed with plaintiffs. Three days later, February 19, when the Sheriff's Office removed the horses from plaintiffs' custody, the horses were put in the custody of third person Kirsten LeBeau *by agreement of the plaintiffs* (¶16).

7

There is no allegation in the complaint that Dr. Olds derived any economic benefit when the Sheriff's Department eventually seized the horses on February 23 (¶¶19-21). Nor is there any allegation that Dr. Olds derived economic benefit from the prosecution. In sum, the only alleged economic benefit to Dr. Olds was the February 16 "demand" for the horses to be taken to her clinic. Not only did that move never take place, the later seizure of the horses and the decision to prosecute is unrelated to any alleged economic benefit.

The motivation allegation also fails, as a matter of law, because of the statutory duty on Dr. Olds to report a suspected incident of animal cruelty. Without regard to economic motivations, the statute imposes a duty to report suspected cases of animal cruelty. That duty exists whether the veterinarian stands to benefit economically or not.

Under the *Iqbal* plausibility test, the complaint must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." The complaint has no facts that justify an inference that Dr. Olds' report was not in good faith.

## V.   CONCLUSION

For these reasons, the Court should dismiss the claim against Dr. Olds pursuant to Fed.R. Civ.P. 12(6).

s:/John Lebsack
John Lebsack
WHITE AND STEELE, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, Colorado  80202
(303) 296-2828
Fax No.:  (303) 296-3131
jlebsack@wsteele.com

8

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of October, 2013, a true and correct copy of the foregoing was e-served via CM/ECF to the following:

Brice A. Tondre
215 South Wadsworth Blvd., #500
Lakewood, Colorado  80226
*briceatondrepc@msn.com*

Timothy P. Schimberg
Fowler Schimberg & Flanagan, P.C.
1640 Grant St., Ste. 300
Denver, CO  80203
*t_schimberg@fsf-law.com*

s/Becky Kongs
Becky Kongs
WHITE AND STEELE, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO  80202
Telephone:  (303) 296-2828
Fax:  (303) 296-3131
bkongs@wsteele.com

9