UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.13-cv-02469-RM-MJW

RANDALL J. HATLEE and
RONALD L. SWIFT

Plaintiffs,
vs.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE
FRED WEGENER and
ASHLEIGH OLDS,

Defendants.

---

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT OLDS' MOTION TO DISMISS**

---

NOW COME the Plaintiffs, Randall J. Hatlee and Ronald L. Swift, by and through their

attorney, Brice A. Tondre, and for their memorandum in opposition to Defendant Old's Motion

to Dismiss [#11] state:

I.      INTRODUCTION

Defendant Ashleigh Olds is a doctor of veterinary medicine who issued pursuant to

42 U.S.C. §1983 as a private person acting under color of state law. She is also sued for

malicious prosecution, a state common law tort. In her motion to dismiss [#11p.5] she incorrectly

suggests that the only claim against her is the state claim.

The motion to dismiss is grounded solely on good faith immunity provided by C.R.S.

§12-64-121(4). Though Olds does not raise the issue of qualified immunity under Section 1983,

1

she is probably not entitled to qualified immunity, but may be entitled to good faith immunity.

*Filarsky v. Delia*, 132 S.Ct. 1657 (2012). The claim of good faith immunity requires an analysis

of Olds' state of mind. By its very nature, determination of her state of mind is fact intensive.

Olds may say here state of mind is one thing while her conduct portrays another.

## II.     PLAINTIFFS HAVE PLED FACTS WHICH SUPPORT A CONCLUSION THAT OLDS WAS NOT ACTING IN GOOD FAITH

C.R.S. §12-64-121(4) provides in relevant part:

A licensed veterinarian, who during the course of attending or treating an animal, has reasonable cause to know or suspect that the animal has been subjected to cruelty in violation of section 18-9-202, C.R.S….shall report or cause a report to be made of the animal cruelty to a local law enforcement agency or the bureau of animal protection.

Olds was not attending or treating the 7 horses which she claimed had been subjected to

cruelty. On February 16, 2012, Olds was on the premises of Echo Valley Ranch for the sole and

exclusive purpose of aiding Routt County Agent Smith in the seizure of Bear. Defendant Hardie was

on the ranch investigating the 7 thin horses on the basis of a report by Agent Smith two days earlier.

Whie on the premises,Olds demanded that Defendant Hardie seize the 7 thin horses and transport

them to Olds' clinic for care. Olds expressed the opinion that the 7 horses had been starved and

neglected. Defendant Hardie informed Defendant Priestly of Olds' demands. Priestly instructed

Defendant Hardie to order Olds to take Bear and leave the premises.

The touchstone of the immunity sought by Olds is whether her accusations were reasonable.

Her conduct demonstrates that her accusations were unreasonable.

Olds did not make a physical exam of any of the 7 horses, did not interview the Plaintiffs

regarding their views regarding the condition of the horses and obtain their opinions of the cause of

the horses conditions, did not discuss the horses condition with the treating veterinarian, did not develop a differential diagnosis and perform the requisite analysis to determine the most likely cause, all of which was below the standard of care for a veterinarian. Despite this lack of an appropriate investigation, Olds accused Plaintiffs of starving and grossly neglecting the horses. Making this accusation without the proper investigation was below the standard of care for a veterinarian.

After returning to her clinic Olds continued her campaign to have the horses seized. She e-mailed Defendant Hardie claiming that Bear, who was under the care of Plaintiffs, was suffering from extreme malnutrition and starvation and re-feeding syndrome . These conclusons were without scientific basis and were reached in violation of the standard of care for veterinarians.

Olds also contacted Chanel 7 News and informed it of horses being starved in Bailey. This caused her to be interviewed and her opinions broadcast.

In the words of Olds' client, Harmony HorseWorks on February 18, 2012, after being told by Park county animal control that the horses were not being starved, "wait and see what happens after the email blast goes out."

As can be seen from the allegations of the first amended complaint, the publicity resulted in the seizure of Plaintiffs' horses and the charging of them with animal cruelty.

A report of animal cruelty without scientific basis and arrived at by means which are below the standard of care by a veterinarian is not made in good faith.

Ultimately, after reasonable professional investigation it was determined that the probable cause of the illness of the eight horses was the consumption of toxic weeds.

III.    CONCLUSION

The allegations of the first amended complaint set forth in paragraphs 11 through 13, which

must be accepted as true, clearly indicate that Olds' accusations were not reasonable. The reasonable course was to wait and see what a reasonable investigation concluded.

It is respectfully submitted that the motion to dismiss must be denied.

/s/ Brice A. Tondre

_____

Brice A. Tondre
215 South Wadsworth Blvd., #500
Lakewood, Colorado   80226
Telephone:  303-296-3300
Facsimile: 303-238-5310
briceatondrepc@msn.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel for Defendants this 1st day of November, 2013, addressed as follows:

Timothy P. Schimberg
t_schimberg@fsf-law.com

Andrea M. Bronson
a_bronson@fsf-law.com

John Lebsack
jlebsack@wsteele.com

/s/ Brice A. Tondre

_____