**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.     13-cv-02469-RPM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

---

**DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND**

---

Defendants, Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener, by and through their attorneys, Timothy P. Schimberg and Andrea M. Bronson of Fowler, Schimberg & Flanagan, P.C., in answer to Plaintiffs' First Amended Complaint and Jury Demand, admit, deny and aver as follows:

**RESPONSE TO "PARTIES"**

1.  As to paragraphs 1, and 2, these Defendants are without sufficient information to admit or deny the allegations set forth therein. Further, the term "horse ranching" is vague.

2

2. As to paragraph 3, Defendant Hardey admits that during the time complained of in the First Amended Complaint, she was a law enforcement officer employed by the Park County Sheriff's Office.

3. As to paragraph 4, Defendant Priestly admits that she maintains the rank of Sergeant and did so at the time involved, and that she is an employee of the Park County Sheriff's Office that she supervised Ms. Hardey.

4. As to paragraph 5, Defendant Gore admits the statements set forth therein.

5. As to paragraph 6, Defendant Wegener admits that he is the duly elected Sheriff of Park County, Colorado. As to the remaining statements set forth in the paragraph, they either constitute legal conclusions to which no response is required, or they are denied, or, lastly, the Plaintiffs' First Amended Complaint speaks for itself.

6. As to paragraph 7, although not directed to these Defendants, based upon their best information and belief, Ashleigh Olds, D.V.M. is a licensed veterinarian. Remaining statements are not directed to these Defendants and they make no response as a result.

## RESPONSE TO "JURISDICTION"

7. As to paragraph 8, the statements set forth therein constitute legal conclusions to which no response is required. The paragraph constitutes statements of counsel. Without waiving any of the objections, these Defendants have no objection to the jurisdiction of the United States District Court for the District of Colorado in this matter.

## **RESPONSE TO "FACTS COMMON TO ALL CLAIMS"**

8. As to paragraph 9, these Defendants admit that on February 13, 2012, animal control officer Dawn Smith, a Routt County Sheriff's Officer, called Defendant Priestly and indicated, among other things, that she was in Park County conducting a follow up on a case emanating from Routt County. She reported that she was at the Echo Valley Ranch checking the welfare on the mare and colt that were involved in the Routt County case. She reported that during this process she observed other horses at the ranch and was concerned, to include the fact that the mare from the cruelty case in Routt County had died weeks prior and the colt, from the same Routt County case, was in very bad condition. Routt County Animal Control Officer Smith reported her observation regarding the poor condition of some of the other horses at Echo Valley Ranch to include 7 that she believed were very thin. The statements set forth in the paragraph are not directed to the other Defendants and they make no response as a result.

9. As to paragraph 10, Defendant Priestly admits that she told Deputy Hardey about the report from Routt County Animal Control Officer Dawn Smith. As to remaining statements, Defendant Hardey admits that she made arrangements to perform a welfare check of the horses that had raised the concern of Routt County Animal Control Officer Dawn Smith at the Echo Valley Ranch and further admits the welfare check would be performed on February 16, 2012. The statements set forth in the paragraph are not directed to the other Defendants and they make no response as a result.

10. As to paragraph 11, Defendant Hardey admits that on February 16, 2012, she arrived at the Echo Valley Ranch. Defendant Hardey admits that she was present to conduct a

3

welfare check of other horses within her view, but also had been asked to accompany Routt County Animal Control Officer Dawn Smith as Officer Smith was going to seize a colt per a Routt County Court Order and needed a local officer to accompany her.  Defendant Hardey admits that at the time of this visit she found 7 of the horses that she was able to observe, were thin and that one of the 7 extremely thin horses was down.  The remaining statements, as phrased, are denied.  The statements set forth therein are not directed to Defendants Priestly, Gore and Wegener and they make no response as a result.  Defendant Hardey admits that Defendant Olds was at Echo Valley Ranch on February 16, 2012, but is without sufficient information to admit or deny the statement about Dr. Olds and further the statement is directed to Defendant Olds and these Defendants make no answer as a result.

11.    As to paragraph 12, the statements set forth therein are directed to Defendant Olds and as a result, these Defendants make no response.  Defendant Hardey admits that she observed "Bear" being placed into a trailer by Dr. Olds and her assistant.

12.    As to paragraphs 13, and 14, the allegations and statements set forth therein are not directed to these Defendants and they make no response as a result.

13.    As to paragraph 15, the matters set forth therein constitute statements of counsel to which no response is required.  To the extent the paragraph relates to events of February 16, 2012, Defendant Hardey denies the statements as phrased in this paragraph because Dr. Horton stated that "Maggie" had a disease or a neurological problem and indicated it was possibly as a result of botulism toxicity or tic paralysis and that she had instructed Plaintiff Hatlee to procure medication to help with botulism toxicity.

4

14. As to paragraph 16, Defendant Hardey and Priestly admit that Defendant Hardey reported to Defendant Priestly the conversation held with Dr. Olds at the Echo Valley Ranch that day and that Defendant Priestly advised Deputy Hardey to indicate to Dr. Olds she should leave with the horse that they were asked to remove under the Routt County Court Order.

15. As to paragraph 17, Defendant Priestly admits that she conferred with Dr. Kate Anderson, D.V.M., who is a veterinarian with the Colorado Department of Agriculture – State Veterinary's Office. Defendant Priestly admits that she also contacted Scott Dutcher, Chief Investigator with the Bureau of Protection and then placed a telephone call to Dr. Britt, D.V.M., of Rocky Top Veterinary Services. Defendant Priestly admits that Dr. Anderson and Dr. Britt, based upon the information that was available as of February 16, 2012, that it would be appropriate to issue a Notice of Warning and leave the 7 horses that gave rise to the greatest concern, in the care of the Plaintiffs. Defendant Hardey admits that based upon the input provided at that time, she did not believe that leaving the very thin 7 horses with the Plaintiffs posed an immediate danger but issued the Notice of Warning.

16. As to paragraph 18, the statements set forth therein are directed to Defendant Olds and these Defendants make no response as a result. Defendant Hardey admits that she received an e-mail from Dr. Olds on February 16, 2012 at approximately 4:35 p.m. The e-mail speaks for itself and Defendant Hardey denies any statement inconsistent with a fair reading of the e-mail.

17. As to paragraph 19, these Defendants admit that there was a vocal response by some citizens in Park County and Jefferson County regarding the horses at Echo Valley Ranch. These Defendants admit that some citizens directed their comments to Defendants Wegener and

Gore who were the Sheriff and Undersheriff. These Defendants admit that one of the Echo Valley Ranch horses died on February 16, 2012 and that a necropsy indicated that the cause of death was an abscess of the heart. Defendants Wegener and Gore deny that either or both of them "succumbed to the political pressure." Defendant Sheriff Wegener denies that he asked Defendants Priestly and Hardey to arrange for removal of 6 horses from Echo Valley Ranch. Defendant Gore admits that he discussed with Defendant Priestly that as a result of vitriolic comments made by members of the public, he inquired as to whether or not arrangements could be made to move the horses into a protective custody arrangement. Remaining statements and allegations are either denied or these Defendants are without sufficient information to admit or deny the statements and therefore deny the same.

18.     As to paragraph 20, the statements set forth therein, as phrased, are denied. Defendants Gore, Priestly and Hardey admit that for the safety of the Plaintiffs and for the horses at issue, they were of the belief that the horses could be moved to an agreed upon location pursuant to a protective custody arrangement. That document speaks for itself and these Defendants deny any statement or allegation inconsistent with that document. Remaining allegations are denied other than these Defendants wished to avoid what had the potential to be a violent confrontation.

19.     As to paragraph 21, Defendant Hardey admits that on February 19, 2012, she asked the Plaintiffs to consider placing the at risk horses into protective custody at an agreed upon location. Defendant Hardey admits that the Plaintiffs agreed to place the 6 at risk horses into the protective custody of Kirsten LeBeau.

6

20.     As to paragraph 22, the statements set forth therein are not directed to these Defendants and no response is required. Defendant Hardey responds that at the time of her request to the Plaintiffs to consider a protective custody arrangement, that the at risk horses would not be further endangered by placement with Kirsten LeBeau. As phrased, however, the statement is denied by Defendant Hardey.

21.     As to paragraph 23, Defendant Priestly admits that on February 21, 2012, she received a telephone call from Dr. Horton, D.V.M. Defendant Priestly admits that Dr. Horton reported the preliminary results on the necropsy performed on "Maggie" and that she would do a blood draw on the other 6 at risk horses. And that she would not jump to conclusions and affirmatively stated that if an owner sees that horses are experiencing rapid weight loss, it is their responsibility to contact the veterinarian rather than just letting the condition go. Dr. Horton revealed that she believed that Plaintiff Swift did not call a veterinarian soon enough that he held strong views as to how horses should be doctored and that he was going through difficult personal circumstances and that he was overwhelmed, but that did not excuse a failure to notice horses with body conditions as low as had been observed. Dr. Horton also stated that the horses needed further diagnostic testing and that in her opinion, Mr. Swift was not going to be able to afford such.

22.     As to paragraph 24, Defendant Hardey admits that on February 22, 2012, she prepared a warrant to seize the 6 at issue horses as well as hay samples from Echo Valley Ranch. The document speaks for itself and all Defendants deny any statement set forth in paragraph 24 that is inconsistent with a fair reading of the document. Defendants Wegener, Gore and Priestly

deny the statements alleged against them. As to the statements regarding the presiding judge in the prosecution, his ruling speaks for itself and these Defendants deny any statement or characterization inconsistent with a fair reading of such rulings. These Defendants deny that there was any finding that the warrant was made in bad faith. Remaining statements and allegations are denied.

23. As to paragraph 25, the matters set forth therein constitute statements and arguments of counsel which are inappropriate in an amended complaint. The statements are denied as to Defendants Priestly, Gore and Wegener.

24. As to paragraph 26, Defendants Hardey and Priestly admit that on February 23, 2012, they executed the court issued warrant. Remaining statements are denied.

25. As to paragraph 27, the statement is denied.

26. As to paragraph 28, these Defendants are without sufficient information to admit or deny the statements set forth therein and therefore deny the same.

27. As to paragraph 29, these Defendants admit, based upon their best information and belief that during the prosecution of the charges against the Plaintiffs, the applicable judge issued certain rulings and orders to include that the horses be returned to the Plaintiffs and that certain evidence was suppressed. As to remaining statements which constitute arguments of counsel, such are either denied or any order of the court speaks for itself and these Defendants deny any statement, argument or allegation inconsistent with a fair reading of the court's order.

28. As to paragraph 30, the statements set forth therein are denied.

29. As to paragraph 31, these Defendants admit the statement.

## FIRST DEFENSE TO FIRST CLAIM FOR RELIEF

30. These Defendants incorporate by reference their previous responses to the allegations and statements set forth or incorporated by Paragraph 32 of the First Claim for Relief.

31. As to Paragraph 33, the statements set forth herein constitute a legal conclusion to which no response is required. Each of these Defendants were acting within the course and scope of their employment.

32. As to Paragraph 34, these Defendants deny they were "acting in concert" as they understand the phrase. These Defendants admit that the Sheriff's Office obtained a warrant, which supported the seizure of six at risk horses owned by the Plaintiffs. The remaining allegations and statements constitute argument of counsel and legal conclusions to which no response is required. It is for the fact finder to opine regarding the same.

33. As to Paragraph 35, the matters contained therein constitute legal conclusions and argument of counsel to which no response is required by these Defendants. The statutes cited speak for themselves and these Defendants deny any conduct in violation of the statutes or any conduct giving rise to "entitlement."

34. As to Paragraph 36, these Defendants deny the premise for the statement of counsel set forth therein. As to the remaining statements, these Defendants either deny the same or are without sufficient information to admit or deny the statements and therefore, deny the same.

9

35. As to Paragraph 37 and 38, and as to these Defendants, the statements and allegations are denied in their entirety.

## FIRST DEFENSE TO SECOND CLAIM FOR RELIEF

36. These Defendants incorporate by reference their previous responses to the allegations and statements incorporated by Paragraph 39 of the Second Claim for Relief.

37. As to Paragraph 40, the statements set forth herein constitute a legal conclusions to which no response is required. Each of these Defendants were acting within the course and scope of their employment.

38. As to Paragraph 41, the matters contained therein constitute statement and argument of counsel, which is inappropriate and/or constitute legal conclusions to which no response is required. Further, these Defendants denied the premise of the statements set forth therein, as well as the legal conclusions set forth to which no response is required.

39. As to Paragraph 42, these Defendants admit that the prosecution of the Plaintiffs resulted in a finding of not guilty.

40. As to Paragraph 43, the matters contained therein constitute legal conclusions and argument of counsel to which no response is required by these Defendants. The statutes cited speak for themselves and these Defendants deny any conduct in violation of the statutes or any conduct giving rise to "entitlement."

41.     As to Paragraph 44, these Defendants deny the premise on which the statement is made.  As to remaining statements, argument, and allegations set forth therein, these Defendants deny the same or are without sufficient information to admit or deny and therefore deny the same.

42.     As to Paragraph 45 and 46, the statements and allegations set forth therein are denied.

### FIRST DEFENSE TO THIRD CLAIM FOR RELIEF

43.     These Defendants incorporate by reference their previous responses to the allegations and statements incorporated by Paragraph 47 of the Third Claim for Relief.

44.     As to Paragraph 48, Defendant Hardey admits that she requested the Plaintiffs consider and agree to removing six at risk horses from the Echo Valley Ranch to place them in protective custody with Ms. LeBeau, whom Plaintiffs knew as a horse owner.  Defendant Hardey agrees that one of the purposes was to protect the horses and the Plaintiffs themselves.  Thus, as phrased, the remaining statements and allegations are denied by Ms. Hardey and as to Defendants Priestly, Gore, and Wegener, their lack of personal participation leads them to conclude that the statements are either denied or they are without sufficient information and knowledge and therefore deny the same.

45.     As to Paragraph 49, Defendants Wegener and Gore denied the statements set forth therein.  Defendants Priestly and Hardey make no response as the statements in the Paragraph are not directed to them.

11

46. As to Paragraph 50, over and above constituting a legal conclusion, the statement set forth therein is denied.

47. As to Paragraph 51, the statements set forth therein is denied.

48. As to Paragraph 52, these Defendants admit that the Plaintiffs were found not guilty, but deny the remaining statements set forth in the Paragraph.

49. As to Paragraph 53, these Defendants are without sufficient information to admit or deny the statements set forth therein and therefore deny the same.

## FIRST DEFENSE TO FOURTH CLAIM FOR RELIEF

50. These Defendants incorporate by reference their previous responses to the allegations and statements incorporated by Paragraph 54 of the Fourth Claim for Relief.

51. As to Paragraphs 55, 56, 57, 58, 59, and 60, the matters contained therein are not directed to these Defendants and they make no answer thereto except to deny any allegation or statement which does or could be construed to state a claim against them. In that event, any such statement is denied.

## SECOND DEFENSE TO ALL CLAIMS FOR RELIEF

Plaintiffs fail to state a claim upon which relief may be granted.

## THIRD DEFENSE TO ALL CLAIMS FOR RELIEF

Claims against the individual Defendants are barred by their qualified immunity.

### FOURTH DEFENSE TO ALL CLAIMS FOR RELIEF

Defendants reasonably believed they were acting in good faith and in accordance with Colorado and Federal law.

### FIFTH DEFENSE TO ALL CLAIMS FOR RELIEF

The actions of the Defendants who are sued in their individual capacities were objectively reasonable in light of the facts and circumstances of which they were aware, entitling them to immunity from suit.

### SIXTH DEFENSE TO ALL CLAIMS FOR RELIEF

Plaintiffs' alleged damages are the result of their own conduct.

### SEVENTH DEFENSE TO ALL CLAIMS FOR RELIEF

Plaintiffs' claims do not state a constitutional violation sufficient to state a claim under 42 U.S.C. § 1983.

### EIGHTH DEFENSE TO ALL CLAIMS FOR RELIEF

Plaintiffs forfeited possessory interest in the horses through their conduct of neglect and allowing the horses to become emaciated and in poor physical condition.

### NINTH DEFENSE TO ALL CLAIMS FOR RELIEF

Plaintiffs' alleged injuries and damages, if any, were the result of the conduct of third-parties over whom these Defendants have no control or right to control.

### TENTH DEFENSE TO ALL CLAIMS FOR RELIEF

Plaintiffs failed to mitigate their damages, if any.

### ELEVENTH DEFENSE TO ALL CLAIMS FOR RELIEF

Plaintiffs' injuries and damages, if any, in whole or in part, were proximately caused by their own acts or omissions.

### TWELFTH DEFENSE TO ALL CLAIMS FOR RELIEF

Plaintiff's claims are barred in whole or in part by the doctrines of consent, estoppel, and waiver.

### THIRTEENTH DEFENSE TO ALL CLAIMS FOR RELIEF

Any statement not specifically admitted herein is denied.

### FOURTEENTH DEFENSE TO ALL CLAIMS FOR RELIEF

Defendants incorporate all affirmative defenses asserted by any other defendant in this action.

### FIFTEENTH DEFENSE TO ALL CLAIMS FOR RELIEF

Defendants never breached any obligation or responsibility to anyone associated with any property or liberty interest of any party in this matter.

### SIXTEENTH DEFENSE TO ALL CLAIMS FOR RELIEF

None of these Defendants are liable for any punitive damages pursuant to state or federal law, nor could they become liable for any such damages.

### SEVENTEENTH DEFENSE TO ALL CLAIMS FOR RELIEF

These Defendants are entitled to qualified immunity, or both, as well as common law and statutory immunities, with respect to some or all of Plaintiffs' claims against them.

**EIGHTEENTH DEFENSE TO ALL CLAIMS FOR RELIEF**

Plaintiffs' claims against Defendants Wegener and Gore are barred, in whole or in part, because of a lack of personal participation.

**NINETEENTH DEFENSE TO ALL CLAIMS FOR RELIEF**

Defendants had probable cause to believe the Plaintiffs had committed the offense of cruelty to animals.

**TWENTIETH DEFENSE TO ALL CLAIMS FOR RELIEF**

Plaintiffs' horses were properly seized as evidence to support charges of cruelty to animals brought against Plaintiffs.

**TWENTY-FIRST DEFENSE TO ALL CLAIMS FOR RELIEF**

Plaintiffs did not enter into any legally-binding contract/argument with Park County or Park County Sheriff's Department.  Only the Board of County Commissioners has the authority to contract on behalf of the County.

**TWENTY-SECOND DEFENSE TO ALL CLAIMS FOR RELIEF**

Defendants reserve the right to assert additional defenses that come to light through discovery or disclosures.

WHEREFORE, having fully answered and responded to the Plaintiffs' First Amended Complaint and all Claims for Relief set forth therein, Defendants Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener pray for judgment against the Plaintiffs, that the Plaintiffs' First Amended Complaint and all Claims for Relief against them be dismissed with prejudice, for costs, attorneys' fees, expert witness fees and other and further relief that the Court deems proper.

**DEFENDANTS DEMAND A TRIAL TO A JURY ON ALL ISSUES**

Respectfully submitted this 15th day of November, 2013.

*(Original signature on file at the office of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg
Andrea M. Bronson

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEYS FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

# CERTIFICATE OF SERVICE

  I hereby certify that on this 15th day of November, 2013, I caused a true and correct copy of the foregoing **DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND** to be filed via the ECF system, with notice of same being electronically served to the following:

| | |
|---|---|
| Brice A. Tondre, Esq. | John M. Lebsack, Esq. |
| Brice A. Tondre, P.C. | White and Steele, P.C. |
| 215 S. Wadsworth Blvd., Ste. 500 | 600 17th Street, Ste. 600N |
| Lakewood, CO 80226-1566 | Denver, CO 80202 |
| ***Attorney for Plaintiffs*** | ***Attorney for Defendant Ashleigh Olds*** |

              *(Original signature on file at the office of Fowler, Schimberg & Flanagan, P.C.)*

              */s/ Kala Cyganiewicz*

              Kala Cyganiewicz