IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02469-RM-MJW

RANDALL J. HATLEE and
RONALD L. SWIFT,

Plaintiffs,

vs.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER and
ASHLEIGH OLDS,

Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

A scheduling conference was held in this matter on December 3, 2013 at 11:00 a.m. Brice A. Tondre, 215 South Wadsworth Boulevard, Suite 500, Lakewood, Colorado 80226-1566, telephone 303-296-3300 represented the Plaintiffs. Timothy P. Schimberg and Andrea M. Bronson, 1640 Grant Street, Suite 150,, Denver, CO 80203, telephone 303-298-8603 represented Defendants Cindy Hardey, Bobbi Priestly, Monte Gore and Fred Wegener. John Lebsack, 600 17th Street, Suite 600N, Denver, CO 80202, telephone 303-296-2828, represented Defendant Ashleigh Olds.

### 2. STATEMENT OF JURISDICTION

The Court possesses jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and 1367.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiff asserts four claims for relief. The first and second are brought pursuant to 42 U.S.C. §1983, the third is for breach of contract and the fourth is for common law malicious prosecution.

In summary, the case commenced with the visit of an animal control officer from Routt County to Plaintiffs' horse ranch to check on Bear, a horse which was the subject of a Routt County case. In checking on the subject horse, the Routt County officer noticed that, of the forty horses on the ranch, six were skinny, one was down but that the others were in good condition. The Routt County officer informed the Park County sherifff's office of the six skinny horses.

On February 16, 2012, the Routt County officer, accompanied by Defendant Olds, went to the ranch to pick up Bear and take him to Old's veterinary clinic. At the same time Park County officers came to the ranch to check on the report of six skinny horses.

Olds, upon observing the six skinny horses and without examination or testing, claimed their condition was the result of being starved and demanded that Park County seize them. Park County responded by telling her to take Bear and leave. After consulting with experts, Park County issued a warning giving the Plaintiffs thirty days to demonstrate that the six horses had not been starved.

Olds, being dissatisfied with the conduct of Park County, caused a public outcry to which the sheriff's office succumbed, resulting in the seizure of the six horses and

prosecution of the Plaintiffs.

The Plaintiffs were acquitted.

The first claim for relief is against all Defendants. It alleges that the Defendants, acting in concert, procured a warrant to seize Plaintiffs' property, six horses, without probable cause and by material omissions in violation of the Fourth Amendment to the United States Constitution.

The second claim for relief is against all Defendants. It alleges that the Defendants, acting in furtherance of their respective personal agendas, political and economic, used and induced the use of criminal process in violation of the Fourth Amendment to the United States Constitution.

The third claim for relief is against Defendant Fred Wegener in his official capacity as the duly elected sheriff of Park County. It alleges that the Sheriff's office entered into a contract with Plaintiffs to withhold seizure of six of their horses and any prosecution for thirty days in order to give the Plaintiffs opportunity to demonstrate that they had not starved the six horses and that the contract was breached by obtaining a seizure warrant to stave off the political uproar induced by Defendant Olds.

The fourth claim for relief is against Defendant Olds for common law malicious prosecution.

Plaintiffs seek damages for their economic injury which includes loss of income, and the cost of defending the criminal case, loss of reputation and severe emotional distress.

    b.    Defendants: Defendant Wegener is the Sheriff of Park County; Defendant

Gore is the Undersheriff of Park County; Defendant Priestly is a Sergeant and Animal Control Officer employed by Park County Sheriff's Department. On February 16, 2012, Defendant Hardey, a Park County Animal Control Officer, performed a welfare check of horses and assisted Routt County Officer Dawn Smith with the seizure of one of Plaintiffs' horses pursuant to a Routt County Order. Defendant Hardey saw seven other horses were emaciated and in poor condition. One horse was down and unable to get up. Defendant Hardey issued a written warning to Plaintiffs. After learning that Plaintiffs' veterinarian believed the Plaintiffs neglected the horses by leaving them in a pasture too long, Defendant Hardey prepared a warrant. When the judge signed the warrant, she seized the horses and charges of animal cruelty issued. The seizure and charges were based on the reasonable belief that Plaintiffs committed animal cruelty.

Defendants deny that their conduct violated Plaintiffs' constitutional rights. Defendants deny that the seizure of Plaintiffs' horses was illegal under the circumstances and deny that it was in violation of clearly established law. Defendants also deny that their conduct resulted in malicious prosecution of Plaintiffs. Defendants had probable cause to believe that Plaintiffs committed animal cruelty. The condition of the horses was consistent with a failure to provide proper sustenance to the horses. Defendants are also entitled to qualified immunity. Plaintiffs' alleged agreement with Park County Sheriff's Department is not legally binding and is not enforceable because it lacks consideration. Finally, Defendant Wegener was not involved in any of actions or circumstances alleged in the Amended Complaint and is not liable to Plaintiffs.

Defendant Ashleigh Olds is a veterinarian who came to the plaintiffs' Echo Valley

Ranch on February 16, 2012, at the request of officers the Routt County Sheriff's Office to assist the Park County Sheriff's Office in the seizure of two horses that were under the jurisdiction of the County Court for Routt County. At the ranch, Dr. Olds observed eight horses that were in very poor physical condition. Dr. Olds had a reasonable suspicion that those horses were suffering from symptoms consistent with starvation and neglect, and the conditions at the farm and the history provided to Dr. Olds were consistent with reasonable suspicion for starvation and neglect. Dr. Olds denies making any false statements or providing any incorrect information about the horses or the plaintiffs. Olds denies that she instigated a public outcry against plaintiffs . She denies that her conduct fell below the standard for veterinarians. She denies that she was motivated by political or economic factors. She raises affirmative defenses as will be stated in her answer.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiffs were each charged with four counts of animal cruelty in violation of Colo.Rev.Stat. § 18-9-202(1) (a).
2. Plaintiffs were acquitted of all charges.
3. On February 16, 2012, the horse known as Bear or Little Bear was subject to the jurisdiction the County Court, Routt County, Colorado as a result of a criminal conviction of animal cruelty against Cynthia Hatlee-Morgan.
4. Cynthia Hatlee-Morgan is the former spouse of plaintiff Hatlee.
5. On February 16, 2012, plaintiffs were responsible for the care of the horse

known as Maggie.

6. On February 16, 2012, plaintiffs were responsible for the care of six other horses, owned by the plaintiffs, that were the subject of the criminal charges against the plaintiffs.

7. On February 16, 2012, defendants Hardey and Olds came to the Echo Valley Ranch outside Bailey, Colorado at the request of the Routt County Sheriff's Office to take possession of the horse known as Bear or Little Bear and another horse known as Little Feather; it turned out that Little Feather had died sometime before February 16, 2012.

8. On February 16, 2012, the horse known as Bear or Little Bear was taken from plaintiffs' ranch to defendant Olds' veterinary hospital.

9. The horse known as Maggie was not taken from the plaintiffs' ranch on February 16, 2012 and died the next day.

10. Plaintiff Swift was the manager of Echo Valley Ranch.

## 5. COMPUTATION OF DAMAGES

Plaintiffs claim they suffered economic losses, severe emotional injury, severe humiliation and embarrassment and loss of reputation.

| | |
|---|---:|
| Attorney's fees and costs to defend criminal charges | $85,000.00 |
| Lost income and value (estimated) | 500,000.00 |
| Non-economic damages | 2,000,000.00 |
| Exemplary damages | 2,000,000.00 |

6

Plaintiffs claim they are entitled to recover their fees and costs of prosecuting this action. 42 U.S.C. §1988.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.      A Rule 26(f) meeting was held on November 11, 2013.

b.      Brice A. Tondre participated on behalf of the plaintiff. Timothy P. Schimberg and John Lebsack participated on behalf of Defendants.

c.      Rule 26(a)(1) disclosures were made on or before November 25, 2013.

d.      There are no proposed changes in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1).

e.      The parties do not agree to informal discovery at this time but will discuss whether informal discovery is appropriate with respect to any issue that arises in the future.

f.      No other agreements or procedures to reduce discovery and other litigation costs have yet been agreed upon.

g.      The parties do not anticipate that their claims or defenses will involve extensive electronically stored information or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

h.      The parties have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. Settlement is not feasible at this time. It is too early to engage in ADR but the parties will consider that at an appropriate time.

## 7. CONSENT

All parties do not consent to the exercise of jurisdiction of the magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. The parties propose that the number of depositions be limited to ten per side plus depositions of the parties and expert witnesses.

b. The parties propose that all depositions be limited in length to no more than seven hours.

c. The parties do not propose a modification of the rules with respect to the number of interrogatories, requests for production and requests for admissions. — 25 each per party or party group

d. There are no other planning or discovery orders requested by the parties at this time.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: January 15, 2014.

b. Discovery Cut-off: June 30, 2014.

c. Dispositive Motion Deadline: July 31, 2014

d. Expert Witness Disclosure  Each party or party group shall be permitted 4 Retained Experts.

1. Plaintiff anticipates that he will call experts in the field of law officer training and reasonable law enforcement practices regarding execution of warrants and prosecution, veterinary medicine, toxic weeds and damages.

2. Defendants anticipate they will call experts to rebut Plaintiffs'

8

experts, and experts in the fields of animal control and veterinary medicine. Defendant Olds expects to call experts to rebut Plaintiffs' experts, and in veterinary medicine and toxic weeds.

3. The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed.R.Civ.P. 26(a)(2) on or before April 1, 2014.

4. The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2) on or before May 1, 2014.

Notwithstanding the provisions of Fed.R.Civ.P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the Court. In addition to the requirements set forth in Rule 26(a)(2)(B)(i) - (vi), the retained expert's written report must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e. Identification of Persons to be Deposed: *All Depositions shall be completed by June 30, 2014.*

Plaintiff anticipates deposing each of the Defendants, the persons who concurred with giving a warning and the Routt County officer.

Defendants anticipate deposing: each of the Plaintiffs; Fay Burton, DVM; Allyson Horton, DVM; veterinarians who treated the horses in question.

f. Deadlines for Interrogatories:

9

All interrogatories shall be served no later than May 29, 2014.

g. Deadline for Requests for Production of Documents and/or Admissions:

All requests for production of documents and/or admissions shall be served no later than May 29, 2014.

## 10. DATES FOR FURTHER CONFERENCES

A. ☒ Status conferences will be held in this case at the following dates and times:

None set At This Time

B. ☒ A final pretrial conference will be held in this case on October 1, 2014 at 9:00 o'clock A.m. A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than five (5) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. There are presently no discovery or scheduling issues in which counsel, after good faith effort, were unable to reach an agreement. None

b. The anticipated length of trial which is to be to a jury is ~~five~~ Seven days.

c. There are no pretrial proceedings that the parties believe may be more efficiently or economically conducted in the District Court's Facility at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado..

10

## 12. NOTICE TO COUNSEL AND *PRO SE* PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures of Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to the case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to the case.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

Dated this 3rd day of December, 2013.

BY THE COURT:

/s/ Michael J. Watanabe

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED:

/s/ Brice A. Tondre

Brice A. Tondre
215 South Wadsworth Blvd., #500
Lakewood, Colorado 80226-1566
Telephone: 303-296-3300

ATTORNEY FOR PLAINTIFF

/s/ Timothy P. Schimberg

Timothy P. Schimberg & Flanagan, P.C.
1640 Grant Street, Suite 150
Denver, CO 80203
Telephone: 303-298-8603

ATTORNEY FOR THE DEFENDANTS
HARDEY, PRIESTLY, GORE and
WEGENER

/s/ John Lebsack

John Lebsack
White & Steele, P.C.
600 17th Street, Suite 600N
Denver, CO 80202
Telephone: 303-296-2828

ATTORNEY FOR DEFENDANT OLDS