## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.        13-cv-02469-RPM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

---

### MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED.R.CIV.P. 12(C) REGARDING PLAINTIFFS' OFFICIAL CAPACITY CLAIMS

---

Defendants, Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener, by and through their attorney, Timothy P. Schimberg of Fowler, Schimberg & Flanagan, P.C., hereby submit their Motion for Judgment on the Pleadings Pursuant to Fed.R.Civ.P. 12(c) Regarding Plaintiffs' Official Capacity Claims and in support thereof state as follows:

### I.   INTRODUCTION

An official capacity claim under § 1983 is a claim against a municipality. Therefore, Plaintiffs' official capacity claims against Sheriff Wegener are *de facto* claims against the duly elected constitutional Office of the Sheriff of Park County. To be held liable under § 1983, the alleged unconstitutional action must be taken pursuant to an official municipal policy or custom of the Sheriff. *See Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978).

Plaintiffs' First Amended Complaint, however, fails to allege any official policy or custom that Defendant Wegener violated that could give rise to an official capacity § 1983 liability. Therefore, Defendant Wegener is entitled to judgment on the pleadings regarding any official capacity claim.

## II. STANDARD GOVERNING A MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED.R.CIV.P. 12(C)

After the pleadings are closed, a party may move for judgment on the pleadings. *See* Fed.R.Civ.P. 12(c). A Court reviewing a motion for judgment on the pleadings, uses the same standard that applies to a Rule 12(b)(6) motion. *See Colony Ins. Co. v. Burk,* 698 F.3d 1222, 1228 (10th Cir. 2012). The Court is familiar with the standard governing motions to dismiss set out by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ascroft v. Iqbal,* 556 U.S. 662 (2009).

The *Twombly* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

In *Twombly*, the United States Supreme Court observed that "a District Court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id.* The Court also noted that, while a complaint attacked by a motion to dismiss does not need to contain detailed factual allegations, it is plaintiff's obligation to provide the grounds of his entitlement to relief and this requires more than labels and

conclusions. *Id.* Formulaic recitation of the elements of a cause of action will not do. *Id.* Factual allegations must be enough to raise a right to relief above the speculative level. *Id.*

### III. PLAINTIFFS' FIRST AMENDED COMPLAINT FAILS TO STATE AN "OFFICIAL CAPACITY" CLAIM UNDER § 1983

A claim against a person in their "official capacity" is the same as a claim against the government itself. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). *Becker v. Bateman,* 709 F.3d 101, 1021 n.1 (10th Cir. 2013). To establish a claim for damages under § 1983 against a municipal entity or local government, the plaintiff must prove: (1) the existence of a policy or custom; and (2) the policy or custom caused the plaintiff to suffer a deprivation or constitutional or other federal rights. *Whitesel v. Sengenberger,* 222 F.3d 861, 869-70 (10th Cir. 2000). Dismissal is appropriate where a plaintiff does not identify evidence that alleged conduct reflected the municipality's official policy or custom. *See Darr v. Town of Telluride,* 495 F.3d 1243, 1257 (10th Cir. 2007). A plaintiff "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10$_{th}$ Cir.1998) (quoting *Board of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)).

In an official capacity case against a Sheriff, a plaintiff needs to identify an existing policy, proclamation, or edict attributable to the Sheriff that caused the plaintiff harm. *See Callins v. Board of County of Commissioners,* 930 F.2d 32 (10th Cir. 1991) (Table Decision not selected for official publication) (citing *City of St. Louis v. Praprotnik,* 485 U.S. 112, 125 r. L (1988); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-80 (1989)). *See also City of Oklahoma*

3

*City v. Tuttle,* 471 U.S. 808, 823 (1985). In a Fourth Amendment case, a plaintiff needs to show that a municipality has a policy or custom of permitting its officials to execute illegal warrants. *See Jenkins v. Wood,* 81 F.3d 988, 994 (10th Cir. 1996).

Plaintiffs' First Amended Complaint is devoid of allegations of official policy, custom, or practice of the Sheriff that was allegedly violated. *See generally*, Plaintiffs' First Amended Complaint. Indeed, Plaintiffs' First Amended Complaint does not even rise to the classic "formulaic recitation of the elements" referred to in both *Twombly* and *Iqbal.* Nor, has discovery revealed that any such policy, custom, or practice exists, much less that it was the cause of or moving force behind any damage to Plaintiffs. Accordingly, Defendant is entitled to judgment on the pleadings regarding the official capacity claims.[1]

## IV. CONCLUSION

In sum, in order to state an official capacity claim, Plaintiffs must identify with requisite specificity, the alleged municipal policy, custom, or practice that resulted in a constitutional violation. Plaintiffs' Amended Complaint is devoid of any such allegations. Moreover, discovery has not revealed any municipal policy, custom, or practice that resulted in the constitutional harm to Plaintiffs. Therefore, this Motion for Judgment on the Pleadings should be granted and all official capacity claims against these Defendants should be dismissed with prejudice.

---

[1] ¶ 30 of Plaintiffs' First Amended Complaint is the only paragraph that comes close to addressing this issue. This allegation relates to publishing/dismissing information contained in investigative files. If Plaintiffs raise this issue in Response, Defendants will address why this does not rise to the level of a constitution violation. Moreover, if Plaintiffs attempt to use matters outside the pleadings in response, Defendants will address such matters in a Reply. However, as is indicated above, there is no evidence in the record of any policy, custom, or practice. Regardless of whether Rule 12 or Rule 56 standards are applied to this issue, these Defendants are entitled to judgment as a matter of law.

Respectfully submitted this 15th day of December, 2014.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

## CERTIFICATE OF SERVICE

       I hereby certify that on this 15th day of December, 2014, I caused a true and correct copy of the foregoing **MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED.R.CIV.P. 12(C) REGARDING PLAINTIFFS' OFFICIAL CAPACITY CLAIMS** to be filed via the ECF system, with notice of same being electronically served to the following:

| | |
|---|---|
| Brice A. Tondre, Esq. | John M. Lebsack, Esq. |
| Brice A. Tondre, P.C. | White and Steele, P.C. |
| 215 S. Wadsworth Blvd., Ste. 500 | 600 17th Street, Ste. 600N |
| Lakewood, CO 80226-1566 | Denver, CO 80202 |
| *Attorney for Plaintiffs* | *Attorney for Defendant Ashleigh Olds* |

       *(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

       */s/ Kala Cyganiewicz*