**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.      13-cv-02469-RPM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

---

**MOTION FOR SUMMARY JUDGMENT REGARDING PLAINTIFFS' THIRD CLAIM FOR RELIEF**

---

Defendants Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener, by and through their attorney, Timothy P. Schimberg of Fowler, Schimberg & Flanagan, P.C., hereby submit their Motion for Summary Judgment Regarding Plaintiffs' Third Claim for Relief and in support thereof state as follows:

**I.      INTRODUCTION**

Plaintiffs' third claim for relief is for breach of a February 19, 2012 "Agreement" between Plaintiffs and the Park County Sheriff's Office. *See* Plaintiff's First Amended Complaint at ¶¶ 47-53. These Defendants are entitled to summary judgment because that "agreement" does not constitute a valid contract because it is not supported by consideration. The Park County Sheriff's "obligations" thereunder were purely gratuitous. Plaintiffs cannot

meet their burden to show that there was an enforceable contract between the parties, therefore, these Defendants are entitled to summary judgment regarding that claim.

## II.     SUMMARY JUDGMENT STANDARDS

This Court is familiar with the standard governing a motion for summary judgment.

## III.    UNDISPUTED FACTS

1.     A copy of the "Agreement" is attached hereto as Exhibit A. The text of the Agreement provides as follows:

> This is an agreement between Ronald Swift, Kirsten Le Beau and the Park County Sheriff's Office regarding six horses that are involved in a current case.
>
> These six horses have not been confiscated, seized, or surrendered.  These six horses have been moved from Echo Valley Ranch and placed in Protective Custody only.  Ronald Swift will be responsible for all cost of care for these horses including feed, and veterinarian care and Park County is not liable for any costs related to the care of these horses while they are in Protective Custody.
>
> The six horses removed from Echo Valley Ranch are described as:
>
> 1- "Midnight" Breeding Stock Paint Mare- 13/14 Years old.
> 2- "Lena" Sorrel Paint Mare
> 3- "Echo" Grullo Grade Gelding
> 4- "River" Bay Grade Gelding
> 5- "Chance" Sorret Grade Gelding- SICK
> 6- "Fiona" Palomino Grade Filly
>
> *If test results from Necropsy on Drum Mare indicate starvation was a factor in mares death charges may be filed against horse owners and at risk horses may be impounded at a later date if no other contributing factors are present other than neglect.*

2.     It was signed by Animal Control Officer Cindy Hardey on February 19, 2012.  *Id.* at ¶ 3. It was signed by the Plaintiffs on that same date.

2

## IV.     ARGUMENT

It is basic hornbook law that "the formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and consideration." *See Pierce v. St. Vrain Valley School District RE-1J,* 981 F.2d 600, 603 (Colo. 1999) (citing Restatement (2d) of Contracts § 17(1) (1981). Consideration is defined as "something of value (such as an act, a forebearance, or a return promise) received by a promisor from a promisee." *See Black's Law Dictionary* at 127 (1996 Pocket Ed.). Where there is a lack of consideration, no valid contract is formed. *See* 17 C.J.S. Contracts § 104. *Id.* A mere promise, without more, is unenforceable due to lack of consideration. *Id.* A promise to perform or forebear from performing must be supported by consideration; if the promise is entirely optional with the promisor the contract lacks consideration and in unenforceable. *Id.*

In this case, the Sheriff was not bound to act, forebear taking any action, or return a promise to Plaintiffs in exchange for the Agreement. *See* 3 Williston on Contracts, § 7:11 (4th Ed.). Therefore, the Sheriff's Department cannot be held liable for breach of this Agreement.

## V.     CONCLUSION

In sum, for all of the foregoing reasons, the February 19, 2012 "Agreement" is not a contract. The Agreement is not supported by consideration because it does not require a return promise from the Sheriff, require the Sheriff to act, or require a forbearance from the Sheriff. As such, the Court should dismiss Plaintiffs' third claim for relief because it is not actionable.

Respectfully submitted this 15th day of December, 2014.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

4

## CERTIFICATE OF SERVICE

      I hereby certify that on this 15th day of December, 2014, I caused a true and correct copy of the foregoing **MOTION FOR SUMMARY JUDGMENT REGARDING PLAINTIFFS' THIRD CLAIM FOR RELIEF** to be filed via the ECF system, with notice of same being electronically served to the following:

| | |
|---|---|
| Brice A. Tondre, Esq. | John M. Lebsack, Esq. |
| Brice A. Tondre, P.C. | White and Steele, P.C. |
| 215 S. Wadsworth Blvd., Ste. 500 | 600 17th Street, Ste. 600N |
| Lakewood, CO 80226-1566 | Denver, CO 80202 |
| *Attorney for Plaintiffs* | *Attorney for Defendant Ashleigh Olds* |

      *(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Kala Cyganiewicz*

5