**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.     13-cv-02469-RPM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

---

**DEFENDANTS WEGENER, GORE, PRIESTLY AND HARDEY'S MOTION FOR
SUMMARY JUDGMENT RE: INDIVIDUAL CAPACITY CLAIMS**

---

Defendants, Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener, by and through their attorney, Timothy P. Schimberg of Fowler, Schimberg & Flanagan, P.C., file their Motion to Dismiss Re: Individual Capacity Claims, as follows:

### I.     INTRODUCTION

The issue presented by this Motion is whether these Defendants are entitled to judgment as a matter of law because they did not personally participate in the alleged deprivation of Plaintiffs' constitutional rights.  The Plaintiffs in this case claim that they are entitled to millions of dollars in damages because six of their emaciated horses were held for seven weeks and because they chose to defend a misdemeanor animal cruelty trial regarding the maltreatment of their horses. Following the misdemeanor trial, which consisted in large part of a battle of the "experts,"

Plaintiffs were found not guilty.  Plaintiffs mistake the verdict as one of innocence.  In this case, Plaintiffs seek a pound of flesh against law enforcement officers at the Park County Sheriff's Department because that agency was involved in the investigation of the animal cruelty case in which the Plaintiffs were defendants.  The undisputed material facts demonstrate that these Defendants did not have the requisite degree of personal participation to give rise to Section 1983 liability.  These Defendants are entitled to judgment as a matter of law.

## II.   SUMMARY OF PLAINTIFF'S CLAIMS

Plaintiffs assert two individual capacity claims against these Defendants.  First, Plaintiffs claim that the seizure of their horses violated the Fourth Amendment.  *See* First Amended Complaint at First Claim for Relief, ¶¶ 33-38.  This claim is based upon Plaintiffs allegations that there were material omissions from the affidavit is support of the warrant, which was executed by Animal Control Officer Hardey.  *Id*.  Hardey denies these claims, but is not moving for summary judgment regarding this claim.[1]  Defendants Wegener, Gore, and Priestly are entitled to summary judgment regarding the Fourth Amendment claim because they did not participate in the execution of the affidavit that supported the application for a search warrant.

Second, Plaintiffs claim that Defendants maliciously prosecuted them in violation of § 1983 for animal cruelty.  *See* First Amended Complaint at Second Claim for Relief, ¶¶ 40-46.  These Defendants did not personally participate in the decision to prosecute.  Instead, this was the District Attorney's decision.  Therefore, these Defendants are entitled to judgment as a matter of law regarding the malicious prosecution claim.

---

[1] If Plaintiffs prevail, the damages recoverable against Hardey regarding this claim are less than $5,000 for the reasons set for the in the contemporaneously filed Motion for Partial Summary Judgment Regarding Damages.

### III.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On February 23, 2012, a warrant issued for the seizure of six of Plaintiffs' horses. *See* Exhibit A, Warrant and Affidavit.

2. The warrant was supported by an affidavit from Animal Control Officer Cindy Hardey. *Id.*

#### A.   Undersheriff Gore Did Not Participate In Drafting the Affidavit

3. Undersheriff Gore has been the Undersheriff of Park County since 2005. *See* Exhibit B, Gore's Deposition at 7.

4. Undersheriff Gore was not involved in the decision to file animal cruelty charges against Mr. Hatlee or Mr. Swift. *Id.*

5. Undersheriff Gore was not involved in the drafting of the Affidavit that Cindy Hardey executed in order to obtain a search and seizure warrant. *Id.* at 8.

6. Undersheriff Gore is not Cindy Hardey's immediate supervisor. *See id.* at 23.

7. Undersheriff Gore is not responsible for disciplining Cindy Hardey. *Id.*

#### B.   Sheriff Wegener Did Not Personally Participate

8. Sheriff Wegener is the duly elected Sheriff of Park County and has been for 16 years. *See* Exhibit C, Deposition of Wegener at 4.

9. Sheriff Wegener's role regarding the investigation of Plaintiffs was minimal and involved communicating with Sheriff Wiggins from Routt County and directing Sergeant Bobbi Jo Priestly to look into claims of animal cruelty regarding Plaintiffs. *See id.* at 8.

10. The Sheriff was not involved in the decision to seize the horses. *See id.* at 13.

#### C.   Sergeant Priestly Did Not Personally Participate

11. Sgt. Priestly has worked as Animal Control Officer at the Park County Sheriff's Department for 12 years and is currently the senior Animal Control Officer. *See* Exhibit D, Deposition of Priestly at 4.

12. Priestly did not review Hardey's affidavits in support of the search and seizure. *Id.* at 22.[2]

13. Priestly testified that Hardey made the decision to seize the horses. *Id* at 89.

**D. The County Court Finds That There Was Probable Cause to Believe Plaintiffs Committed a Crime, But That There Was No Probable Cause to Believe That the Horses Were In Imminent Danger**

14. On April 10, 2012, at an "animal bond hearing" a County Court judge found that there was no probable cause to detain the horses because the horses were not imminent danger, but there was probable cause to believe the horses suffered from animal cruelty. *See* Exhibit E, Animal Bond Hearing at p. 65 lines 22 to page 66 line 4.

15. At that same hearing, the County Court judge suggested that there may have been material omissions from Officer Hardy's affidavit regarding whether the horses were in danger, but made clear that there was nevertheless probable cause to believe Plaintiffs' committed animal cruelty. *Id*.

16. At a later hearing on December 3, 2012, the County Court judge found that the affidavit contained material omissions regarding whether the horses were in imminent danger and therefore suppressed evidence obtained that were the fruits of that seizure. *See* Exhibit F, December 3, 2012 Hearing Transcript at 173 lines 23 – p. 174 line 7.

---

[2] At a hearing on December 3, 2012, discussed below, Hardey testified that Priestly reviewed the affidavit. In deposition, Hardey testified that her earlier testimony was erroneous and Priestly did not review the affidavit. These Defendants submit that the clarification stands unrefuted.

4

17. Again, however, at the December 3, 2012, the County Court Judge stated that there was still probable cause to believe Plaintiffs committed animal cruelty. *Id.*

18. Plaintiffs' horses were returned to them on April 11, 2012.

19. Undisputed Facts Nos. 10-21 from the Motion for Partial Summary Judgment Regarding Damages are specifically incorporated herein.

### IV.    SUMMARY JUDGMENT STANDARD

This Court is familiar with the standard of review governing a motion for summary judgment.

### V.    THESE DEFENDANTS DID NOT PERSONALLY PARTICIPATE IN THE ALLEGED CONSTITUTIONAL VIOLATIONS

To the extent that the Plaintiffs are attempting to assert a claim against Defendants Wegener, Gore and Priestly based upon supervisory authority, the Supreme Court has found no merit in a theory that mere knowledge and acquiescence constitute supervisory liability. In *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009), the court rejected the argument that a supervisor's *mere knowledge* of his subordinate's discriminatory purpose amounts to a violation of the Constitution. Knowledge and acquiescence does not amount to the supervisor's own alleged misconduct. Thus, an individual's action and the requisite culpable state of mind must both be plausibly shown through the factual allegations in a complaint to avoid dismissal. *Id.* at 676-77. Defendants Wegener, Gore and Priestly submit that the First Amended Complaint suffers from the very defects that *Iqbal* precludes from going forward. *Iqbal* requires a heightened personal involvement threshold before supervisory liability can arise. *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) acknowledges that individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation in such a context. There is no such

available evidence to the Plaintiffs in this case.  Defendants Wegener, Gore and Priestly did not personally participate in the drafting or submission of the affidavit in support of the search/seizure warrant.  Similarly, a component of personal participation is also a component of qualified immunity as it relates to whether or not a clearly established right exists or has been violated. *Pahls v. Thomas*, 718 F.3d 1210, 1227 (10th Cir. 2013).  There is both a lack of specificity in the First Amended Complaint and a lack of record evidence to support a constitution claim against Defendants Wegener, Gore and Priestly.

Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.  *Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997).  In order for liability to arise under § 1983, a defendant's direct personal responsibility for the deprivation must be established.  *See Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006).  Thus, personal participation is the essential allegation under § 1983 claim.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (citing the *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991)).  Supervisor status by itself is insufficient to support liability under § 1983.  *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362, 376 (1976)).

There is no concept of strict supervisor liability under § 1983.  *Serna v. Colorado Dept. of Corrections*, 445 F.3d 1146, 1151 (10th Cir.  2006).  To establish supervisor liability under § 1983, a plaintiff must show that the supervisor's subordinates violated the Constitution ***and*** an affirmative link exists between the constitutional deprivation and the supervisor's personal participation, his exercise of control or direction, or failure to supervise.  *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).  To establish a § 1983 violation by a supervisor the plaintiff must, at a minimum, establish a deliberate and intentional act on the part of the defendant to violate

plaintiff's legal rights.  *See Kemp v. Lawyer*, 846 F.Supp.2d 1170, 1175 (D.Colo. 2012) (citing *Dodds v. Richardson*, 614 F.3d 1185 (10th Circuit, 2010); *Myers v. Koopman*, 2011 WL 650328 (D.Colo. 2011).  In *Kemp*, Judge Babcock summarized the test as follows:

> Thus, to demonstrate that supervisor has violated the Plaintiff's constitutional right in failing to train, in order to establish individual liability under § 1983 – a plaintiff must show: 1) that an underlying *violation* of his constitutional rights; 2) that the supervisor-defendant's personal involvement *caused* the misconduct complained of; and 3) that the supervisor-defendant acted with the state of mind "or *intent*" required to establish he committed a constitutional violation; specifically, at a minimum, establish a deliberate and intentional act on the part of a defendant to violate the plaintiff's legal rights.   *Id*. (emphasis in original).

### A. These Defendants Did Not Personally Participate In the Alleged Fourth Amendment Violation

Application of the legal principles set forth immediately above to the undisputed facts is straight forward.  The undisputed facts show that Wegener, Gore, and Priestly did not personally review the affidavit that was submitted in support of the warrant.  They cannot be held liable under § 1983 for any material omissions in that warrant.  The question then becomes whether any of them can be held liable as supervisors.  Under the test enunciated by Judge Babcock in *Kemp,* they cannot.  Plaintiffs cannot prove either the second or the third elements of the *Kemp* test.  Plaintiffs cannot show that any of these Defendants' personal involvement caused the omissions from the affidavit.  Moreover, there is no evidence whatsoever of intent.  Therefore, Defendants Wegener, Gore, and Priestly cannot be held individually liable under § 1983 for the alleged material omissions from the affidavit in support of the warrant.

### B. The District Attorney Decided To Prosecute Plaintiffs

This argument is addressed in Defendants contemporaneously filed Motion for Partial Summary Judgment re: Damages, which is specifically incorporated herein by reference.  For all

of the reasons discussed in that Motion, these Defendants are entitled to judgment as a matter of law regarding that claim. Mr. LeDoux's Affidavit is attached for the court's convenience. Exhibit G.

The principal player in carrying out a prosecution is not a police officer, but the prosecutor. *See Taylor v. Meacham,* 82 F.3d 1556, 1563 n.8 (10th Cir. 1996) (quoting *Albright v. Oliver,* 510 U.S. 266, 279 n.5 (1994), Ginsburg, J. concurring)). Accordingly, an officer does not proximately cause a malicious prosecution because the independent decisions of the prosecutor in bringing the charge and the Court in issuing an indictment or warrant constitutes superseding causes that break in the chain of causation. *See Calvert v. Ediger,* 415 Fed. Appx. 80, 2011 WL 754839, *3 (citing *Taylor, supra* at 1564).

Officers are not shielded from liability if a causal connection can be established demonstrating that the prosecutor and the Court's actions were not truly independent causes. *See Pierce v. Gilchrist,* 359 F.3d 1279, 1292-93 (10th Cir. 1994). Under *Gilchrist,* officers can be liable from malicious prosecution if they conceal or misrepresent material facts to the prosecutor whose judgment is influenced by the statements. *See Calvert, supra*. (discussing *Gilchrist*). If a plaintiff can demonstrate that the prosecutor's decision to prosecute was influenced by the omissions, then the plaintiff can state a cause of action under § 1983 for malicious prosecution. *Id*. However, in this case, the Plaintiffs cannot meet this burden based on District Attorney LeDoux's Affidavit.

## VI.  CONCLUSION

In summary, the individual capacity claims against Wegener, Gore, and Priestly for the alleged Fourth Amendment violations should be dismissed because none of them personally

participated in authoring the affidavit that gives rise to these claims.  Additionally, the malicious prosecution claims against all of the Defendants should be dismissed.  These damages were caused by the prosecutor's decision to prosecute and not any of the conduct of these Defendants.  Accordingly, Wegener, Gore, and Priestly are entitled to judgment as a matter of law regarding all of the individual capacity claims.  Additionally, Hardey is entitled to summary judgment regarding the malicious prosecution claim.

Respectfully submitted this 15th day of December, 2014.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 15th day of December, 2014, I caused a true and correct copy of the foregoing **DEFENDANTS WEGENER, GORE, AND PRIESTLY'S MOTION TO DISMISS INDIVIDUAL CAPACITY CLAIMS** to be filed and served via ICCES upon following:

| | |
|---|---|
| Brice A. Tondre, Esq. | John M. Lebsack, Esq. |
| Brice A. Tondre, P.C. | White and Steele, P.C. |
| 215 S. Wadsworth Blvd., Ste. 500 | 600 17th Street, Ste. 600N |
| Lakewood, CO 80226-1566 | Denver, CO 80202 |
| briceatondrepc@msn.com | jlebsack@wsteele.com |
| *Attorney for Plaintiffs* | *Attorney for Defendant Ashleigh Olds* |

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Kala Cyganiewicz*

10