IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    13-cv-02469-RPM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

---

## DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE AND FRED WEGENER'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFFS

---

DEFENDANTS Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener, by and through their attorney, Timothy P. Schimberg of Fowler, Schimberg & Flanagan, P.C., hereby submit the following Second Set of Interrogatories and Requests for Production of Documents to the Plaintiffs, Randall Hatlee and Ronald Swift, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure.

These Interrogatories are deemed continuing. If any information sought by said Interrogatories is not learned until after the Interrogatories are answered, or if the Interrogatory answers for any reason should later become incorrect, there shall be a continuing duty on the part of the Plaintiffs to supplement or change their answers previously submitted pursuant to Rule 26(e) of the Federal Rules of Civil Procedure and applicable case law.

Pursuant to F.R.C.P. 34, Defendants also request that the Plaintiffs produce the documents described herein for inspection and copying by Defendant at the offices of Fowler, Schimberg & Flanagan, P.C., 1640 Grant Street, Suite 150, Denver, Colorado on or before the day that the Plaintiffs' responses to the following Interrogatories are due to Defendants.



EXHIBIT J

## DEFINITIONS AND INSTRUCTIONS

i. In your written response to this discovery, please set forth in full each interrogatory before its response.

ii. As used herein, the terms "**you**," "**your**," and "**yourself**" refer to Plaintiffs Ronald Swift and Randall Hatlee, counsel for Plaintiffs, all agents, servants, employees, representatives, private investigators and others who are in possession of or may have obtained information for or on behalf of the named Plaintiffs.

iii. As used herein, the term "**person**" means any individual in any capacity whatsoever, or any entity or organization, including divisions, departments, and other units thereof, and shall include, without limitation, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

iv. As used herein, the term "**communication**" means any oral or written utterance, notation, or statement of any nature whatsoever, by or to whomever, including, without limitation, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

v. "**Identify**", when used with regard to a person, means to state the person's full name, last-known address and telephone number, and relationship to you, and, if the person is not a natural person, to state in addition the person's organizational nature, (i.e., corporation or partnership), and to state the name of the officer, agent, or employee acting on behalf of the non-natural person.

vi. "**Identify**", when used with regard to a communication, means to state the date and substance of the communication and to **identify** the person or persons making the communication and the persons present when the communication was made.

vii. "**Document**" includes but is not limited to, written, typed or mechanically recorded memoranda, notes, letters, correspondence, conversations, documents, photographs, videotapes, contracts, articles, interviews, communications, forms, grievances, complaints, charges, diaries, calendars, records, statements, reports, compilations, audiotapes and all other materials, as well as anything attached, clipped or connected thereto. "**Documents**" include electronic media such as e-mails, disks, hard drive memory and other computer media whether or not a "hard copy" of the "**document**" exists at the moment of your receipt of this Request.

x.    "**Health Care Provider**", includes any **person** or entity referred to as a "Health Care Professional" or "Health Care Institution" in C.R.S. § 13-64-202(3) and (4).

x.    **Address**", means the street address, including the city, state, and zip code.

xi.    "**Incident**" includes the circumstances and events surrounding the criminal prosecution against the Plaintiffs for animal cruelty – Park County Case No. 12M43 and 12M44.

xii.    "**Horses**" means the three horses owned by Randall Hatlee, referred to as: Echo, Chance, and River, the three horses owned by Ronald Swift, referred to as: Lena, Midnight, and Fiona, and the horse formerly owned by Cynthia Hatlee referred to as "Bear", "Little Big Man" or "Spencer."

xiii.    "**Property**" means the land and buildings referred to as "Echo Valley Ranch" and located in Bailey, Colorado.

viii.    If Plaintiffs consider any of these requested documents to be privileged from production, please provide a written list of all requested documents withheld from production identifying the each document, the legal basis on which the document is considered by Plaintiff to be privileged from discovery, a general description of the document, the name, title and address of the author or preparer of the document, the name, title and address of the intended recipient, and the name, title and address of each and every person who received a copy of the document.

## INTERROGATORIES

Interrogatory No. 1:

In response to Interrogatory No. 3 in Defendants' first set of written discovery, you stated that you had received a complaint, citation, warning, or notice from any animal control or law enforcement office with respect to any horse or other animal owned by you or in your custody or control. Please describe:

      (a) The date of each complaint, citation, warning, or notice;

      (b) The subject of each complaint, citation, warning or notice;

      (c) The name, address and telephone number of the animal control or law enforcement officer who issued the complaint, citation, warning or notice;

      (d) The horse or other animal owned by your or in your custody or control who was the subject of the complaint, citation, warning or notice;

(e) The outcome of the complaint, citation, warning or notice – i.e. was the complaint dismissed? Were charges filed? Was any animal seized or relinquished as a result of the complaint? Was any plea agreement reached?

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please produce any and all documents used to answer the interrogatories herein or that support the answer provided.

2. Please produce copies of your personal state and federal income tax returns, state and federal income records, copies of W-2 forms (with attachments), and quarterly estimated tax payment filings for tax periods from 2005 to the present.

3. Please produce copies of state and federal income tax returns of Bailey Depot Feed for tax periods from 2005 to the present.

4. Please produce copies of any documents indicating the financial income generated and/or loss experienced by Bailey Depot Feed from 2005 to the present.

5. Please provide a copy of any and all executed boarding contracts or other documents relating to any individual using Echo Valley Ranch for purposes of boarding their horse(s).

6. Please provide a copy of the lease agreement by and between Mr. Swift and the owners of the Echo Valley Ranch.

7. All documents, including but not limited to emails, showing communication with all veterinarians.

8. All documents, including but not limited to emails, showing communication with Dr. Jena Questen.

9. Provide a copy of any communication with any veterinarian concerning the six removed horses as well as "Maggie" and "Little Bear" (a/k/a "Spencer") from October, 2011 through the present.

10. Provide any and all videos and photos capturing the six removed horses as well as "Maggie" and "Little Bear" (a/k/a "Spencer").

11. Provide copies and/or transcriptions of any and all tape recordings made of any conversation or verbal statements made by anyone concerning the six removed horses, the criminal trial, any "threats" made, and the "fundraiser."

4

Respectfully submitted this 24th day of July, 2014.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

---

Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEYS FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2014, I caused a true and correct copy of the foregoing **DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE AND FRED WEGENER'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFFS** to be electronically served to the following:

| | |
|---|---|
| Brice A. Tondre, Esq. | John M. Lebsack, Esq. |
| Brice A. Tondre, P.C. | White and Steele, P.C. |
| 215 S. Wadsworth Blvd., Ste. 500 | 600 17th Street, Ste. 600N |
| Lakewood, CO 80226-1566 | Denver, CO 80202 |
| ***Attorney for Plaintiffs*** | ***Attorney for Defendant Ashleigh Olds*** |

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

/s/ Kala Cyganiewicz
_____