IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.     13-cv-02469-RPM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DAMAGES**

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 1. The horses were seized pursuant to a warrant on February 23, 2012.  *See* First Amended Complaint at ¶ 26. | | |
| 2. The horses were seized based on a finding of probable cause that Plaintiffs were neglecting the horses. *See* Exhibit A, Warrant and Affidavit for a search warrant. | | |
| 3. The horses were returned to Plaintiffs on April 11, 2012, following an "animal bond hearing" on April 10, 2012.  *See* Exhibit B, | | |

| **Moving Party's Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response/Additional Facts and Supporting Evidence** | **Moving Party's Reply and Supporting Evidence** |
|---|---|---|
| Transcript of Animal Bond Hearing at p. 65 line 2 – p. 66 line 16. | | |
| 4.  The Court specifically held that there was probable cause to believe Plaintiffs committed animal cruelty. *Id*. At 65.  The County Court concluded that there was not probable cause to believe horses were in imminent danger and ordered the horses returned to the Plaintiffs.  At a later hearing on December 3, 2012, the Court held that there were material omissions from the affidavit in support of the warrant regarding whether the horses were in imminent danger.  *See* Exhibit C, December 3, 2012 hearing transcript at p. 173 line 23 – p. 174 lines 1-7.  Again, the Court specifically held that there was still probable cause to believe Plaintiffs committed animal cruelty.   *Id*. | | |
| 5.  Following, the "animal bond hearing" and December 3, 2012 motions hearing, the District Attorney made the decision to prosecute the animal cruelty case against Plaintiffs to verdict based on his conclusion that there was still probable cause to believe that the Plaintiffs committed misdemeanor animal cruelty, a conclusion shared by the County Court judge, and | | |

| **Moving Party's Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response/Additional Facts and Supporting Evidence** | **Moving Party's Reply and Supporting Evidence** |
|---|---|---|
| based upon his belief that he had enough evidence to convict Plaintiffs beyond a reasonable doubt.  *See* Exhibit D, Affidavit of 11th Judicial District – District Attorney Thom K. LeDoux. | | |
| 6.  Following the "animal bond hearing" the alleged omissions from the affidavit in support of the warrant were known to all parties, to include the District Attorney. *Id.; see also* Exhibit B, Transcript of Animal Bond Hearing of April, 2012 at p. 65 lines 2 to p. 66 lines 16. | | |
| 7.  Notwithstanding the alleged omissions, the District Attorney believed there was probable cause and sufficient evidence to convict beyond a reasonable doubt.  *Id*. At ¶ 9.   The County Court Judge agreed.  *See* Exhibit B, April 10, 2012 Hearing Transcript at p. 65 lines 22-24; Exhibit C, December 3, 2012 Hearing Transcript at p. 173 lines 23- p. 174 lines 1-7. | | |
| 8.  On March 1, 2013, the Plaintiffs were acquitted following a jury trial.  *See* First Amended Complaint ¶ 31. | | |
| 9.  Notwithstanding the acquittal, the District Attorney still believes there was probable cause and enough evidence to convict Plaintiffs.  *See generally* | | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| Exhibit D. The County Court judge agreed. *See* Undisputed Fact No. 8, *supra*. | | |
| 10. The District Attorney made the decision to prosecute based on his own independent professional judgment and was not influenced by these Defendants or anyone else. *Id*. At ¶ 9 and 12. | | |
| 11. The horses were returned to Plaintiffs, with the weight of each horse increasing an average of 125 pounds in 7 weeks. *See* Exhibit E, Park County Sheriff's Office Investigation File – Continuation Sheet (Park County Defendants' Disclosures 000108-109). | | |
| 12. Pictures taken before the horses were seized are attached as Exhibit F. | | |
| 13. During the period when Plaintiffs did not have their horses, there is no evidnce that Plaintiffs incurred any costs to feed and care for the horses. | | |
| 14. In Plaintiffs' Initial Disclosures, Plaintiffs claimed the following damages: $85,000 to defend the underlying criminal case; $500,000 in lost "income and value"; $2 million in non-economic damages; and $2,000,000 in exemplary damages. *See* Exhibit H, | | |

4

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| Plaintiffs' Initial Disclosures, p. 5. | | |
| 15.  Plaintiffs' Initial Disclosures did not contain a computation of Plaintiffs' economic damages consistent with Fed.R.Civ.P. 26(a)(1)(C).  *Id*. | | |
| 16.  Without explanation, when written discovery responses served, the amount of economic damages increased to over $1 Million.  *See* Exhibit I, Plaintiffs' Discovery Responses, p. 4-5. | | |
| 17.  On July 24, 2014, Park County Defendants served their second set of interrogatories and requests for production of documents to the Plaintiffs.  *See* Exhibit J.  Plaintiffs could not/did not produce any copies of state and federal income tax returns (neither have filed any during the relevant time period involved), quarterly estimated tax filings or any other document to support any claim of financial loss as to them.  Plaintiffs could not produce state and federal income tax returns for Bailey Depot Feed.  Plaintiffs could not/did not provide any documents to support claims regarding horse boarding contracts/agreements.  There were no documents either in disclosures or responses to requests for production of | | |

5

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| documents to support any claim regarding farrier work, training of horses, the brokering of hay (*see* ¶ 19 below). | | |
| 18. *Chart will not fit into this box. Please refer to Motion for Partial Summary Judgment Regarding Damages* | | |
| 19. Of the $85,000 in attorney fees sought, $4,852.94 were incurred before April 12, 2012 (figure derived by adding the March 2012 and April 2012 invoices then subtracting all entries after April 12, 2012). *See* Exhibit S, criminal defense attorney Campbell's Bills. | | |
| 20. There is no evidence in the record that Defendants' conduct was motivated by evil motive or intent or involved reckless or callous indifference to federally protected rights of others. | | |

6

Respectfully submitted this 15th day of December, 2014.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

7

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December, 2014, I caused a true and correct copy of the foregoing **SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DAMAGES** to be filed via the ECF system, with notice of same being electronically served to the following:

| | |
|---|---|
| Brice A. Tondre, Esq. | John M. Lebsack, Esq. |
| Brice A. Tondre, P.C. | White and Steele, P.C. |
| 215 S. Wadsworth Blvd., Ste. 500 | 600 17th Street, Ste. 600N |
| Lakewood, CO 80226-1566 | Denver, CO 80202 |
| *Attorney for Plaintiffs* | *Attorney for Defendant Ashleigh Olds* |

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Kala Cyganiewicz*

8