UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.13-cv-02469-RM-MJW

RANDALL J. HATLEE and
RONALD L. SWIFT

Plaintiffs,
vs.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE
FRED WEGENER and
ASHLEIGH OLDS,

Defendants.

_____

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT REGARDING PLAINTIFFS' THIRD CLAIM FOR RELIEF [#64]**
_____

## INTRODUCTION

The Sheriff's Office Defendants have filed four dispositive motions. They are Docket Nos. 63, 64, 65 and 66. This is a violation of the Court's practice standard M.3.a on page 15.

In order to reduce repetition, a comprehensive set of facts is presented in the response to the motion for summary judgment regarding damages [#66]. It involves elements of the other three motions.

Plaintiffs' third claim for relief in their first amended complaint [#22] provides in relevant part:

48. On February 19th, 2012, the Park County Sheriff's Office entered into an

1

agreement with Plaintiffs to place the six horses in protective custody. This agreement was to protect Plaintiffs and their horses during the thirty days which Plaintiffs were given by the Notice of Warning to Rectify the condition of the horses and show that their condition was not due to neglect.

49. Sheriff Wegener and/or Undersheriff Gore authorized the contract in order to satisfy Dr. Olds and Harmony HorseWorks, silence their outcry, relieve the Sheriff's Office from criticism by them and prevent a breach of the peace which was being threatened.

50. On February 23 2012 [sic] the agreement was breached by the Park County Sheriff's Office which caused the horses to be seized.

51. The seizure deprived Plaintiffs of the opportunity to rectify the condition of the horses and demonstrate that their condition which was not caused by neglect.

52. The breach resulted in Plaintiffs' horses being seized and the Plaintiffs being charged with animal cruelty, a charge of which they were found not guilty.

## UNDISPUTED FACTS

As is fully discussed in Plaintiffs' memorandum in opposition to the Park County Defendants' motion for partial summary judgment regarding damages, on February 16, 2012, a consensus decision was made to leave the horses in the custody of Messrs. Hatlee and Swift and to issue a Notice of Warning to Messrs. Hatlee and Swift. The notice provided that they "will have a month from today to gain HEALTHY weight on the 6 horses." In the notice it is provided that "Animal Control will be monitoring the health of the animals every 2 days for the next 2 weeks." Messrs. Hatlee and Swift agreed to the terms of the notice which gave Animal control the right to enter the ranch every two days without a warrant. Both Animal Control and the owners of the horses benefitted, thus forming a contract.

On February 19, 2012, the Park County Sheriff's Office entered into an agreement to place the six horses in protective custody because the Sheriff's Office was receiving threats. The protective custody agreement stated that the "…*at risk horses may be impounded at a later date*

2

*if no other contributing factors are present other than neglect.*"

This incorporated the 30 day period for the owners to show that the condition of the six horses was due to factors other than neglect by the owners. It also gave Animal Control time to make an investigation prior to making a decision whether to take any action.

This 30 day period was in keeping with the principle that criminal charges cannot be brought without probable cause and that probable cause in this case could only be determined through a competent investigation. Captain Bonnelycke, head of animal control, insisted on an evaluation by an independent veterinarian. Dr. Horton

As is discussed in Plaintiffs' opposition to the motion for partial for summary judgment regarding damages, the consensus decision sparked public outrage and outcry started by Dr. Olds. Included in this outcry were threats of violence to Messrs. Hatlee and Swift and their horses. These threats were directed to the Park County Sherriff's Office.

This is what happened after the e-mail blast went out.

On February 19, 2012, Sgt. Priestly reports:

> On February 19, 2012 I received a telephone call from Under sheriff Gore at my residence. The Under sheriff advised me that he had received several telephone calls from the Public Information Officer for State of Colorado's Department of Agricultures Office. He was very concerned for the safety of the owners of the horses and the horses themselves. The Under sheriff stated he had been on the telephone all morning and the emails and telephone calls were very concerning to him. He asked if I could make arrangements to move the horses. I advised the Under sheriff that I would see if the owners would agree to move the horses into protective custody on a temporary basis.

Sgt. Priestly delegated the task to Deputy Hardey who persuaded Messrs. Hatlee and Swift to agree to protective custody. Sgt. Priestly drafted the agreement which was signed by Hatlee, Swift and Hardey.

It is absolutely clear that there was consideration for the two contracts which merged on February 19, 2012. It was uncertain whether the horses were sick or starved. An investigation was needed. The agreements gave the Sheriff's Office the right to inspect without a warrant and was designed to discharge the Sheriff's duty to protect Plaintiffs and their horses. Plaintiffs were given 30 days to develop proof that the horses were sick not starved and that the care they were providing was appropriate. With such proof the Plaintiffs would have avoided prosecution.

Dr. Olds and her followers did not want Plaintiffs to have time to prove she was wrong, so the pressure intensified.

The seizure of the subject horses deprived them of the ability to avoid prosecution. The seizure was both a breach of contract and a deprivation of property without due process in violation of the Fourteenth Amendment.

It is respectfully submitted that the motion must be denied.

/s/ Brice A. Tondre

_____
Brice A. Tondre
215 South Wadsworth Blvd., #500
Lakewood, Colorado   80226
Telephone:  303-296-3300
Facsimile: 303-238-5310
briceatondrepc@msn.com

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served on counsel for Defendants this 3rd day of January, 2015, addressed as follows:

    Timothy P. Schimberg
    t_schimberg@fsf-law.com

    John Lebsack
    jlebsack@wsteele.com

                                          /s/ Brice A. Tondre
                                          _____