UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.13-cv-02469-RM-MJW

RANDALL J. HATLEE and
RONALD L. SWIFT

Plaintiffs,
vs.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE
FRED WEGENER and
ASHLEIGH OLDS,

Defendants.
_____

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE: INDIVIDUAL CAPACITY CLAIMS [#65]**
_____

## I. INTRODUCTION

The Sheriff's Office Defendants, Hardey, Priestly, Gore and Wegener, have filed four dispositive motions. They are Docket Nos. 63, 64, 65 and 66. This is a violation of this Court's practice standard M,3.a. on page 15.

In an effort to reduce repetition, a comprehensive set of facts will be presented in the response to the motion for summary judgment regarding damages [#66]. It involves elements of the other three motions.

## II. RELEVANT FACTS

As is fully discussed in Plaintiffs' memorandum in opposition to the Sheriff's Office Defendants' motion for partial summary judgment regarding damages and their motion regarding

1

official capacity and their motion regarding damages, all four Sheriff's Office Defendants were personally involved in the unconstitutional conduct.

Deputy Hardey procured a search warrant by use of an affidavit which omitted material information. (Ex. 15)

Sheriff Wegener, Undersheriff Gore and Sgt. Priestly were involved in discussions which led to the directive to Hardey to obtain a warrant. They had a telephone conference with Dr. Horton on the morning of February 21, 2012, which they claim to be the impetus for seeking a warrant. (Exs. 2,pp. 157-158; 15).

In truth, the reason for procuring the warrant was to quell the public outrage. The placement of the horses in protective custody was designed for the same purpose, but it failed. (Exs. 3-13). Before the warrant was applied for Gore was making arrangements with Dr.Olds to take temporary custody of the horses when they were seized. (Ex. 13). Page 14 in Exhibit 13 exemplifies the furor. It is dated February 21, 2012 and demands that Priestly, "settle this horrific situation down, or your going to continue to get jammed by the public, this isn't going away anytime soon……..if you don't know already this is all over the country and people are watching and ready to take more action." Priestly forwarded it to Gore with the note, "Importance: High"

### III. RELEVANT LEGAL STANDARD

The Defendants cite the wrong legal standard.

When the policy makers are involved in the unconstitutional conduct, the entity is liable for their conduct. When policymakers order or sanction unconstitutional conduct, the entity is liable. When policy makers ratify unconstitutional conduct, the entity is liable. *Butcher v. City of McAlester*, 956 F.2d 973, 977-978 (10th Cir. 1992); *Pembaur v. City of Cincinnati*, 475 U.S. 469,

480 (1986); *St. Louis v. Praprotinik*, 485 U.S. 112 (1988).

When the unconstitutional conduct is the result of failure to train, the entity is liable. *Canton v. Harris*, 489 U.S. 378 (1989). This is a particularly significant aspect of the case. Deputy Hardey testified that she did not know that false statements in and material omissions from an affidavit for a search warrant was a violation of the Fourth Amendment. Sheriff Wagner testified that it was Sgt. Priestly's duty to train Deputy Hardey with respect to the requirements for obtaining a search warrant. The testimony is that Sgt. Priestly did not train her.

The lack of training is not surprising since Sheriff Wegener exhibited his ignorance of the standard for issuance of a search warrant. He testified that that a search warrant is obtained if you have a *reasonable suspicion* that an individual is violating the law in order to obtain evidence that a crime may have been committed.  This is the standard for a Terry stop, but is not probable cause for issuance of a search warrant. Probable cause requires that the facts and circumstances known to the officer are sufficient to warrant a reasonable, well trained officer in believing that he suspect has or is committing a crime.

Deputy Hardey was not criticized or disciplined for her bad faith omissions from the affidavit. Sheriff Wegener testified her conduct was not bad faith but merely a mistake. If it was a mistake it was due to lack of training for which the entity is liable.

Sheriff Wegener's duties are to run the jail, keep the peace and supervise Undersheriff Gore. When the Sheriff's Office became inundated with the e-mail blast and telephone calls from individuals who were protesting the failure to seize the horses, some of whom were threatening to take matters into their own hands, Sheriff Wegener delegated the task of appeasing the protesters to Undersheriff Gore.

Gore's involvement led to the protective custody agreement. Sheriff Wegener knew of and approved this agreement as a means to discharge his duty to protect Hatlee and Swift and their horses from injury at the hands of the protestors.

Shortly after a telephone conference between Wegener, Gore and Hardey and Dr. Burton, Hardey applied for and received a search warrant pursuant to which the horses were seized.

The protesters were gleeful. Hatlee and Swift were devastated.

The seizure was a breach of the protective custody agreement which was a valuable property interest of Hatlee and Swift. Its breach without due process was a violation of the Fourteenth Amendment. The agreement was not disclosed to the judge who authorized the warrant. Its breach deprived Hatlee and Swift of the bargained for time to prove that the condition of the horses was not due to neglect.

Paragraph 25 of the amended complaint [#22] alleges that the entire chain of policy makers were involved in the unconstitutional conduct. The evidence obtained through discovery has shown that Hardey was not properly trained in search warrant practices and that the policy makers ratified her conduct.

Since all four had a hand in the deprivation they are all individually liable.

All of the issues discussed in this motion were also presented in the motion regarding damages and are addressed in the response thereto. It is clear that all four and Dr. Olds acted in concert to deprive Plaintiffs of their constitutional rights.

Therefore, the motion must be denied.

/s/ Brice A. Tondre

_____
Brice A. Tondre
215 South Wadsworth Blvd., #500
Lakewood, Colorado   80226
Telephone:  303-296-3300
Facsimile: 303-238-5310
briceatondrepc@msn.com

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel for Defendants this 3rd day of January, 2015, addressed as follows:

Timothy P. Schimberg
t_schimberg@fsf-law.com

John Lebsack
jlebsack@wsteele.com

/s/ Brice A. Tondre

_____