# EXHIBIT 39

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    13-cv-02469-RPM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: DEFENDANTS WEGENER, GORE, PRIESTLY AND HARDEY'S MOTION FOR SUMMARY JUDGMENT RE: INDIVIDUAL CAPACITY CLAIMS**

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 1. On February 23, 2012, a warrant issued for the seizure of six of Plaintiffs' horses. *See* Exhibit A, Warrant and Affidavit. | | |
| 2. The warrant was supported by an affidavit from Animal Control Officer Cindy Hardey. *Id.* | | |
| 3. Undersheriff Gore has been the Undersheriff of Park County since 2005. *See* Exhibit B, Gore's Deposition at 7. | | |
| 4. Undersheriff Gore was not | Denied. See Plaintiffs' | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| involved in the decision to file animal cruelty charges against Mr. Hatlee or Mr. Swift. *Id.* | Exhibit 13. It indicates that in response to an e-mail from Shelley Ferraro to Sgt. Priestly which was forwarded to Undersheriff Gore with noted Hi Importance that he contacted Dr. Olds to arrange for temporary housing of the horses at her clinic while arranging for more permanent arrangements and short notice transfer of the horses. This is clearly preparatory to immediate seizure. | |
| 5. Undersheriff Gore was not involved in the drafting of the Affidavit that Cindy Hardey executed in order to obtain a search and seizure warrant. *Id.* at 8. | | |
| 6. Undersheriff Gore is not Cindy Hardey's immediate supervisor. *See id.* at 23. | | |
| 7. Undersheriff Gore is not responsible for disciplining Cindy Hardey. *Id.* | | |
| 8. Sheriff Wegener is the duly elected Sheriff of Park County and has been for 16 years. *See* Exhibit C, Deposition of Wegener at 4. | | |
| 9. Sheriff Wegener's role regarding the investigation of Plaintiffs was minimal and involved communicating with Sheriff Wiggins from Routt County and directing Sergeant Bobbi Jo Priestly to look into claims of animal cruelty regarding Plaintiffs. *See id.* at 8. | | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 10. The Sheriff was not involved in the decision to seize the horses. *See id.* at 13. | Denied. See Exhibit 10 which reports that Wegener, Gore and Priestly had a telephone conference with Dr. Horton on February 21, 2012. Following this conference Gore contacted Dr. Olds regarding moving the horses to her clinic. See Exhibit 13. The clear inference is that seizure was discussed during the meeting of the three on February 21. | |
| 11. Sgt. Priestly has worked as Animal Control Officer at the Park County Sheriff's Department for 12 years and is currently the senior Animal Control Officer. *See* Exhibit D, Deposition of Priestly at 4. | | |
| 12. Priestly did not review Hardey's affidavits in support of the search and seizure. *Id.* at 22. | This is disputed. Dur | |
| 13. Priestly testified that Hardey made the decision to seize the horses. *Id* at 89. | | |
| 14. On April 10, 2012, at an "animal bond hearing" a County Court judge found that there was no probable cause to detain the horses because the horses were not imminent danger, but there was probable cause to believe the horses suffered from animal cruelty. *See* Exhibit E, Animal Bond Hearing at p. 65 lines 22 to page 66 line 4. | | |
| 15. At that same hearing, the County Court judge | | |

3

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| suggested that there may have been material omissions from Officer Hardy's affidavit regarding whether the horses were in danger, but made clear that there was nevertheless probable cause to believe Plaintiffs' committed animal cruelty. *Id.* | | |
| 16. At a later hearing on December 3, 2012, the County Court judge found that the affidavit contained material omissions regarding whether the horses were in imminent danger and therefore suppressed evidence obtained that were the fruits of that seizure. *See* Exhibit F, December 3, 2012 Hearing Transcript at 173 lines 23 -- p. 174 line 7. | | |
| 17. Again, however, at the December 3, 2012, the County Court Judge stated that there was still probable cause to believe Plaintiffs committed animal cruelty. *Id.* | | |
| 18. Plaintiffs' horses were returned to them on April 11, 2012. | | |
| 19. Undisputed Facts Nos. 10-21 from the Motion for Partial Summary Judgment Regarding Damages are specifically incorporated herein. | | |

4

Respectfully submitted this 15th day of January, 2015.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2015, I caused a true and correct copy of the foregoing **SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: DEFENDANTS WEGENER, GORE, PRIESTLY AND HARDEY'S MOTION FOR SUMMARY JUDGMENT RE: INDIVIDUAL CAPACITY CLAIMS** to be filed via the ECF system, with notice of same being electronically served to the following:

| | |
|---|---|
| Brice A. Tondre, Esq. | John M. Lebsack, Esq. |
| Brice A. Tondre, P.C. | White and Steele, P.C. |
| 215 S. Wadsworth Blvd., Ste. 500 | 600 17th Street, Ste. 600N |
| Lakewood, CO 80226-1566 | Denver, CO 80202 |
| *Attorney for Plaintiffs* | *Attorney for Defendant Ashleigh Olds* |

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

/s/ Kala Cyganiewicz
_____