| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 68. Dr. Olds played no role in the decision to move the horses on February 19, 2012.<br><br>**Ex A**, at 96:14-21; 100:13-20<br><br>**Ex B**, at 43:10-45:22<br><br>**Ex G**, at 299:16-300:12 | Denied. It was her unsupported diagnosis off starvation which provoked the e-mail blitz and the public outcry. | |
| 69. Officer Hardey of the Park County Sheriff's Office continued her investigation even after the horses were moved on February 19, 2012.<br><br>**Ex I**, at p. 74-75 | | |
| 70. On February 22, 2012, Officer Hardey spoke by telephone to Plaintiffs' veterinarian, Dr. Horton of Timberline Equine Veterinarian Services.<br><br>**Ex B**, at p. 106:21-107:5<br><br>**Ex I**, at p. 74, 94-96 | | |
| 71. Dr. Horton and Dr. Burton of Timberline Equine Veterinarian Services had provided veterinarian services to Hatlee and Swift at various points in time.<br><br>**Ex O**, at 36:2-39:25; 74:22-75:19; 192:2-10; 194:4-6<br><br>**Ex T**, deposition of Dr. Burton, at 12:14-13:3; 111:20-24 | | |
| 72. After Maggie was found down in the pasture, Timberline came to Echo Valley Ranch to provide veterinary services on two occasions before Maggie's death on February 17, 2012. Those were on Febuary 11 and 13, 2012.<br><br>**Ex O**, at 248:22-249:19; 276:20-277:3 | | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 73. The last time Timberline had previously seen or treated any of The Six Horses was:<br>Fiona – Never<br>Lena – Never<br>Echo – August 2010<br>Midnight – September 2010<br>River – October 2010<br>Chance – October 2010.<br>**Ex O**, at 36:2-39:25<br>**Ex T**, at 112:6-22 | | |
| 74. Timberline had no veterinarian-client-patient relationship with The Six Horses as of February 16, 2012.<br>**Ex O**, at 77:21-79:2 | Denied, there had been telephone contact. Prior to the seizure, Drs. Burtonn had instituted a diagnostic plan which was thwarted by the seizure. Exhibit 17. The six horses were under their care at the time of seizure. | |
| 75. Dr. Horton physically examined The Six Horses on February 20, 2012, after they were moved from Echo Valley Ranch.<br>**Ex O**, at 40:15-44:6;  101:20-102:7; 149:7-151:23 | | |
| 76. On February 20, 2012, Dr. Horton found The Six Horses to be extremely thin.<br>**Ex O**, at 40:15-44:6;  101:20-102:7; 149:7-151:23 | | |
| 77. During her February 20, 2012 examination, Dr. Horton found The Six Horses to be grossly anemic. Lab tests later confirmed this.<br>**Ex O**, at 102:9-104:15;  106:4–107:6 | Dr. Olds did not follow the protocol of her clinic regarding analysis of anemia in horses. Exhibit 12. | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 78. On February 22, 2012, Officer Hardey called Dr. Horton as part of her ongoing investigation. The call was recorded and later transcribed.<br>**Ex B**, at 106:21-107:4<br>**Ex I**, at p. 74, 94-96<br>**Ex O**, at 160:21-24 | | |
| 79. During the February 22, 2012 phone call, Dr. Horton told Officer Hardey that Plaintiffs should have sought assistance for The Six Horses sooner.<br>**Ex B**, at 106:21-107:14<br>**Ex I**, at p. 74, 94-96 | | |
| 80. As shown by the transcript of the February 22, 2012 phone call, Dr. Horton told Officer Hardey that "Regardless of why the horses were thin, someone should have noticed and at least called and started the investigating earlier. . . . Those horses were let go far too long."<br>**Ex I**, at p. 95-96 | | |

17

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 81. Dr. Horton testified that "these horses would have benefitted from intensive attempts to correct their weight loss sooner, either through medical attention or extra feed or at least investigation." Dr. Horton further testified that "I believe that the horses had deteriorated past a point where assistance should have been sought." Dr. Horton further testified that "I believe these horses would have benefitted from veterinary intervention much sooner." Dr. Horton further testified that "The bottom line truth is that these horses were let go far too long." Dr. Horton further testified that "My professional opinion is that regardless of [what caused] those horses to be thin, someone should have noticed and sought assistance for them." **Ex O**, at 85:3-20; 112:21-113:11; 162:1-13 | | |
| 82. Dr. Horton opines that the six horses were too thin, which is a sign of starvation. **Ex O**, at 86:16–87:5 | | |
| 83. Dr. Horton has not ruled out starvation as a cause for the skinny condition of the horses. **Ex O**, at 109:19-23 | But, unlike Dr. Olds was following a scientific approach to diagnosis. | |
| 84. After speaking with Dr. Horton on February 22, 2012, Officer Hardey decided to charge Plaintiffs with animal cruelty and seize The Six Horses. **Ex B**, at 107:6-108:21 **Ex I**, at p. 74 ("At that point I made the decision. . .") | By February 21, 2012, Wegener, Gore, Priestly and Olds were planning for a seizure. Exhibit 13. | |

18

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 85. Officer Hardey's decision to charge Plaintiffs and seize the horses was based on all of her investigation, including the opinion provided by Dr. Horton that the horses were let go far too long.<br>**Ex B**, at 107:6-108:21; 123:19-124:4<br>**Ex C**, at 121:5-122:5<br>**Ex I**, at p. 74 | Deputy Hardey knew that Dr. Horton was working on a diagnosis and was not in a hurry to reach a conclusion on this complex case. Exhibits 5, 10 and 17. | |
| 86. Officer Hardey obtained a warrant to seize The Six Horses on February 22, 2012.<br>**Ex U**, search warrant (document authenticated at **Ex B**, at 56:11-23) | | |
| 87. On or about February 23, 2012, Officer Hardey served Mr. Swift with a summons and complaint charging him with three counts each of misdemeanor animal cruelty. On February 24, 2012, she served a similar summons and complaint on Mr. Hatlee.<br>**Ex B**, at 108:25-109:7<br>**Ex V**, Two Summonses and Complaints | | |
| 88. The charges issued by Officer Hardey on or about February 22, 2012 only concerned The Six Horses, and not Bear.<br>**Ex B**, at 108:12-110:6<br>**Ex V** | | |
| 89. Several months later, the charges were amended by the Park County District Attorney's Office to include a charge of animal cruelty for Plaintiffs' alleged cruelty to Bear prior to Routt County's February 16, 2012 seizure.<br>**Ex B**, 109:16-110:6 | | |
| 90. The Six Horses were seized by Park County on February 23, 2012<br>**Ex D**, at 21:14-17 | | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 91. Dr. Olds played no part in the drafting, reviewing or approval of the Park County Sheriff's seizure application and affidavit.<br>**Ex B**, at 66:17-67:19<br>**Ex F**, at ¶ 13 | | |
| 92. Dr. Olds played no part in the drafting, reviewing or approval of the summonses and complaints issued to the Plaintiffs.<br>**Ex F**, at ¶ 14 | | |
| 93. Dr. Olds played no role in the seizure of the horses on February 23, 2012.<br>**Ex B**, at 69:20-70:6<br>**Ex C**, at 90:13-20<br>**Ex F**, at ¶ 15<br>**Ex I**, at p. 75-76 | | |
| 94. The Six Horses were never taken to Dr. Olds' facility at any time.<br>**Ex F**, at ¶ 16 | | |
| 95. Dr. Olds played no role in the assessment or care of The Six Horses following their seizure.<br>**Ex A**, at 98:23-99:25<br>**Ex F**, at ¶ 17 | | |
| 96. Dr. Olds in good faith suspected (and continues to suspect) that Bear and The Six Horses were starved and/or neglected by Plaintiffs.<br>**Ex F**, at ¶ 18 | Denied. See Exhibits 26 and 34. | |
| 97. Other than on February 16, 2012, Mr. Hatlee has never spoken to Dr. Olds or heard anything she has said.<br>**Ex H**, at 619:15-620:1 | | |

20

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 98. After February 16, 2013, Mr. Hatlee never had any contact with anybody at Aspen Creek Veterinarian Hospital.<br>**Ex H**, at 624:24–625:2 | | |
| 99. Mr. Hatlee has no information about who contacted the press after February 16, 2012.<br>**Ex H**, at 625: 14-17 | | |
| 100. After Bear was nursed back to health, he was adopted by a third party.<br>**Ex A**, at 104:20-105:6 | The third party was Shelley Ferraro who was at the clinic when Bear arrived and relied on Dr. Olds diagnosis of starvation I making threats and advocating seizure and prosecution. | |

DATED this **15th** day of **DECEMBER**, 2014.

s:/John Lebsack
John Lebsack
Adam Goldstein
WHITE AND STEELE, P.C.
600 17th Street, Suite 600N
Denver, Colorado 80202
(303) 296-2828
Fax No.: (303) 296-3131
jlebsack@wsteele.com
agoldstein@wsteele.com

21

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of December, 2014, a true and correct copy of the foregoing was e-served via CM/ECF to the following:

Brice A. Tondre
215 South Wadsworth Blvd., #500
Lakewood, Colorado 80226
*briceatondrepc@msn.com*

Timothy P. Schimberg
Fowler Schimberg & Flanagan, P.C.
1640 Grant St., Ste. 300
Denver, CO 80203
*t_schimberg@fsf-law.com*

s/Becky Kongs
Becky Kongs
WHITE AND STEELE, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO 80202
Telephone: (303) 296-2828
Fax: (303) 296-3131
bkongs@wsteele.com

22