**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.        13-cv-02469-RM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,


v.


CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

---

**MOTION FOR CLARIFICATION REGARDING THIS COURT'S CIVIL PRACTICE**
**STANDARDS OR IN THE ALTERNATIVE MOTION FOR LEAVE**

---

Defendants, Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener, by and through their attorney, Timothy P. Schimberg of Fowler, Schimberg & Flanagan, P.C., hereby submit their Motion for Clarification Regarding This Court's Civil Practice Standards or in the Alternative Motion for Leave, and in support thereof state as follows:

1.        **D.C.COLO.LCivR 7.1(a) Certification:**  Undersigned counsel has attempted to confer with opposing counsel by an email letter which attached a copy of this Motion.  As of filing, Plaintiffs' position is not known.

2.      Undersigned counsel represents four Defendants in this case:  Cindy Hardey; Bobbi Priestly; Monte Gore; and Fred Wegener.  Claims are asserted against each of these Defendants in both their official and their individual capacity.

3.      On December 15, 2014, the following Motions were filed on behalf of these Defendants:

- Motion for Partial Summary Judgment Regarding Damages [Doc. 66];

- Motion for Summary Judgment Regarding Individual Capacity Claims [Doc. 65];

- Motion for Summary Judgment Regarding Plaintiffs' Third Claim for Relief [Doc. 64];

- Motion for Judgment on the Pleadings Pursuant to Fed.R.Civ.P. 12(c) Regarding Plaintiffs' Official Capacity Claims [Doc. 63].

4.      On January 3, 2015, Plaintiffs filed Memoranda and Supplemental Memoranda in Opposition to these Motions.  *See e.g.* Doc Nos. 68, 69, 70, 71, 72, and 77.

5.      Each of Plaintiffs' "Memorandum in Opposition" begin as follows:  "The Sheriff's Office Defendants, Hardey, Priestly, Gore and Wegener, have filed four dispositive motions.  They are Docket Nos. 63, 64, 65 and 66.  This is a violation of this Court's practice standard M,3.a. on page 15."  *See e.g.* Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment Regarding Individual Capacity Claims [#65].

6.      Section IV(M)(3)(a) of this Court's Civil Practice Standards provides as follows:  "These procedures contemplate the filing of a single Motion for Summary Judgment by a *party*.

A *party* may NOT file multiple Motions for Summary Judgment without obtaining permission from the court.  Such permission will only be given in exceptional circumstances."

7.      This Court's Practice Standards also made clear that Rule 12 and Rule 56 motions are limited to 20 pages.  *See* Practice Standards at IV(B)(1).

8.      First, Plaintiffs' argument as it relates to the Motion for Judgment on the Pleadings is misplaced because a Motion for Judgment on the Pleadings is governed by Rule 12 and not Rule 56 and as such is not within the purview of this Court's Practice Standard at Section IV(M)(3)(a).

9.      Undersigned counsel's understanding was that he was entitled to file a 20 page motion on behalf of each individual Defendant and a 20 page Motion for Summary Judgment regarding the official capacity claims as those are claims against the Office of the Sheriff as opposed to any individual.  *See* this Court's Practice Standard at Section IV(B).  Therefore, undersigned counsel's understanding was that he was entitled to file five Motions for Summary Judgment totaling 100 pages on behalf of his clients.

10.     Undersigned counsel did not do so.

11.     Instead, undersigned counsel filed a Motion for Partial Summary Judgment targeted to the issue of damages.  *See* Doc. 66.  That Motion is 16 pages long.  Undersigned counsel also filed a Motion for Summary Judgment Regarding the Individual Capacity Claims, which is 9 pages long.  *See* Doc. 65.  Finally, undersigned counsel filed a Motion for Summary Judgment Regarding Plaintiffs' Third Claim for Relief.  *See* Doc. 64.  That motion is 4 pages long.  Therefore, on behalf

of five clients, undersigned counsel filed three Rule 56 motions totaling 29 pages.  The three Rule 56 motions are targeted to discreet issues.

12.     Undersigned counsel gave careful consideration as to how to file these Motions for Summary Judgment in the most succinct and logical fashion possible.  Undersigned counsel also reviewed this Court's Practice Standards before filing the motions and believed the motions complied with the same.

13.     Undersigned counsel respectfully submits that the filing of three dispositive motions in this instance complies with both the letter and the spirit of this Court's Practice Standards.

14.     In the event that this Court disagrees, these Defendants respectfully seek leave for the Court to accept these three Rule 56 motions as filed.

Respectfully submitted this 20th day of January, 2015.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2015, I caused a true and correct copy of the foregoing **MOTION FOR CLARIFICATION REGARDING THIS COURT'S CIVIL PRACTICE STANDARDS OR IN THE ALTERNATIVE MOTION FOR LEAVE** to be filed via the ECF system, with notice of same being electronically served to the following:

Brice A. Tondre, Esq.
Brice A. Tondre, P.C.
215 S. Wadsworth Blvd., Ste. 500
Lakewood, CO 80226-1566
***Attorney for Plaintiffs***

John M. Lebsack, Esq.
Adam Goldstein, Esq.
White and Steele, P.C.
600 17th Street, Ste. 600N
Denver, CO 80202
***Attorneys for Defendant Ashleigh Olds***

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Kala Cyganiewicz*

_____

Kala Cyganiewicz