**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.     13-cv-02469-RM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

---

**REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING DAMAGES**

---

Defendants, Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener, by and through their attorney, Timothy P. Schimberg of Fowler, Schimberg & Flanagan, P.C., hereby submit their Reply in Support of Motion for Partial Summary Judgment Regarding Damages, and in support thereof state as follows:

## I.     INTRODUCTION

In the Motion, these Defendants established that they were entitled to partial summary judgment regarding Plaintiffs' claimed damages. Specifically, these Defendants showed that Plaintiffs' claimed damages are limited to $4,852.94, at best, in attorney fees incurred before April 11, 2012, when Plaintiffs' horses were returned to Plaintiffs. Thus, these Defendants met their

initial burden to demonstrate that they are entitled to partial judgment as a matter of law. *See Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000). As such, the burden shifted to Plaintiffs to demonstrate that there is a genuine issue of fact that warrants trial. *Id.* Plaintiffs' Response Brief fails to meet this burden. A brief overview of the Response and its three overarching infirmities follows.

The first issue with the Response brief is that its first 11 pages appears to be Plaintiffs' Statement of Additional Disputed or Undisputed Material Facts.[1] There is not a single citation to demonstrate where these facts come from or what the record support is for these assertions. Plaintiffs did not submit a Separate Statement of Undisputed Material Facts in Opposition pursuant to the Courts Practice Standards at Section IV(B)(2)(b)(ii). There are 36 exhibits attached to Plaintiffs' Response. With the exception of one reference to Exhibit 33, there is not a specific reference to any of those exhibits. The Court should not consider these "facts" in deciding this Motion and it is not possible for these Defendants to respond to the same due to the manner in which they are presented. Thus, the first 11 pages of the brief should be regarded as the argument of counsel, which cannot defeat a properly supported Motion for Summary Judgment. *See Pinkerton v. Colorado Dept. of Transp.*, 563 F.3d 1052, 1061 (10th Cir. 2009)(the argument of counsel is not evidence, and cannot provide a proper basis to deny summary judgment)[2].

---

[1] There is also a discussion about whether Ms. Hardey is entitled to qualified immunity at p. 8. It is not known why this issue was raised in the Response because it is not material to the instant Motion regarding damages.

[2] Plaintiffs did not complete the Response to the Separate Statement of Material Undisputed Facts. These Defendants' Reply thereto is attached hereto as **Exhibit A**. As will be discussed below, a review of this document shows there are no genuine disputes concerning any material facts.

Second, at pages 11-13, Plaintiffs address the standard for awarding damages in a § 1983 case, but apply an outdated and overruled standard and fail to cite any evidence that shows that Plaintiffs actually incurred any damages.

Finally, at pages 13-15, Plaintiffs discuss the standard for probable cause to prosecute without substantively addressing the Defendants' legal argument that the prosecutor's decision to prosecute was an intervening or superseding cause that broke the link in the chain between these Defendants' alleged unconstitutional conduct and Plaintiffs' claimed damages. Instead, Plaintiffs focus on the immaterial fact of whether the prosecutor truly had probable cause, which would support a claim against the prosecutor, but not these Defendants. Further, to the extent that Plaintiffs argue that District Attorney LeDoux did not believe he had probable cause, that is based on the hearsay Affidavit of Plaintiff Hatlee. The Court must disregard this hearsay.

In Reply, these Defendants will address three issues. First, Defendants will show that Plaintiffs' "Response to the Separate Statement of Material Undisputed Facts" demonstrates that there are no material facts in dispute. Second, Defendants will address why Plaintiffs cannot demonstrate that they are entitled to more than $4,852.94 in damages. Third, Defendants will address why Plaintiffs cannot recover for non-economic damages as a matter of law. Finally, Defendants will address why Plaintiffs cannot recover punitive damages as matter of law.

## II.   THE FACTS ARE NOT IN DISPUTE

Plaintiffs' Brief cannot be construed as creating any additional disputed or undisputed facts for the reasons discussed in the Introduction. Further, Plaintiffs did not submit a Separate Statement of Undisputed Material Facts in Opposition pursuant to the Court's Practice Standards at Section IV(B)(2)(b)(ii). Plaintiffs' Response to the Separate Statement of Material Undisputed

3

Facts shows that Defendants offered 20 separate "facts" in support of the Motion. Plaintiffs failed to respond to, or admit facts numbered 1, 3, 6, 8, 11, 12, 13, 14, and 18. Thus, Plaintiffs attempted to dispute facts numbered 2, 4, 5, 7, 9, 10, 15-17, 19, and 20. Below, these Defendants will address why Plaintiffs' attempts to dispute the remaining facts does not create a material issue of fact sufficient to preclude summary judgment.

    **A.**     **Fact No. 2: Is Not Material To This Motion**

This fact relates to the fact that a warrant was issued to seize the horses based on a finding of probable cause. Plaintiffs dispute this fact claiming the Affidavit in support of the warrant was made in bad faith because it contained material omissions. These Defendants dispute whether there were material omissions from the Affidavit in bad faith, however, that fact is not material to this Motion for Partial Summary Judgment. This Motion for Partial Summary Judgment assumes, without admitting, that the retention of seized horses was illegal. The question posed by this Motion is what damages result and are recoverable from that detention if proven by Plaintiffs. It is undisputed that the horses were returned to Plaintiffs on April 11, 2012. *See* **Exhibit A**, Plaintiffs' Response to Separate Statement of Undisputed Material Facts Regarding Motion for Partial Summary Judgment Regarding Damages. It is also undisputed that the horses were seized on February 23, 2012. *Id.* at Response to Undisputed Fact No. 1. Therefore, the question posed by this Motion is what damages Plaintiffs are entitled to from the time period from the date of seizure, February 23, 2012, to the time when the horses were returned, April 11, 2012. Thus, whether there were material omissions from the Affidavit in support of the warrant is immaterial to this Motion.

### B. Fact No. 4: Plaintiffs' Response Is Not Based On Evidence

This fact relates to the finding the County Court made regarding the issue of probable cause. Plaintiffs argue that the County Court did not address this issue. Plaintiffs cite no evidence to support their factual assertion. Moreover, Plaintiffs fail to explain how this fact was material. Further, as is discussed in these Defendants' undisputed fact no. 5, the issue of probable cause was in fact argued at the December 3, 2012 Motions Hearing. *See* Exhibit A. Further, as the cited evidence in undisputed fact no. 4 indicates, the Court specifically held that there was probable cause to believe that Plaintiffs committed animal cruelty. *Id*. Therefore, Plaintiffs have failed to dispute this fact with evidence.

### C. Facts Nos. 5, 7, 9, and 10: Plaintiffs' Responses Are Not Supported By Any Non-Hearsay Evidence

Facts nos. 5, 7, 9, and 10, all relate to the District Attorney's decision to prosecute Plaintiffs based on his independent decision that there was probable cause to prosecute Plaintiffs and obtain a conviction beyond a reasonable doubt. Plaintiffs dispute this fact on several occasions stating "the evidence indicates that the District Attorney took the case to trial for political reasons and because he was pressured to do so." *See e.g.,* Plaintiffs' Response to Defendants' Separate Statement of Material Undisputed Facts at Facts Nos. 5, 7, 9, and 10. In support of this argument, Plaintiffs cite Exhibits 19, 20 and 32.

Exhibit 19 contains emails between Undersheriff Monte Gore and Defendant Veterinarian Ashleigh Olds. Plaintiffs offer no pin point citation to anything contained within this email that Plaintiffs believe support their arguments. A close review of this email shows that there is nothing in this email that lends itself to an inference that the District Attorney prosecuted this case based upon political pressure. Nor is there anything in this email that suggests that the District Attorney

prosecuted a case that he believed was not supported by probable cause. Therefore, Exhibit 19 fails to create a material issue of fact.

Exhibit 20 contains numerous emails. Plaintiffs offer no pin point citation as to what portion, if any, of this email, Plaintiffs believe support their argument that the District Attorney did not have probable cause. Again, however, a review of this email shows that it contains no evidence that the DA prosecuted a case he believed he could not win or a case that he did not believe was supported by probable cause. Therefore, this email fails to create a material issue of fact.

Exhibit 32 is an Affidavit from Plaintiff Hatlee. In the Affidavit, Plaintiff Hatlee claims that after trial the District Attorney said something to the following effect: "This is the last time he would be pressured into trying a case he knew he could not win." *See* Response at Exhibit 32, Hatlee's Affidavit. First, the Affidavit is not relevant to the issue. The alleged statement does not equate with what Plaintiffs promote regarding probable cause and certainly does not refute Mr. LeDoux's own affirmative unequivocal Affidavit. Secondly, as is discussed in greater detail in section III(A) below, this statement is hearsay and cannot be used to defeat a Motion for Summary Judgment. *See Wright-Simmons v. City of Oklahoma City,* 155 F.3d 1264, 1268 (10th Cir. 1998)(only admissible evidence can defeat a Motion for Summary Judgment; hearsay is inadmissible at the summary judgment stage).

### D. Facts Nos. 15-17: Plaintiffs' Responses Fail To Refute The Facts Offered By Defendants With Evidence

Undisputed facts nos. 15, 16, and 17, relate to Plaintiffs' failure to disclose any basis upon which to estimate their claim for lost profits. Plaintiffs dispute fact no. 15 without citing evidence. Instead, Plaintiffs state "those were good faith estimates based upon Plaintiffs' judgment. *Malloy*

6

*v. Monahan,* 73 F.3d 1012, 1016-17 (10th Cir. 1996)." This response is the argument of counsel. Plaintiffs cite no record support regarding their argument. As is discussed further below, Plaintiffs provide no evidentiary foundation to determine whether Plaintiffs have provided a "good faith estimate" or have "simply speculated."

Plaintiffs dispute undisputed fact no. 16 on the same basis and Defendants respond in the same fashion as it did to no. 15.

With respect to fact no. 17, Plaintiffs dispute that fact stating "each Plaintiff was deposed for two days. The damages were fully explained during those depositions." Plaintiffs fail to cite any portion of Plaintiffs' depositions that supports this argument. The Court should not accept this without citation to the record. This is argument of counsel. Plaintiffs make the Defendants' point. They can point to no damages as the original Motion makes clear.

Accordingly, Plaintiffs have failed to create a material issue of fact concerning facts nos. 15, 16, and 17.

### E.   Fact No. 19: Plaintiffs' Response Fails To Refute The Fact Offered By Defendants With Evidence

This fact relates to the fact that $4,852.64 of the $85,000 in attorney fees allegedly incurred by Plaintiffs which were incurred before April 11, 20102.   Plaintiffs' Response does not address the issue of the amount of attorney's fees incurred between February, 2012 and April of 2012. Therefore, Plaintiffs' Response is non-responsive and fails to cite evidence that creates a genuine issue of fact for trial.

Plaintiffs' Response discussed agreements that they allege were breached contained in Exhibits 3 and 11. Plaintiffs argue, without citing any evidence, "Plaintiffs were denied the

7

opportunity to have diagnostic testing and analysis done which would have exonerated them thereby eliminating trial on criminal charges." Plaintiffs cite no facts in support of this assertion.

### F.    Fact No. 20:  The Portion Of The Response That Is Not Argument Is Not Material

Fact no. 20 relates to the fact that there is no evidence that Defendants' conduct was motivated by evil motive or intent or involved reckless or callous indifference to federally protected rights of others.  First, Plaintiffs argue that "prosecution for political reasons is clearly reckless and callous."  Plaintiffs cite no legal or factual support for this position and this Court should find that this assertion does not create a disputed issue of fact.  Next, Plaintiffs note "particularly egregious is the seizure of horses prior to the expiration of the 30 days which the Sheriff's Office agreed to give Plaintiffs to prove their innocence."  Again, this is argument and no facts are supported with respect to this issue.  However, this is not material to the instant Motion.  This Motion assumes, without admitting, that the detention of the horses was illegal.  This Motion argues about what damages Plaintiffs are entitled to recover for the illegal detention of horses between February 23, 2012 and April 11, 2012.  Therefore, Plaintiffs' speculative "fact" is not material to this Motion.

Next Plaintiffs argue "equally egregious is Hardey's seizure of the horses when they did not believe they were in danger." (Citing Exhibits 18 and 29).  Exhibit 18 is an excerpt of the transcript from a County Court hearing in the underlying prosecution.  Plaintiffs fail to pin point any citation to the 5 pages of the transcript cited.  The County Court did find at p. 65 that the horses, during this time period, were not in eminent danger.  However, the transcript does not support Plaintiffs' assertion that Hardey had a subjective belief that the horses were not in danger

and this was an issue litigated at the hearing.  Exhibit 18 contains no evidence that Hardey subjectively held this belief, therefore, Plaintiffs have failed to refute this undisputed fact.

Similarly, Exhibit 19 is an email.  Plaintiffs do not discuss how this email supports their argument and offer no pin point citation.  However, a close review of the emails shows that it undercuts Plaintiffs' argument because it shows that the Defendants subjectively believed that the horses were in fact in danger contrary to the county court's finding.  Therefore, Plaintiffs fail to create an issue of fact with respect to Exhibit 19.

### III.    PLAINTIFFS' DAMAGES, IF ANY, SHOULD BE LIMITED TO $4,852.94 AS A MATTER OF LAW

In Response Plaintiffs argue that they may recover presumed damages, nominal damages, actual damages, and punitive damages in this § 1983 case.  The Supreme Court has overruled the line of cases that allowed the recovery of presumed damages in a § 1983 case.  *See Memphis Community School District v. Stachura*, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986).  These Defendants agree that Plaintiffs may recover nominal, actual, and punitive damages, but only if they can meet their burden to show a genuine material issue of fact regarding the same.  *O'Connor v. City and County of Denver*, 894 F.2d 1210, 1215 (10th Cir. 1990).

Damages in a § 1983 case must be based on actual injury.  *See Makin v. Colorado Department of Corrections,* 183 F.3d 1205, 1214 (10th Cir. 1999) (citing *Carey v. Pipuhs,* 435 U.S. 247, 254 (1978).  The abstract value of a constitutional right may not form the basis for § 1983 damages.  *Id.* (quoting *Memphis Community School District v. Stachura,* 477 U.S. 299, 308 (1986)).  Thus, the deprivation of a constitutional right, standing alone, does not entitle a plaintiff to general damages.  *Lippoldt v. Cole,* 468 F.3d 1204, 1220 (10th Cir. 2006).  Plaintiffs must demonstrate actual injury to recover damages under § 1983 for violation of their constitutional

rights. *Dill v. City of Edmond,* 155 F.3d 1193, 1208-09 (10th Cir. 1998). Such an award must be proportional to the actual injury occurred. *Jolivet v. Deland,* 966 F.2d 573, 576 (10th Cir. 1992) (citing *Piver v. Pender County Board of Education,* 835 F.2d 1076, 1082 (4th Cir. 1987)). Damages can only be awarded under § 1983 for damages that are both violative of constitutional rights *and to have caused compensable injury. Id.* (quoting *Wood v. Strickland,* 420 U.S. 308, 319 (1975) (emphasis supplied in original of *Jolivet* case)).

In the Motion, these Defendants met their burden of production for summary judgment purposes by showing that Plaintiffs had no actual damages other than the $4,852.94 in attorney fees incurred before. *See Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000)(citations omitted)(the party moving for summary judgment bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law). Thus, the burden shifted to Plaintiffs to show a genuine issue of fact concerning this issue. *Id*. (if the movant carries the initial burden, the burden shifts to the non-movant to go beyond the pleadings and set forth specific facts identified by reference to affidavits, deposition transcripts or specific exhibits incorporated therein from which a rational trier of fact could find the non-movant). As will be discussed below, Plaintiffs failed to do so for each component of their claimed damages other than the $4,852.94 in attorney fees.

**A.     There Is No Evidence Of Compensatory Damages Other Than**

In the Motion, Defendants showed that any damages incurred after April 11, 2012 were based on the District Attorney's supervening or intervening decision to prosecute Plaintiffs based on his conclusion that there was probable cause notwithstanding the alleged omissions from the Affidavit in support of the warrant for the seizure of the horses. *See* Motion at 1-12 (citing *See*

10

*Taylor v. Meacham,* 82 F.3d 1556, 1563 n.8 (10th Cir. 1996); *Albright v. Oliver,* 510 U.S. 266, 279 n.5 (1994), Ginsburg, J. concurring); *Calvert v. Ediger,* 415 Fed. Appx. 80, 2011 WL 754839, *3; and *Pierce v. Gilchrist,* 359 F.3d 1279, 1292-93 (10th Cir. 1994).

Plaintiffs did not respond to the causation argument advanced by these Defendants. Instead, in Response, Plaintiffs appear to attempt to create an issue of fact regarding whether District Attorney LeDoux believed he had probable cause to prosecute. Thus, Plaintiffs have implicitly admitted that the legal argument these Defendants advanced regarding the causation issue, is correct as a matter of law. Therefore, the question becomes whether Plaintiffs' arguments concerning District Attorney LeDoux create a genuine issue of material fact for summary judgment purposes. This argument fails to create a material issue of fact for three reasons.

First, Plaintiffs only offer hearsay evidence. Here, Plaintiffs' Brief fails to identify specific evidence that supports its argument that District Attorney LeDoux did not believe he had probable cause to prosecute. However, the Response to the Separate Statement of Material Undisputed Facts, contains a reference to an Affidavit, which is Exhibit 32 to the Response. The Affidavit is from Plaintiff Hatlee and alleges that after trial, District Attorney LeDoux said to him that this was "the last time he would be pressured into trying a case he knew he could not win." Response at Exhibit 32; *see also* Response to Separate Statement of Material Disputed Facts at Fact Nos. 5, 7, 9, and 19.[3]   Hearsay is a statement made by witness other than when he is testifying offered to prove the truth of the matter asserted. FRE 801. The alleged statement that Mr. Hatlee attributes

---

[3] As is discussed above, the Response to the Separate Statement of Material Undisputed Facts also contains references to emails among the Defendants. Plaintiffs offer no pin point citation or discussion about how this creates an issue of fact in the Response to the Separate Statement of Material Undisputed Facts or their Brief. In any event, a review of the emails contains no evidence that would lend itself to the inference that the District Attorney LeDoux prosecuted a case that he believed he could not win and did not have probable cause to prosecute. Further, even if true, as is discussed above, that would be material to a claim against District Attorney LeDoux, but not these Defendants.

11

to District Attorney LeDoux is hearsay. *Wright–Simmons v. City of Oklahoma City*, 155 F.3d 1264, 1268 (10th Cir.1998)(only admissible evidence can defeat a Motion for Summary Judgment; hearsay is inadmissible at the summary judgment stage).   Plaintiffs cite no exception to the hearsay rule and lay no foundation for the admission of this hearsay statement, therefore, it cannot be considered in the conjunction with this Motion.

Second, even if the Court accepted this hearsay evidence, which it cannot, it would establish a potential claim against LeDoux, but not against these Defendants.  As such, it is not material and not a genuine dispute. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)(A fact is "material" if it "might affect the outcome of the suit under the governing law"); *E.E.O.C. v. Horizon/CMS Healthcare Corp*., 220 F.3d 1184, 1190 (10th Cir.2000)("A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented").

Third, even if the Court accepted this hearsay evidence, the alleged statement does not support the very proposition that Plaintiffs put forth.  There is no reference to, or interpretation given, that relates in any way to the existence of probable cause.

### B.     Plaintiffs' Lost Profit Claim Is Speculative

Plaintiffs argue as follows regarding this issue:  "Lost future profits may be based on estimates by the plaintiff.  The estimate may be based upon the judgment of the plaintiff and formulated on a reasonable basis." *Malloy v. Monahan*, 73 F.3d 1012, 1016-17.  The problem with Plaintiffs' argument is that Plaintiffs cite no evidence that shows that Plaintiffs' claim for lost profits is based upon such judgment and formulated on a reasonable basis.  Indeed, in *Malloy*, the case upon which Plaintiffs rely, the Court held that the fact finder must have before it "such facts

and circumstances to enable it to make an estimate of damage based upon judgment, not guesswork." *Id*. at 1016. The *Malloy* Court made a specific finding that the plaintiff's estimate of future lost profits in that case was based upon more than guess work because the plaintiff had knowledge of the market at issue and had researched the issue to provide an adequate foundation for arriving at the estimate. *Id*. at 1016. The Plaintiffs have offered no such evidence in this case. The Defendants met their initial summary judgment burden by demonstrating that the claim was speculative. Thus, the burden shifted to Plaintiffs to demonstrate a genuine issue of material fact for trial regarding their claim for lost profits. Plaintiffs failed to do so. Therefore, summary judgment should be entered in favor of Defendants on this issue.

**C.     Plaintiffs Cannot Recover For Uncorroborated Claims Of Non-Economic Damages**

Uncorroborated testimony of an emotional distress from a plaintiff is insufficient to prove damages for emotional distress under § 1983. *See Dill v. City of Edmond,* 155 F.3d 193 (10th Cir. 1998) (citing *Koopman v. Water District No. 1 of Johnson County, Can.,* 41 F.3d 1417, 1420 (10th Cir. 1994)). The Defendants met their initial summary judgment burden by demonstrating that the claim was no evidence to corroborate a claim for non-economic damages in their motion. Thus, the burden shifted to Plaintiffs to demonstrate a genuine issue of material fact for trial regarding their claim for lost profits. Plaintiffs did not address this issue in Response. Therefore, summary judgment should be entered in favor of Defendants on this issue.

**D.     Plaintiffs Are Not Entitled To Punitive Damages**

Under federal law in a § 1983 action, a finding of punitive damages requires the defendant's conduct is "shown to be motivated by evil motive or intent" or "involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 (1983).

In the Motion, Defendants showed there was an absence of evidence that they acted with an evil intent or a reckless or callous disregard to the federally protected rights of others. Thus, the Defendants met their initial summary judgment burden and the burden shifted to Plaintiffs to demonstrate a genuine issue of material fact for trial. For the reasons discussed in the section above regarding Plaintiff's failure to dispute these Defendants Statement of Undisputed Facts, Plaintiffs cited no such evidence in their Response. Therefore, Defendants are entitled to summary judgment concerning punitive damages.

## IV.     CONCLUSION

In sum, Defendants met their initial burden to demonstrate that there is no issue of fact that Plaintiffs are only entitled to damages incurred before April 11, 2012 as a matter of law. Defendants further demonstrated that the only evidence of such damages is $2,852.94 in attorney fees incurred before that date.    Plaintiffs failed to meet their burden to create an issue of fact regarding these issues.    Therefore, the Court should enter partial summary judgment in favor of Defendants.

Respectfully submitted this 20th day of January, 2015.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 20th day of January, 2015, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DAMAGES** to be filed via the ECF system, with notice of same being electronically served to the following:

| | |
|---|---|
| Brice A. Tondre, Esq.<br>Brice A. Tondre, P.C.<br>215 S. Wadsworth Blvd., Ste. 500<br>Lakewood, CO 80226-1566<br>***Attorney for Plaintiffs*** | John M. Lebsack, Esq.<br>Adam Goldstein, Esq.<br>White and Steele, P.C.<br>600 17th Street, Ste. 600N<br>Denver, CO 80202<br>***Attorneys for Defendant Ashleigh Olds*** |

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Kala Cyganiewicz*