## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.      13-cv-02469-RPM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

**REPLY RE:  SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DAMAGES**

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 1.  The horses were seized pursuant to a warrant on February 23, 2012.  *See* First Amended Complaint at ¶ 26. | Admitted. | Admitted. |
| 2.  The horses were seized based on a finding of probable cause that Plaintiffs were neglecting the horses. *See* Exhibit A, Warrant and Affidavit for a search warrant. | Denied. The seizure was on the basis of an affidavit which omitted material facts and was therefore illegal. The material omissions were in bad faith. Exhibit 35 p. 175 | Not material for the reasons discussed on p. 4, section II(A) of the Reply Brief. |
| 3.  The horses were returned to Plaintiffs on April 11, 2012, following an "animal bond hearing" on April 10, 2012.  *See* Exhibit B, | | Admitted due to the failure to respond. |

EXHIBIT A

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| Transcript of Animal Bond Hearing at p. 65 line 2 – p. 66 line 16. | | |
| 4. The Court specifically held that there was probable cause to believe Plaintiffs committed animal cruelty. *Id*. At 65. The County Court concluded that there was not probable cause to believe horses were in imminent danger and ordered the horses returned to the Plaintiffs. At a later hearing on December 3, 2012, the Court held that there were material omissions from the affidavit in support of the warrant regarding whether the horses were in imminent danger. *See* Exhibit C, December 3, 2012 hearing transcript at p. 173 line 23 – p. 174 lines 1-7. Again, the Court specifically held that there was still probable cause to believe Plaintiffs committed animal cruelty. *Id*. | The issue of whether there was probable cause to believe that Plaintiffs committed animal cruelty was not litigated. | Denied. Plaintiffs cite no facts to support this assertion. *See* Reply Brief at p. 5, section II(B). |
| 5. Following, the "animal bond hearing" and December 3, 2012 motions hearing, the District Attorney made the decision to prosecute the animal cruelty case against Plaintiffs to verdict based on his conclusion that there was still probable cause to believe that the Plaintiffs committed misdemeanor animal cruelty, a conclusion shared by the County Court judge, and | The evidence indicates that the District Attorney took the case to trial for political reasons and because he was pressured to do so. Exhibits 19, 20 and 32. | Denied. Plaintiffs cite only hearsay to support this assertion. *See also* Reply Brief at pp. 5-6, section II(C). |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| based upon his belief that he had enough evidence to convict Plaintiffs beyond a reasonable doubt. *See* Exhibit D, Affidavit of 11th Judicial District – District Attorney Thom K. LeDoux. | | |
| 6.  Following the "animal bond hearing" the alleged omissions from the affidavit in support of the warrant were known to all parties, to include the District Attorney. *Id.; see also* Exhibit B, Transcript of Animal Bond Hearing of April, 2012 at p. 65 lines 2 to p. 66 lines 16. | | Admitted due to Plaintiffs' failure to respond. |
| 7.  Notwithstanding the alleged omissions, the District Attorney believed there was probable cause and sufficient evidence to convict beyond a reasonable doubt. *Id*. At ¶ 9.   The County Court Judge agreed.  *See* Exhibit B, April 10, 2012 Hearing Transcript at p. 65 lines 22-24; Exhibit C, December 3, 2012 Hearing Transcript at p. 173 lines 23- p. 174 lines 1-7. | Disputed. Exhibit 32 | Denied.  Plaintiffs cite only hearsay to support this assertion.  *See also* Reply Brief at pp. 5-6, section II(C). |
| 8.  On March 1, 2013, the Plaintiffs were acquitted following a jury trial.  *See* First Amended Complaint ¶ 31. | | Admitted due to Plaintiffs' failure to respond. |
| 9.  Notwithstanding the acquittal, the District Attorney still believes there was probable cause and enough evidence to convict Plaintiffs.  *See generally* | Disputed. Exhibit 32. | Denied.  Plaintiffs cite only hearsay to support this assertion.  *See also* Reply Brief at pp. 5-6, section II(C). |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| Exhibit D.  The County Court judge agreed.   *See* Undisputed Fact No. 8, *supra*. | | |
| 10.  The District Attorney made the decision to prosecute based on his own independent professional judgment and was not influenced by these Defendants or anyone else.  *Id*. At ¶ 9 and 12. | Disputed. Exhibits 19, 20 and 32. | Denied.  Plaintiffs cite only hearsay to support this assertion.  *See also* Reply Brief at pp. 5-6, section II(C). |
| 11.  The horses were returned to Plaintiffs, with the weight of each horse increasing an average of 125 pounds in 7 weeks.  *See* Exhibit E, Park County Sheriff's Office Investigation File – Continuation Sheet (Park County Defendants' Disclosures 000108-109). | | Admitted due to Plaintiffs failure to respond. |
| 12.  Pictures taken before the horses were seized are attached as Exhibit F. | | Admitted due to Plaintiffs failure to respond. |
| 13.  During the period when Plaintiffs did not have their horses, there is no evidnce that Plaintiffs incurred any costs to feed and care for the horses. | | Admitted due to Plaintiffs failure to respond. |
| 14.  In Plaintiffs' Initial Disclosures, Plaintiffs claimed the following damages: $85,000 to defend the underlying criminal case; $500,000 in lost "income and value"; $2 million in non-economic damages; and $2,000,000 in exemplary damages.  *See* Exhibit H, | | Admitted due to Plaintiffs failure to respond. |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| Plaintiffs' Initial Disclosures, p. 5. | | |
| 15. Plaintiffs' Initial Disclosures did not contain a computation of Plaintiffs' economic damages consistent with Fed.R.Civ.P. 26(a)(1)(C). *Id*. | Disputed. Those were good faith estimates based upon Plaintiffs' judgment. *Malloy v. Monahan*, 73 F.3d 1012, 1016-17 (10th Cir. 1996). | Plaintiffs cite no evidence to support this assertion, which is argument of counsel. *See also* Reply Brief at pp. 6-7, section II(D). |
| 16. Without explanation, when written discovery responses served, the amount of economic damages increased to over $1 Million. *See* Exhibit I, Plaintiffs' Discovery Responses, p. 4-5. | Same as 15. | Plaintiffs cite no evidence to support this assertion, which is argument of counsel. *See also* Reply Brief at pp. 6-7, section II(D). |
| 17. On July 24, 2014, Park County Defendants served their second set of interrogatories and requests for production of documents to the Plaintiffs. *See* Exhibit J. Plaintiffs could not/did not produce any copies of state and federal income tax returns (neither have filed any during the relevant time period involved), quarterly estimated tax filings or any other document to support any claim of financial loss as to them. Plaintiffs could not produce state and federal income tax returns for Bailey Depot Feed. Plaintiffs could not/did not provide any documents to support claims regarding horse boarding contracts/agreements. There were no documents either in disclosures or responses to requests for production of | Each Plaintiff was deposed for two days. The damages were fully explained during those depositions. | Plaintiffs cite no evidence to support this assertion, which is argument of counsel. *See also* Reply Brief at pp. 6-7, section II(D). |

5
<u>EXHIBIT A</u>

| **Moving Party's Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response/Additional Facts and Supporting Evidence** | **Moving Party's Reply and Supporting Evidence** |
|---|---|---|
| documents to support any claim regarding farrier work, training of horses, the brokering of hay (*see* ¶ 19 below). | | |
| 18.  *Chart will not fit into this box.  Please refer to Motion for Partial Summary Judgment Regarding Damages* | | |
| 19.  Of the $85,000 in attorney fees sought, $4,852.94 were incurred before April 12, 2012 (figure derived by adding the March 2012 and April 2012 invoices then subtracting all entries after April 12, 2012).  *See* <u>Exhibit S</u>, criminal defense attorney Campbell's Bills. | As a result of the breach of the agreement (Exhibits 3 and 11) Plaintiffs were denied the opportunity to have diagnostic testing and analysis done which would have exonerated them thereby eliminating a trial on criminal charges. | This is not responsive and supported by citation to any evidence.  *See also* Reply Brief at pp. 7-8, section II(E). |
| 20.  There is no evidence in the record that Defendants' conduct was motivated by evil motive or intent or involved reckless or callous indifference to federally protected rights of others. | Disputed. Prosecution for political reasons is clearly reckless and callous. Particularly egregious is the seizure of the horses prior to the expiration of the 30 days which the Sheriff's Office agreed to give Plaintiffs to prove their innocence.. Equally egregious was Hardey's seizure of the horses when she did not believe they were endangered. Exhibits 18 and 29, p.41 . | The evidence cited does not support this assertion and most of the response is argument of counsel.  *See also* Reply Brief at pp. 8-9, section II(F). |

Respectfully submitted this 20th day of January, 2015.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

EXHIBIT A

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of January, 2015, I caused a true and correct copy of the foregoing **REPLY RE: SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DAMAGES** to be filed via the ECF system, with notice of same being electronically served to the following:

| | |
|---|---|
| Brice A. Tondre, Esq. | John M. Lebsack, Esq. |
| Brice A. Tondre, P.C. | White and Steele, P.C. |
| 215 S. Wadsworth Blvd., Ste. 500 | 600 17th Street, Ste. 600N |
| Lakewood, CO 80226-1566 | Denver, CO 80202 |
| *Attorney for Plaintiffs* | *Attorney for Defendant Ashleigh Olds* |

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Kala Cyganiewicz*

EXHIBIT A