**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.        13-cv-02469-RM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,


v.


CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

---

**REPLY IN SUPPORT OF DEFENDANTS WEGENER, GORE, PRIESTLY AND
HARDEY'S MOTION FOR SUMMARY JUDGMENT RE: INDIVIDUAL CAPACITY
CLAIMS**

---

Defendants, Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener, by and through

their attorney, Timothy P. Schimberg of Fowler, Schimberg & Flanagan, P.C., hereby submit their

Reply in Support of Defendants Wegener, Gore, Priestly and Hardey's Motion for Summary

Judgment Regarding Individual Capacity Claims, and in support thereof state as follows:


**I.        INTRODUCTION**

In their Motion, these Defendants Priestly, Gore and Wegener established that they did not

personally participate in the alleged unconstitutional conduct (i.e., drafting an Affidavit in support

of a warrant that allegedly contained material omissions of fact).   Absent such personal

participation they cannot be held liable under § 1983.  *Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997).  Nor can they be held liable merely because they are supervisors.  *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009).  Therefore, Defendants met their initial summary judgment burden and the burden shifted to Plaintiffs to demonstrate material genuine issues of fact with admissible evidence.  *See Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000).  Plaintiffs' Response failed to do so, therefore, these Defendants are entitled to summary judgment.

In Response, Plaintiffs attempt to do two things.  First, Plaintiffs argue that these Defendants can be held liable for a failure to supervise Hardey by failing to properly train her concerning her alleged omission from the affidavit in support of the warrant.  Second, Plaintiffs attempt to create issues of fact regarding whether these Defendants personally participated in the allegedly unconstitutional conduct.

In Reply, these Defendants demonstrate that Plaintiffs' attempts to create material issues of fact regarding the personal participation issue failed.  Second, these Defendants will show that Plaintiffs have failed to offer any of the evidence needed to support the elements of imposing supervisory liability on these Defendants under § 1983.

## II.   THE FACTS REGARDING "PERSONAL PARTICIPATION" ARE NOT IN DISPUTE

### A.   The "Relevant Facts" Discussed In The Response Brief Should Not Be Considered, But If Considered Fail To Create A Genuine Issue Of Material Fact For Trial

Plaintiffs failed to submit a Separate Statement of Material Undisputed Facts regarding their Response pursuant to the Court's Practice Standards at Section IV(B)(2)(b)(ii).   Defendants submit that this should preclude consideration of the "Relevant Facts" discussed at pages 1 and 2 of Plaintiffs' Response Brief.    Even if those facts are considered, they are not material facts or

genuine facts that preclude summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (a fact is "material" if it "might affect the outcome of the suit under the governing law"); *E.E.O.C. v. Horizon/CMS Healthcare Corp*., 220 F.3d 1184, 1190 (10th Cir.2000) ("[a] dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented").

Although Plaintiffs' did not number these "Relevant Facts" Defendants addresses them chronologically, below:

1.      "Deputy Hardey procured a search warrant by use of an affidavit which omitted material information (Exhibit 15)." Response at 2.

**RESPONSE:** This fact is admitted for purposes of this motion only.

2.      "Sheriff Wegener, Undersheriff Gore, and Sgt. Priestly were involved in discussions which led to the directive to Hardey to obtain a warrant." Response at 2.

**RESPONSE**:    Denied.    Plaintiffs offer no support for this assertion and there is none. Moreover, the fact does not, and could not, suggest that Hardey was ever directed to omit material information. Therefore, the fact is not material because, as is discussed above, mere knowledge of unconstitutional conduct cannot give rise to individual liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-677 (2009). Plaintiffs must show that each official Defendant, through that Defendant's own individual action, violated the Constitution. There is no such proof.

3.      "They had a telephone conversation with Dr. Horton on the morning of February 21, 2012, which they claim to be the impetus for seeking a warrant." *Id*.

**RESPONSE**: Admitted, but this does not show that these Defendants personally participated in the drafting of the affidavit or the unconstitutional conduct. Further, the fact is not

material because, as is discussed above, knowledge of or acquiescence to unconstitutional conduct cannot give rise to individual liability. Lastly, there is no fact present that Defendant Gore was a participant in the phone conversation.

4.      "In truth, the reason for procuring the warrant was to quell public outrage." Id.

**RESPONSE**: Denied. There is no support for this assertion. It is argument of counsel. *See Pinkerton v. Colorado Dept. of Transp.*, 563 F.3d 1052, 1061 (10th Cir. 2009) (the argument of counsel is not evidence, and cannot provide a proper basis to deny summary judgment). Moreover, even if true and if there was support for this unsubstantiated and conclusory argument, it is not material. Furthermore, the fact is not material because there is nothing unconstitutional about a byproduct of quelling public outrage provided there is probable cause for the actions of law enforcement.

5.      "The placement of the horses was designed for this purpose, but it failed. (Exs. 3-13."

**RESPONSE**: Denied.    Plaintiffs cite 13 exhibits that are approximately one half of an inch think to support this proposition without a pinpoint citation or explanation of how these exhibits support this assertion.    Apparently, the Defendants and the Court are expected to review this exhibits and hunt for a material issue of fact to preclude the entry of summary judgment.   In any event, a review of the exhibits cited does not lend itself to the inference that the placement of the horses was designed for any purpose other than to prevent Plaintiffs from starving them.

6.      "Before the warrant was applied for, Gore was making arrangements to take temporary care of the horses when they were seized. (Exhibit 13)"

**RESPONSE**: Denied.  The exhibit contains numerous emails and Plaintiffs do not pin point what allegedly supports this assertion.   It is admitted that in a February 22, 2012 email from Defendant Olds to Defendant Gore at page 1 of Exhibit 13 that Olds volunteered to care for the horses, at her expense.   This does not show that Gore participated in drafting the affidavit in support of the warrant or participated in the decision to seize the horses, which is the crux of this case.  Further, the fact is not material because, as is discussed above, knowledge of or acquiescence to unconstitutional conduct cannot give rise to individual liability.   Further, the exhibit simply verifies the commitment to the well-being of the horses and one alternative being explored.  Lastly, Plaintiffs overlook the fact that the Affidavit prepared and filed by Defendant Hardey was on the same day.  Plaintiffs cannot establish sequence or participation by Defendant Gore.

7.       "Page 14 in Exhibit 13 exemplifies the furor.  It is date February 21, 2012 and demands that Priestly, "settle this horrific situation down or your going to continue to get jammed by the public, this isn't going away anytime soon…if you don't know already this all over the country and people are going to be watching and ready to take more action."    Response at 2.

**RESPONSE**:   The email referred to is hearsay and cannot be considered.  *See Wright-Simmons v. City of Oklahoma City,* 155 F.3d 1264, 1268 (10th Cir. 1998) (only admissible evidence can defeat a Motion for Summary Judgment; hearsay is inadmissible at the summary judgment stage); FRE 801(c) (defining hearsay).  Further, even its considered its not material because, as is discussed above, knowledge of or acquiescence to unconstitutional conduct cannot give rise to individual liability.  At best, the exhibit illustrates the passion of one individual venting to Ms. Priestly.

8.       "Priestly forwarded it to Gore with the note, "Importance High." Response at 2.

**RESPONSE**:  Admitted, but not material because, as is discussed above, knowledge of or acquiescence to unconstitutional conduct cannot give rise to individual liability.

Thus, for all of the foregoing reasons, if the Court considers the "Relevant Facts," none of the relevant facts are admissible, material facts that preclude summary judgment.

**B.      The Reply In Support Of The Separate Statement Of Material Undisputed Facts Show That There Are No Genuine Material Disputed Facts**

Plaintiffs did submit a Response to these Defendants Separate Statement of Material Undisputed Facts.    The Reply thereto is attached as **Exhibit A**.   A review of the Reply shows these Defendants submitted 18 separately numbered facts in support of their motion.  Plaintiffs admitted Facts numbered 1-3; 5-9; 11; and 13-18.   Plaintiffs only attempted to dispute Facts numbered 4, 10, and 12.   As will be discussed below, Plaintiffs attempts to dispute these facts do not create any genuine material issues of fact that warrant trial.

**1.      The Response To Fact No. 4 Does Not Create A Material Dispute**

This fact asserts that Undersheriff Gore was not involved in the decision to seize the horses. This issue is discussed above.   The "evidence" contains hearsay.    The evidence does not show that Gore was involved in the drafting of the affidavit or the decision to seize the horses.

**2.      The Response To Fact No. 10 Does Not Create A Material Dispute**

This fact asserts that Sheriff was not involved in the decision to seize the horses.   Plaintiffs Response is as follows:  "Denied. See Exhibit 10 which reports that Wegener, Gore and Priestly had a telephone conference with Dr. Horton on February 21, 2012. Following this conference Gore contacted Dr. Olds regarding moving the horses to her clinic. See Exhibit 13. The clear inference is that seizure was discussed during the meeting of the three on February 21."

None of the cited evidence lends itself to the inference that the Sheriff personally participated in the decision to seize the horses.    Further, it is not material because, as is discussed above, knowledge of or acquiescence to unconstitutional conduct cannot give rise to individual liability.

### 3.    The Response to Fact No.12 Does Not Create a Material Issue for Trial

This Response relates to Priestly's lack of participation.   Plaintiffs' response is incomplete and states, "This is disputed. Dur…"   (sic)(ellipses added).    Thus, Plaintiffs have offered no evidence to dispute this fact.

### III.    PLAINTIFFS' CANNOT SHOW THE FACTS NEEDED TO PREVAIL ON A CLAIM OF SUPERVISORY LIABILITY FOR FAILURE TO TRAIN

Plaintiffs' Response makes clear that their theory regarding supervisory liability is a "failure to train" theory.  *See* Response at 3-4.  *Kemp* held that to prove supervisory liability for a failure to train the Plaintiffs must show: (1) an underlying violation of their constitutional rights by subordinates; (2) that the supervisor-defendant's personal involvement and conduct caused the misconduct complained of; and (3) that the supervisor-defendant acted with the state of mind "or intent" required to establish he committed a constitutional violation; specifically, at a minimum, establish a deliberate and intentional act on the part of a defendant to violate the plaintiff's legal rights.  *See Kemp v. Lawyer*, 846 F.Supp.2d 1170, 1174-1175 (D.Colo. 2012) (citing *Dodds v. Richardson*, 614 F.3d 1185 (10th Circuit, 2010); *Myers v. Koopman*, 2011 WL 650328 (D.Colo. 2011).

In the Motion, Defendants showed that there was an absence of evidence to support the second and third elements of this claim.   Therefore, Defendants' met their initial summary judgment burden and the burden shifted to Plaintiffs to demonstrate a genuine material issue of fact concerning the second and third elements.  *See Whitesel v. Sengenberger,* 222 F.3d 861, 867

7

(10th Cir. 2000).  Plaintiffs' response fails to show a genuine material issue of fact concerning the second element for all of the reasons discussed in Section II above, discussing Plaintiff's failure to refute any of the facts in Defendants Separate Statement of Material Undisputed Facts. Plaintiffs response also ignores their burden and cites no evidence that any of the individual defendants acted "deliberately and intentionally" to violate Plaintiffs' constitutional rights.

### IV.   PLAINTIFFS COMPLETELY FAIL TO RESPOND TO PARK COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING INDIVIDUAL CAPACITY CLAIMS SECTION V(B)

Plaintiffs' "Memorandum in Opposition" to the Park County Defendants' Motion for Summary Judgment Regarding Individual Capacity Claims completely overlooks, or fails to respond, to one of the fundamental arguments of the Park County Defendants, including Ms. Hardey.

In section V(B) of their Motion, these Defendants cite the Court to District Attorney LeDoux's Affidavit which verifies that the decision to prosecute was that of his office, based upon probable cause and consistent with his ethical duties as an officer of the court as well as an elected official.  The elements of Mr. LeDoux's Affidavit are not challenged but are the subject of uncorroborated argument of counsel.  The argument contains conclusory, emotional and inflammatory words and phrases resulting in a novella authored by Plaintiffs' counsel.  Not one portion of the novella is supported by reference to anything in the record.  Statements of counsel, without support, do not create genuine issues of material fact.

Plaintiffs then attempt to survive by stating "all of the issues discussed in this motion were also presented in the motion regarding damages and addressed in the response thereto."  Yet, a review of Plaintiffs' Memorandum in Opposition to the Park County Defendants' Motion for

Partial Summary Judgment Regarding Damages suffers from the same defects.  A novella without pin point citation to the record, but replete with inflammatory phrases.  There is nothing in that document to refute the clear statements regarding Mr. LeDoux's decision making.

Failure to generate a response would suggest the Plaintiffs have confessed Park County Defendants' arguments regarding individual capacity claims due to the intervening thoughts and decision making by the Office of the District Attorney.

## V.      <u>CONCLUSION</u>

In their Motion, these Defendants established that they did not personally participate in the alleged unconstitutional conduct (i.e., drafting an affidavit in support of a warrant that allegedly contained material omissions of fact).   These Defendants cannot be held individually liable under Section 1983 absent such personal participation.   *Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997).     Therefore, Defendants met their initial summary judgment burden and the burden shifted to Plaintiffs to demonstrate material genuine issues of fact with admissible evidence.  *See Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000).     Plaintiffs' Response failed to do so, therefore, these Defendants are entitled to summary judgment.

Respectfully submitted this 20th day of, 2015.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR DEFENDANTS CINDY
HARDEY, BOBBI PRIESTLY, MONTE GORE,
AND FRED WEGENER

10

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of January, 2015, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF DEFENDANTS WEGENER, GORE, PRIESTLY AND HARDEY'S MOTION FOR SUMMARY JUDGMENT RE: INDIVIDUAL CAPACITY CLAIMS** to be filed via the ECF system, with notice of same being electronically served to the following:

Brice A. Tondre, Esq.
Brice A. Tondre, P.C.
215 S. Wadsworth Blvd., Ste. 500
Lakewood, CO 80226-1566
*Attorney for Plaintiffs*

John M. Lebsack, Esq.
Adam Goldstein, Esq.
White and Steele, P.C.
600 17th Street, Ste. 600N
Denver, CO 80202
*Attorneys for Defendant Ashleigh Olds*

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Kala Cyganiewicz*

11