**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.      13-cv-02469-RPM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

**REPLY RE:  SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE:
DEFENDANTS WEGENER, GORE, PRIESTLY AND HARDEY'S MOTION FOR
SUMMARY JUDGMENT RE: INDIVIDUAL CAPACITY CLAIMS**

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 1.  On February 23, 2012, a warrant issued for the seizure of six of Plaintiffs' horses. *See* <u>Exhibit A</u>, Warrant and Affidavit. | | Admitted due to Plaintiffs' failure to respond. |
| 2.  The warrant was supported by an affidavit from Animal Control Officer Cindy Hardey.  *Id*. | | Admitted due to Plaintiffs' failure to respond. |
| 3.  Undersheriff Gore has been the Undersheriff of Park County since 2005.  *See* <u>Exhibit B</u>, Gore's Deposition at 7. | | Admitted due to Plaintiffs' failure to respond. |

EXHIBIT A

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 4.  Undersheriff Gore was not involved in the decision to file animal cruelty charges against Mr. Hatlee or Mr. Swift.  *Id.* | Denied. See Plaintiffs' Exhibit 13. It indicates that in response to an e-mail from Shelley Ferraro to Sgt. Priestly which was forwarded to Undersheriff Gore with noted  Hi Importance that he contacted Dr. Olds to arrange for temporary housing of the horses at her clinic while arranging for more permanent arrangements and short notice transfer of the horses. This is clearly preparatory to immediate seizure. | Denied.  Plaintiffs' evidence relates to hearsay and immaterial matters.  The exhibit contains numerous emails and Plaintiffs do not pin point what allegedly supports this assertion.  It is admitted that in a February 22, 2012 email from Defendant Olds to Defendant Gore at page 1 of Exhibit 13 that Olds volunteered to care for the horses, at her expense. This does not show that Gore participated in drafting the affidavit in support of the warrant or participated in the decision to seize the horses, which is the crux of this case. Further, the fact is not material because, as is discussed above, knowledge of or acquiescence to unconstitutional conduct cannot give rise to individual liability.  Further, the exhibit simply verifies the commitment to the well-being of the horses and one alternative being explored.  Lastly, Plaintiffs overlook the fact that the Affidavit prepared and filed by Defendant Hardey was on the same day.  The email referred to is hearsay and cannot be considered.  *See Wright-Simmons v. City of Oklahoma City,* 155 F.3d 1264, 1268 (10th Cir. 1998) (only admissible evidence can |

2
EXHIBIT A

| **Moving Party's Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response/Additional Facts and Supporting Evidence** | **Moving Party's Reply and Supporting Evidence** |
|---|---|---|
| | | defeat a Motion for Summary Judgment; hearsay is inadmissible at the summary judgment stage); FRE 801(c) (defining hearsay).  Further, even its considered its not material because, as is discussed above, knowledge of or acquiescence to unconstitutional conduct cannot give rise to individual liability.  At best, the exhibit illustrates the passion of one individual venting to Ms. Priestly. |
| 5.  Undersheriff Gore was not involved in the drafting of the Affidavit that Cindy Hardey executed in order to obtain a search and seizure warrant.  *Id.* at 8. | | Admitted due to Plaintiffs' failure to respond. |
| 6.  Undersheriff Gore is not Cindy Hardey's immediate supervisor.  *See id.* at 23. | | Admitted due to Plaintiffs' failure to respond. |
| 7.  Undersheriff Gore is not responsible for disciplining Cindy Hardey.  *Id.* | | Admitted due to Plaintiffs' failure to respond. |
| 8.  Sheriff Wegener is the duly elected Sheriff of Park County and has been for 16 years.  See <u>Exhibit C</u>, Deposition of Wegener at 4. | | Admitted due to Plaintiffs' failure to respond. |
| 9.  Sheriff Wegener's role regarding the investigation of Plaintiffs was minimal and involved communicating with Sheriff Wiggins from Routt County and directing Sergeant Bobbi Jo Priestly to look into claims of animal | | Admitted due to Plaintiffs' failure to respond. |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| cruelty regarding Plaintiffs. *See id.* at 8. | | |
| 10.  The Sheriff was not involved in the decision to seize the horses.  *See id.* at 13. | Denied. See Exhibit 10 which reports that Wegener, Gore and Priestly had a telephone conference with Dr. Horton on February 21, 2012. Following this conference Gore contacted Dr. Olds regarding moving the horses to  her clinic. See Exhibit 13. The clear inference is that seizure was discussed during the meeting of the three on February 21. | None of the cited evidence lends itself to the inference that the Sheriff personally participated in the decision to seize the horses.   Further, it is not material because, as is discussed above, knowledge of or acquiescence to unconstitutional conduct cannot give rise to individual liability. |
| 11.  Sgt. Priestly has worked as Animal Control Officer at the Park County Sheriff's Department for 12 years and is currently the senior Animal Control Officer.  *See* <u>Exhibit D</u>, Deposition of Priestly at 4. | | Admitted due to Plaintiffs' failure to respond. |
| 12.  Priestly did not review Hardey's affidavits in support of the search and seizure.  *Id.* at 22. | This is disputed. Dur | Admitted due to Plaintiffs' failure to cite any supporting evidence. |
| 13.  Priestly testified that Hardey made the decision to seize the horses.  *Id* at 89. | | Admitted due to Plaintiffs' failure to respond. |
| 14.  On April 10, 2012, at an "animal bond hearing" a County Court judge found that there was no probable cause to detain the horses because the horses were not imminent danger, but there was probable cause to believe the horses suffered from animal cruelty.  *See* <u>Exhibit E</u>, Animal Bond Hearing at p. 65 lines 22 to page 66 line 4. | | Admitted due to Plaintiffs' failure to respond. |

4
<u>EXHIBIT A</u>

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 15.  At that same hearing, the County Court judge suggested that there may have been material omissions from Officer Hardy's affidavit regarding whether the horses were in danger, but made clear that there was nevertheless probable cause to believe Plaintiffs' committed animal cruelty. *Id*. | | Admitted due to Plaintiffs' failure to respond. |
| 16.  At a later hearing on December 3, 2012, the County Court judge found that the affidavit contained material omissions regarding whether the horses were in imminent danger and therefore suppressed evidence obtained that were the fruits of that seizure.  *See* <u>Exhibit F</u>, December 3, 2012 Hearing Transcript at 173 lines 23 – p. 174 line 7. | | Admitted due to Plaintiffs' failure to respond. |
| 17.  Again, however, at the December 3, 2012, the County Court Judge stated that there was still probable cause to believe Plaintiffs committed animal cruelty.  *Id.* | | Admitted due to Plaintiffs' failure to respond. |
| 18.  Plaintiffs' horses were returned to them on April 11, 2012. | | Admitted due to Plaintiffs' failure to respond. |
| 19.  Undisputed Facts Nos. 10-21 from the Motion for Partial Summary Judgment Regarding Damages are specifically incorporated herein. | | Admitted due to Plaintiffs' failure to respond. |

Respectfully submitted this 20th day of January, 2015.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

EXHIBIT A

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 20th day of January, 2015, I caused a true and correct copy of the foregoing **REPLY RE: SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: DEFENDANTS WEGENER, GORE, PRIESTLY AND HARDEY'S MOTION FOR SUMMARY JUDGMENT RE: INDIVIDUAL CAPACITY CLAIMS** to be filed via the ECF system, with notice of same being electronically served to the following:

| | |
|---|---|
| Brice A. Tondre, Esq. | John M. Lebsack, Esq. |
| Brice A. Tondre, P.C. | White and Steele, P.C. |
| 215 S. Wadsworth Blvd., Ste. 500 | 600 17th Street, Ste. 600N |
| Lakewood, CO 80226-1566 | Denver, CO 80202 |
| *Attorney for Plaintiffs* | *Attorney for Defendant Ashleigh Olds* |

                *(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

                */s/ Kala Cyganiewicz*

EXHIBIT A