## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.      13-cv-02469-RM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

---

### REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT REGARDING PLAINTIFFS' THIRD CLAIM FOR RELIEF

---

Defendants, Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener, by and through their attorney, Timothy P. Schimberg of Fowler, Schimberg & Flanagan, P.C., hereby submit their Reply in Support of Motion for Summary Judgment Regarding Plaintiffs' Third Claim for Relief, and in support thereof state as follows:

1.      The facts concerning this motion are undisputed.  *See* **Exhibit A**.

2.      The legal issue presented by the motion is whether there is sufficient consideration to support the February 19, 2012 "Agreement" between Plaintiffs and the Park County Sheriff's Office.

3. The party moving for summary judgment bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000)(citations omitted). If the movement carries this initial burden, the burden shifts to the non-movant to go beyond the pleadings and set forth specific facts identified by reference to affidavits, deposition transcripts or specific exhibits incorporated therein from which a rational trier of fact could find the non-movant. *Id.* (quotations omitted). If the non-movant fails to do so, then the Court determines whether the substantive law was applied correctly. *Id.*

4. In this case, these Defendants met their initial burden of going forward by demonstrating that there is no genuine issue of material fact that there was no consideration to support the February 19, 2012 "Agreement" between Plaintiffs and the Park County Sheriff's Office for all the reasons discussed in the motion. *See* Doc. 64.

5. In response, Plaintiffs do not meaningfully address the issue. Instead, Plaintiffs offer the following conclusory argument of counsel:

> It is absolutely clear that there was consideration for the two contracts which merged on February 19, 2012. It was uncertain whether the horses were sick or starved. An investigation was needed. The Agreements gave the Sheriff's Office the right to inspect without a warrant and were designed to discharge the Sheriff's duty to protect the Plaintiffs and their horses. Plaintiffs were given 30 days to develop proof that the horses were sick, not starved, and that the care they were providing was appropriate with such proves the Plaintiffs would have avoided prosecution.
>
> Dr. Olds and her followers did not want Plaintiffs to have time to prove she was wrong, so the pressure intensified.

> The seizure of the subject horses deprived them of the ability to avoid prosecution. The seizure was both a breach of contract and deprivation of property without due process of law in violation of the Fourteenth Amendment.

6. Consideration is defined as "something of value (such as an act, a forbearance, or a return promise) received by a promisor from a promisee." *See* Motion at 3 quoting *Black's Law Dictionary* at 127 (1996 Pocket Ed.).

7. Aside from the fact that Plaintiffs fail to offer factual support for their argument, even if the Court accepts the conclusory statements/argument of counsel, Plaintiffs fail to articulate how these conclusions demonstrate that there was sufficient consideration to support the contact.

8. Accordingly, these Defendants are entitled to judgment as a matter of law regarding Plaintiffs' Third Claim for Relief.

Respectfully submitted this 20th day of January, 2015.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2015, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT REGARDING PLAINTIFFS' THIRD CLAIM FOR RELIEF** to be filed via the ECF system, with notice of same being electronically served to the following:

| | |
|---|---|
| Brice A. Tondre, Esq. | John M. Lebsack, Esq. |
| Brice A. Tondre, P.C. | Adam Goldstein, Esq. |
| 215 S. Wadsworth Blvd., Ste. 500 | White and Steele, P.C. |
| Lakewood, CO 80226-1566 | 600 17th Street, Ste. 600N |
| *Attorney for Plaintiffs* | Denver, CO 80202 |
| | *Attorneys for Defendant Ashleigh Olds* |

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Kala Cyganiewicz*

Kala Cyganiewicz

4