**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.    13-cv-02469-RM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

---

**REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
PURSUANT TO FED.R.CIV.P. 12(C) REGARDING PLAINTIFFS' OFFICIAL
CAPACITY CLAIMS**

---

Defendants, Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener, by and through their attorney, Timothy P. Schimberg of Fowler, Schimberg & Flanagan, P.C., hereby submit their Reply in Support of Motion for Judgment on the Pleadings Pursuant to Fed.R.Civ.P. 12(c) Regarding Plaintiffs' Official Capacity Claims, and in support thereof state as follows:

1.    The Court reviewing a Motion for Judgment on the Pleadings, uses the same standard that applies to a Rule 12(b)(6) motion. *See Colony Ins. Co. v. Burk,* 698 F.3d 1222, 1228 (10th Cir. 2012). This Court knows the standards regarding Motions to Dismiss set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ascroft v. Iqbal,* 556 U.S. 662 (2009).

2.       Plaintiffs' Response cites no allegations from the Complaint and instead contains a section entitled "Relevant Facts."  These are facts outside the pleadings that cannot be used in evaluating a Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c).

3.       Plaintiffs' Response does not dispute that Plaintiffs' Amended Complaint fails to identify any official policy or custom that was violated.

4.       Instead, Plaintiffs' response cites evidence outside the pleadings and suggests that it should be granted leave to amend.  *See* Response at 4 (citing *Hall v. Bellmon,* 935 F.2d 1106, 1009-1111 (10th Cir. 1991).)

5.       The deadline to amend pleadings in this matter expired on January 15, 2015.  *See* Scheduling Order at p. 8, section 9(a) [Doc. 34].

6.       Plaintiffs have not filed a Motion to Amend that complies with Fed.R.Civ.P. 15 or D.C.Colo.L.Civ.R. 15.1(b).

7.       Based on Plaintiffs' Response, the Court should find that Plaintiffs have admitted that their Amended Complaint fails to properly allege an official capacity claim.

8.       Therefore, the question that the Court needs to resolve is whether Plaintiffs should be allowed to amend their Complaint.

9.       The 10th Circuit has held that leave to amend should not be granted where a plaintiff waits until the last minute to ascertain and refine its theories or to attempt to avoid the entry of judgment against it.  *See e.g. Viernow v. Euripiees Development Corp.,* 157 F.3d 785, 800 (10th

Cir. 1998); *Green County Food Market, Inc. v. Bottling Group, LLC,* 371 F.3d 1275, 1279 (10th Cir. 2004); *Chavez v. Hatterman,* 2009 W.L. 82496, *2-3 (D.Colo. 2009).

10. A motion may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, or futility of the amendment. *See Triplett v. LeFlore County Oklahoma,* 712 F.2d 444, 446 (10th Cir. 1983). In this case, several of the reasons for denying a Motion to Amend exists.

11. First there has been undue delay. Plaintiffs offer no reason why this amendment was not previously offered.

12. Second, Plaintiffs previously amended their Complaint, therefore, Plaintiffs failed to cure the deficiencies by a previous amendment.

13. Third, there would be prejudice to Defendants if Plaintiffs were allowed to change their official capacity theory after the close of discovery because Defendants necessarily conducted discovery based on the claims as framed by the pleadings.

14. In sum, therefore, this Court should find that Plaintiffs have admitted that their Amended Complaint fails to identify an official policy or custom that these Defendants violated that could give rise to an official capacity claim. The Court should further conclude that Plaintiffs should not be permitted leave to amend because Plaintiffs have not properly sought leave to amend pursuant to Fed.R.Civ.P. 15 or D.C.Colo. 15.1(b); the deadline to amend has passed, there has been undue delay, there has been a failure to cure deficiencies by previous amendments; and

Defendants would be prejudiced by allowing Plaintiffs to change their theory after the close of discovery to defeat Defendants' properly supported Rule 12(C) motion.

15. Accordingly, for all of the foregoing reasons, the Motion for Judgment on the Pleadings should be granted.

Respectfully submitted this 20th day of January, 2015.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2015, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED.R.CIV.P. 12(C) REGARDING PLAINTIFFS' OFFICIAL CAPACITY CLAIMS** to be filed via the ECF system, with notice of same being electronically served to the following:

Brice A. Tondre, Esq.
Brice A. Tondre, P.C.
215 S. Wadsworth Blvd., Ste. 500
Lakewood, CO 80226-1566
*Attorney for Plaintiffs*

John M. Lebsack, Esq.
Adam Goldstein, Esq.
White and Steele, P.C.
600 17th Street, Ste. 600N
Denver, CO 80202
*Attorneys for Defendant Ashleigh Olds*

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Kala Cyganiewicz*

Kala Cyganiewicz

5