UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.13-cv-02469-RM-MJW

RANDALL J. HATLEE and
RONALD L. SWIFT

Plaintiffs,
vs.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE
FRED WEGENER and
ASHLEIGH OLDS,

Defendants.

_____

**MOTION TO SUPPLEMENT THE RECORD WITH RESPECT TO SUMMARY JUDGMENT MOTIONS NUMBER 61, 64, 65 and 66**
_____

Now come the Plaintiffs and request that they be granted leave pursuant to Rule 56(e)(1) to supplement the record with respect to the pending motions for summary judgment (Docs. # 61, 64, 65 and 66). In support of the request Plaintiffs state:

**CERTIFICATE OF CONFERENCE**: The undersigned counsel for Plaintiffs presented a copy of this motion to counsel for Defendants and asked for their respective positions. Both defense counsel stated that they oppose this motion.

1. In the Defendants' reply briefs (Docs. #81, 82, 84, 85 and 86) they argue that

1

Plaintiffs' responses (Docs. #67, 68, 69, 70, 71, 72, 73, 77) failed to controvert some material facts and arguments and failed to comply with the Court's practice standards in certain respects. A review of the responses confirms their assertion.

2. Rule 56(e)(1) provides that, in such circumstances, "the court may: (1) give an opportunity to properly support or address the fact." The Advisory Committee Notes state "In many circumstances this opportunity will be the court's first step."

3. Counsel for the Plaintiffs has Parkinson's Disease. Though he did not know about the potential for nor had he previously experienced a mental down period with respect to a particular task, a review of the alleged deficiencies in his responses and remembering his state of mind while preparing them, leads him to believe that a mental down period caused the deficiencies. A recent medication change will hopefully prevent this from happening again.

4. The undersigned requests that he be permitted to prepare revised responses or a supplemental response which addresses all deficiencies.

5. A few of items to be added follow:

   (a) Declaration of Brice A. Tondre (Exhibit 42) attesting to the existence of a promotional video of Dr. Olds in which she states that she was brought into the seizure of Bear by Barbara Wright of Harmony HorseWorks.

   (b) Declaration of Brice A. Tondre (Exhibit 42) which attests to the fact that Cindy Hardey was the only witness who testified at the April 10, 2012 and December 3, 2012 hearings. No veterinarian testified. Therefore, there was not a full and fair opportunity to litigate the issue of probable cause to prosecute thus making issue preclusion inapplicable and making probable cause a jury issue. *Murdock v. Life Indian Tribe*, 975 F.2d 683, 687 (10th Cir. 1992); *Bruning v.*

*Pixler*, 949 F.2d 352, 357 (10th Cir. 1991).

   (c) Excerpts from Dr. Horton's deposition (Exhibit 43)in which she testified that, the heart murmurs in the six horses were not of the type produced by malnutrition (pp. 114, l. 15-115, l. 5); reasonable cause to report suspected cruelty to animals only arises after professional guidelines are applied through the differential diagnosis procedure (pp. 179, l.2-181, l. 15); She does not know when the six horses first exhibited signs of losing weight (pp. 202, l. 23 -203, l. 24); The horses were on a proper refeeding program in accordance with AAEP guidelines (pp.206, l. 13-208, l. 22; Ex. 34, 7th para. last sentence); a veterinarian has a duty to determine if there is a medical reason for weight loss (p. 211, ll. 10-19); her experience told her that the signs she was seeing in the six horses could not be explained simply by inadequate food intake (p, 218, l. 14-219, l. 6); she characterized the care provided Maggie by Plaintiffs was heroic (p. 300, ll. 6-9).

   (d) Excerpts from the testimony of Cindy Hardey during the December 3, 2012, suppression hearing (Exhibit 44) where she testified that, the Park County Sheriff's Office agreed to leave the horses with Plaintiffs for 30 days and if they gained weight Plaintiffs would not be charged (p. 31, ll. 14-24); the horses were placed in protective custody to protect Plaintiffs and their horses from threatened conduct (pp. 58, l. 20-59, l. 1);   Plaintiffs told her the six horses were sick (p. 60, ll.17-24);. while at Echo Valley Ranch she saw 20 horses which nothing was wrong with (p. 61, ll. 6-24);  she considered the protective custody agreement to  be a legal binding agreement (p. 62, ll. 12-63, l.1); she testified that the six horses were not eating, even though they were being fed (p. 63, ll. 2-25); she testified that on February 16, 2012,she observed food and water in the pens where the six horses were being cared for (p.64, ll. 1-25); she

testified that she did not have any tests which indicated that the problem was starvation (p. 65, ll. 1-25); she testified she had no knowledge of when the horses began losing weight and when they were brought in (p. 81, l. 10-82, l. 25; 85, l. 7-86, l.13).

Most of the foregoing is contradictory of facts asserted by Defendants. There is more. It is respectfully submitted that the interests of justice will be served by allowing Plaintiffs to supplement the record.

Wherefore, Plaintiffs pray that they be permitted to supplement their replies to the motions for summary judgment.

/s/ Brice A. Tondre

_____

Brice A. Tondre
215 South Wadsworth Blvd., #500
Lakewood, Colorado   80226
Telephone:  303-296-3300
Facsimile: 303-238-5310
briceatondrepc@msn.com

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of January, 2015, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which willsend notification of filing to the following.

   Timothy P. Schimberg
   t_schimberg@fsf-law.com

   John Lebsack
   jlebsack@wsteele.com

/s/ Brice A. Tondre

_____