UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02469-RM-MJW

RANDALL J. HATLEE and
RONALD L. SWIFT

Plaintiffs,

vs.

CINDY HARDEY,
BOBBIE PRIESTLY,
MONTE GORE
FRED WEGENER and
ASHLEIGH OLDS,

Defendants
_____

**DEFENDANT OLDS' RESPONSE TO MOTION TO SUPPLEMENT**
_____

Defendant Ashleigh Olds ("Dr. Olds"), through her counsel John Lebsack and Adam Goldstein, opposes the Plaintiffs' Motion to Supplement the Record With Respect to Summary Judgment Motions Number 61, 64, 65, and 66 (ECF No. 95) for these reasons:

### I.   SUMMARY

The motion to supplement does not provide adequate support for granting the extraordinary relief to allow a party a second chance to respond to dispositive motions, after the moving parties filed reply briefs. The motion is titled "Motion to Supplement Record" but actually asks for the right to file completely new responses to the defendants' motions for summary judgment. Plaintiffs filed lengthy responses to the dispositive motions without asking for more time, and should not be given a special opportunity to re-brief the motions.

1

## II. PLAINTIFFS ALREADY FILED VOLUMINOUS RESPONSES WITHOUT SEEKING ADDITIONAL TIME

Plaintiffs filed lengthy responses to each of the five dispositive motions (ECF Nos. 67-73 and 77). Plaintiffs filed those responses without seeking additional time. Had plaintiffs asked for a reasonable extension, either because of the holidays or a personal issue, undersigned counsel would not have opposed the request.

The length of the briefs and volume of the supporting documents belie plaintiffs' argument that their responses were so deficient they should be allowed to file completely new ones. The plaintiffs' summary judgment response briefs totaled 36 pages.[1] The briefs were supported by 36 exhibits and four separate statements of fact (ECF Nos. 72-1, 72-2, 72-4, 73-1, 73-2, and 73-3).

## III. THE ALLEGED DEFICIENCIES DO NOT JUSTIFY THE EXTRAORDINARY RELIEF OF RE-BRIEFING

The motion seeks broad relief: the right to file "revised responses or a supplemental response" to the defendants' dispositive motions because the original responses "failed to comply with the Court's practice standards in certain respects." (ECF No.95, ¶1, 4) In other words, the motion asks not only to correct unspecified deficiencies, but to submit completely new substantive responses. Rather than requesting narrow relief to address deficiencies, plaintiffs ask to fully re-brief the dispositive motions. Such broad relief is not justified, but even narrow relief is not warranted because of the motion's lack of any specific description of the deficiencies that plaintiffs wish to correct.

---

[1] The plaintiffs' brief in response to Dr. Olds motion was 11 pages long (ECF No. 67). Plaintiffs' briefs were 15 pages (68), 5 pages (69), 5 pages (70), and 5 pages (71).

The motion gives little information about the nature of the "mental down period" which affected the responses previously filed. *Motion*, ¶3. Counsel's short and non-specific explanation is insufficient to justify the extraordinary relief of allowing another opportunity to respond to dispositive motions.

### IV.   RULE 56(E) IS NOT A VEHICLE FOR PARTIES TO RE-OPEN BRIEFING

As procedural grounds for the motion, plaintiffs rely on Fed. R. Civ. P. 56(e)(1), but this rule deals with <u>the Court's authority</u>, not the rights of parties. The rule states:

> **(e) Failing to Properly Support or Address a Fact**. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>     (1) give an opportunity to properly support or address the fact;
>     (2) consider the fact undisputed for purposes of the motion;
>     (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>     (4) issue any other appropriate order.

By its terms, Rule 56(e) addresses what the Court may do, not what parties are entitled to do. Hence the rule is not a vehicle for a party to seek a second chance to respond to a motion for summary judgment in the manner required by Rule 56(c) and the Court's practice standards.

### V.   THE EXAMPLES GIVEN IN PLAINTIFFS' MOTION DO NOT JUSTIFY ALLOWING SUPPLEMENTAL RESPONSES

The motion offers four examples of what plaintiffs want to add to the record, but the purported facts in these examples are immaterial to Dr. Olds motion for summary judgment. Plaintiffs assert that "most" of their proposed supplement "is contradictory of facts asserted by Defendants" but they do not identify any such facts they wish to address (ECF No. 95, p. 3).

The motion offers four examples of what plaintiffs seek to add to the record, but the examples do not relate to facts that are *material* to Dr. Olds' motion for summary judgment:

(a) Plaintiffs want to submit hearsay evidence that the request for Dr. Olds to go to Echo Valley Ranch came from Barbara Wright of Harmony Horse Works. As an initial matter, inadmissible hearsay cannot create a disputed issue of fact. *See* Fed.R.Civ.P. 56(c)(2); *Jaramillo v. Colo. Judicial Dep't.*, 427 F.3d 1303, 1314 (10th Cir. 2005)(hearsay evidence is not acceptable in opposing a summary judgment motion). Even if hearsay could be used, the alleged factual dispute is immaterial. Dr. Olds testified that the request came from Routt County animal control and Harmony Horse Works, but she is not sure who called first because the contact went through her front office. (ECF No. 82, ¶7). Whether the request first came from Routt or Harmony has no bearing on Dr. Olds' motion for summary judgment and does not create a disputed issue of material fact.

(b) Plaintiffs want to submit hearsay evidence that defendant Hardey was the only witness at two hearings in the underlying misdemeanor case. The full transcripts of the hearings are available, and portions were submitted with the motions by the Park County defendants (ECF Nos. 66-2, 66-3). Plaintiffs do not dispute that the judge said there was probable cause to believe the animals suffered from animal cruelty. The judge's statements are consistent with Dr. Olds' suspicion that the horses were victims of starvation and malnutrition and consistent with her telling Officer Hardey she believed the horses had been neglected (ECF No. 82, ¶44, ¶49). Plaintiffs make a

legal argument about the doctrine of issue preclusion, but Dr. Olds' motion for summary judgment does not seek to apply issue preclusion.[2]

(c) Plaintiffs want to submit more of the deposition of Dr. Horton.  Forty pages of Dr. Horton's deposition were submitted with Dr. Olds' motion for summary judgment (ECF No. 62-17).  Crucially, the topics in the proposed supplement do not relate to the conversations between Dr. Horton and Officer Hardey which caused Ms. Hardey to decide to charge the plaintiff with animal cruelty and seize the six horses (ECF No. 82, ¶¶79-85).  Further, the testimony that plaintiffs want to add to the record concerns Dr. Horton's observations several days <u>after</u> Dr. Olds' visit to Echo Valley ranch and <u>after</u> the horses had been moved to the LeBeau property.  This testimony offers no evidence about the horses' condition at the time of Dr. Olds' observations.  Finally, plaintiffs seek to offer supplemental evidence concerning their care for Maggie, but Maggie was never seized and was never a subject of the animal cruelty charges.  The proposed additional fact is immaterial to Dr. Olds' motion.

(d) Plaintiffs want to submit some of the testimony by Officer Hardey at a hearing in the underlying case.  Part of the transcript was already submitted (ECF No. 66-3).  None of the proposed supplement relates to interactions between Ms. Hardey and Dr. Olds.  The proposed additional fact is immaterial to Dr. Olds' motion.

---

[2] The judge's finding of probable cause entitles Dr. Olds to a rebuttal presumption of probable cause for purposes of plaintiffs' malicious prosecution claim.  *See* ECF No. 81, at p. 14-15, *citing Schenck v. Minolta Office Systems, Inc.*, 802 P.2d 1131, 1133 (Colo. App. 1990).  This presumption is not the same as the doctrine of issue preclusion, and the presumption applies regardless of whether plaintiffs had a full and fair opportunity to litigate the issue in the underlying case.

5

## VI.  CONCLUSION

For these reasons, the Court should deny the Motion to Supplement.  However, if the Court overrules these objections and allows supplementation, the Court should at least set appropriate limitations on the filing of any supplement, including a short time frame, limited length, and a right of Defendants to reply.

s:/John Lebsack
John Lebsack
WHITE AND STEELE, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, Colorado  80202
(303) 296-2828
Fax No.:  (303) 296-3131
jlebsack@wsteele.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 5th day of February, 2015, a true and correct copy of the foregoing was e-served via CM/ECF to the following:

Brice A. Tondre
215 South Wadsworth Blvd., #500
Lakewood, Colorado  80226
*briceatondrepc@msn.com*

Timothy P. Schimberg
Fowler Schimberg & Flanagan, P.C.
1640 Grant St., Ste. 300
Denver, CO  80203
*t_schimberg@fsf-law.com*

s/Becky Kongs
Becky Kongs
WHITE AND STEELE, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO  80202
Telephone:  (303) 296-2828
Fax:  (303) 296-3131
bkongs@wsteele.com