**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.       13-cv-02469-RM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,


v.


CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

---

**PARK COUNTY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD**

---

Park County Defendants, Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener, by and through their attorney, Timothy P. Schimberg of Fowler, Schimberg & Flanagan, P.C., hereby submit their Response to Plaintiffs' Motion to Supplement the Record [Doc. 95], and in support thereof state as follows:

1.      Undersigned counsel is sympathetic to Plaintiffs' counsel's medical condition and wishes him nothing but the best.

2.      It is for that reason, in addition to simple matters of professional courtesy, that undersigned counsel would have readily agreed to an extension of time if Plaintiffs' counsel needed one before filing the reply brief.

3.      However, filing "supplementation" to the summary judgment record after the completion of briefing is problematic for three reasons.  First, if Plaintiffs had evidence to defeat summary judgment it needed to be submitted in connection with the response brief.  Otherwise, Defendants are deprived of the opportunity to reply thereto.  Second, Plaintiffs offer no solution to cure the prejudice created by supplementing the record after the briefing is closed.  Third, Plaintiffs list a litany of evidence with which they want to supplement the record, however, Plaintiffs fail to articulate how such supplementation will create facts that are both "material" and "genuine" such that they will defeat summary judgment.  *MacKenzie v. Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005)("[a] disputed fact is 'material' if it might affect the outcome of the suit under the governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").  Each of these issues is addressed briefly below.

4.      With respect to the fact that the evidence needed to be cited in the response brief, the law is clear that in this circuit a plaintiff must cite any evidence in its possession that it intends to use to defeat summary judgment in its response brief.  *See Gephart v. Delmed*, 982 F.2d 528 (10th Cir. 1992)(table).  The failure to do so can result in the entry of summary judgment against the nonmoving party.

5.      Here, Plaintiffs failed to do so. This is problematic because it deprives these Defendants of the ability to reply to Plaintiffs' arguments.

6.      In the event the Court allows Plaintiffs to supplement the record after briefing is closed, these Defendants will incur incurable prejudice because they will not be allowed the opportunity to respond to such supplementation in any cogent fashion.  It is important to note

that Plaintiffs are not requesting supplemental briefing.  It appears that the Plaintiffs request the opportunity to file completely new responses to these Defendants' Motions for Summary Judgment.   Further, Plaintiffs are "supplementing the record" without any indication or discussion of how the proposed supplementation affects the legal issues before the Court.  The Court and the parties are left to guess.

7.     Indeed, Plaintiffs' Motion to Supplement fails to articulate how the supplementation will create an issue of fact that is either "genuine" or "material" such that it would preclude the entry of summary judgment.  If Plaintiffs had raised these evidentiary issues in its Response, as is customary and proper, Defendants would have had the opportunity to brief and explained to this Court why the evidence cited by Plaintiffs is neither "genuine" nor "material."

8.     However, by filing such evidence by way of "supplementation" rather than filed in connection with a brief deprives Defendants of any meaningful opportunity to address whatever issues Plaintiffs are attempting to raise after the briefing is closed.

9.     Plaintiffs' cite Fed.R.Civ.P. 56(e)(1) for authority for their requested supplementation.  A reading of Fed.R.Civ.P. 56(e)(1) would indicate that is not the proper authority under these circumstances.  Rule 56(e) addresses what a court may do, not the parties involved.  Moreover, 56(e)(2)-(4) would support entry of summary judgment rather than the relief sought by Plaintiffs.

10.     Substantively, Plaintiffs' motion refers to purported facts that upon close examination are immaterial to the pending Motions for Summary Judgment.   By way of example, Plaintiffs' attorney wants to submit hearsay evidence that Defendant Cindy Hardey was

the only witness at a hearing in the underlying misdemeanor case involving the Plaintiffs. Portions of the hearing transcripts were submitted as exhibits to the motions filed by the Park County Defendants.  It is noteworthy that in Plaintiffs' Motion to Supplement there is no dispute that the County Court Judge in the misdemeanor case found probable cause to believe that the animals suffered from animal cruelty.  Similarly, Plaintiffs seek to supplement information concerning their care for "Maggie."  Maggie was a horse found at Echo Valley Ranch that was in deplorable condition in near death.  Maggie eventually died within a few days of the Defendants' first observation of the horse.  Plaintiffs' attempt to supplement information concerning their care for Maggie is immaterial to the Motions for Summary Judgment to the extent that Maggie was not one of the horses removed from Echo Valley Ranch and was never a subject of any animal cruelty charge.

11.    Accordingly, for all the foregoing reasons, Plaintiffs' Motion to Supplement should be denied.

Respectfully submitted this 5th day of February, 2015.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR PARK COUNTY
DEFENDANTS

4

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of February, 2015, I caused a true and correct copy of the foregoing  to be filed via the ECF system, with notice of same being electronically served to the following:

Brice A. Tondre, Esq.                         John M. Lebsack, Esq.
Brice A. Tondre, P.C.                         Adam Goldstein, Esq.
215 S. Wadsworth Blvd., Ste. 500              White and Steele, P.C.
Lakewood, CO 80226-1566                       600 17th Street, Ste. 600N
*Attorney for Plaintiffs*                     Denver, CO 80202
                                              *Attorneys for Defendant Ashleigh Olds*


*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Kala Cyganiewicz*

5