**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.     13-cv-02469-RM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

---

**PARK COUNTY DEFENDANTS' OBJECTION TO "REPORT &
RECOMMENDATION ON COUNTY DEFENDANTS' MOTION FOR JUDGMENT
ON THE PLEADINGS"**

---

Park County Defendants, Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener, by and through their attorney, Timothy P. Schimberg of Fowler, Schimberg & Flanagan, P.C., hereby submit their Objection to Magistrate Judge Watanabe's "Report & Recommendation on County Defendants' Motion for Judgment on the Pleadings Pursuant to Fed.R.Civ.P. 12(c) Regarding Plaintiffs' Official Capacity Claims (Docket No. 63)" [Doc. 90], and in support thereof, state as follows:

1.   On January 23, 2015, Magistrate Judge Watanabe entered a Recommendation [Doc. 90], that Defendants' Motion for Judgment on the Pleadings Re: the Official Capacity Claims [Doc. 63] be denied.

2.	In the Recommendation, Magistrate Judge Watanabe determined that based on the substantive law governing this Section 1983 action, Plaintiffs' Amended Complaint stated an official capacity claim. Magistrate Judge Watanabe cited the correct law governing a Section 1983 action, but incorrectly applied *Twombly* and *Iqbal*[1] standards to the allegations of Plaintiffs' Amended Complaint. Accordingly, the Court should not adopt Magistrate Judge Watanabe's Recommendation and should instead enter an Order of Dismissal for all of the reasons set forth in the Motion for Judgment on the Pleadings [Doc. 63] and the Reply thereto [Doc. 87].

3.	Under Fed.R.Civ.P. 72(b)(2), a party may object to a Magistrate Judge's recommended disposition. Under Fed.R.Civ.P. 72(b)(3), the District Court Judge may accept, reject, or modify the recommendation, take further evidence, or remand the matter to the Magistrate Judge with recommendations. The review is *de novo*. *Id*. "*De novo* review is required when a party files timely written objections to the Magistrate Judge's Recommendation. *De novo* review requires the District Court to consider relevant evidence of record and not merely review the Magistrate Judge's Recommendation." *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). "*De novo* review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

4.	In his Recommendation, the Magistrate Judge found that official capacity/municipal liability could attach to the Sheriff's decision to follow an illegal course of action. *See* Recommendation at 6 (citing, inter alia, *Jenkins v. Wood*, 81 F. 3d 988, 994 (10th Cir. 1996). After citing this legal test, the Magistrate Judge held, "The Amended Complaint alleges,

---

[1] *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

several times, that Sheriff Wegener knowingly directed or ordered unlawful conduct. It also alleges a political motive that, however tenuous, the court must accept as true. Accordingly so long as Sheriff Wegener is 'final policymaking authority' for purposes of *Monell*, the complaint states a plausible claim." Recommendation at 6.

5.      Although the Magistrate Judge does not set forth which allegations from the Amended Complaint he is relying upon, Defendants presume he is relying upon the following allegations:

- Paragraph 19 which alleges: "This outcry was directed at Defendants Wegener and Gore, the sheriff and undersheriff, who succumbed to the political pressure and asked Defendants Priestly and Hardey to arrange for the removal of the six horses from Echo Valley Ranch."

- Paragraph 24 which alleges: "On February 22, 2012, Defendant Hardy, at the direction of Defendants Wegener, Gore, and Priestly, who again succumbed to the political pressure, sought and received a warrant to seize the six horses from the Plaintiffs."

- Paragraph 25 which alleges: "Defendants Priestly, Gore and Wagner, despite their knowledge that the seizure of the horses was not permissible under the facts or the law, directed a party to obtain a warrant."

6.      As the above indicates, the Amended Complaint is the quintessential example of the bare conclusory and formulaic statements prohibited by the *Twombly* and *Iqbal* decisions. As described by a Pennsylvania Federal District Court, these two cases collectively announce that "there is 'new sheriff in town'…and his name is '*Twiqbal*'." *RHJ Med. Ctr., Inc. v. City of Dubois*,

3

754 F. Supp. 2d 723, 730 (W.D. PA 2010). The necessary 2-step analysis for evaluation of claim sufficiency was not performed. First, conclusory or bold allegations must be discarded. Second, the claim must then be examined to determine whether the remaining allegations set out "enough facts to state a claim to relief that is *plausible* on its face. *Iqbal*, 556 U.S. at 679.

7. Plaintiffs' claims are supported by nothing more than conclusory allegations. There are no well-pled facts that demonstrate specific deficiencies.

8. While a Complaint attacked by a Motion to Dismiss for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). To survive a Motion to Dismiss for failure to state a claim upon which relief can be granted, factual allegations must be enough to raise a right to relief above the speculative level. *Id*. The general rule governing pleadings still requires a showing, rather than a blanket assertion, of entitlement to relief. *Id*.

9. The requirement that a pleading contain a short and plain statement of claim showing the pleader is entitled to relief demands more than unadorned stark the defendant "unlawfully harmed me" type accusations. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A pleading that offers labels and conclusions or formulaic recitation of the elements of cause of the cause of action will not do, nor does the Complaint suffice if it tenders naked assertions devoid of further factual enhancement. To survive a Motion to Dismiss a Complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its late space. The claim has facial plausibility when a plaintiff pleads factual content that allows a court to draw the reasonable

factual inference that the defendant is liable for the misconduct alleged. *Id*. The plausibility standard for a Complaint to survive a Motion to Dismiss for failure to satisfy the short and plain statement requirement is not akin to a probability requirement, but asked for more than sheer possibility that a defendant has acted unlawfully. *Id*.

10. Indeed, before *Twombly* and *Iqbal*, the law was clear in this circuit that a court in reviewing a Motion to Dismiss did not need to accept conclusory allegations as being true. *Mitchell v. King,* 537 F.2d 385, 386 (10th Cir. 1976); *Khalik v. United Air Lines,* 671 F.3d 1188, 1190-92 (10th Cir. 2012).

11. In this case, the allegations that Magistrate Judge Watanabe accepted as true were not the type of allegations that he should have accepted as being true under *Twombly* and *Iqbal*. Instead, these are the classic types of conclusory allegations or formulaic recitation of elements that a court should not accept as true in reviewing a motion under Rule 12(c). The allegations, read as a whole, simply do not contain a short and plain statement that shows that the pleader is entitled to relief above the speculative level. The plausibility test has not been met.

12. Accordingly, this Court should reject Magistrate Judge Watanabe's Recommendation and should enter judgment on the pleadings in favor of the Sheriff and against the Plaintiffs regarding Plaintiffs' official capacity claim against the Sheriff. Alternatively, although the summary judgment deadline has passed, this Court should grant Defendants leave to file a Motion for Summary Judgment because the course of discovery has revealed that there are no facts to support the bare conclusory allegations that Plaintiffs have alleged in their Amended Complaint to support an official capacity claim against the Sheriff. Similarly, for all the same reasons set forth and discussed in the Motion for Summary Judgment Regarding Individual

Capacity Claims, the Sheriff is entitled to summary judgment as the legal arguments apply with equal force herein, i.e., the lack of personal participation.

Respectfully submitted this 6th day of February, 2015.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR PARK COUNTY DEFENDANTS

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of February, 2015, I caused a true and correct copy of the foregoing **PARK COUNTY DEFENDANTS' OBJECTION TO "REPORT & RECOMMENDATION ON COUNTY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS"** to be filed via the ECF system, with notice of same being electronically served to the following:

| | |
|---|---|
| Brice A. Tondre, Esq.<br>Brice A. Tondre, P.C.<br>215 S. Wadsworth Blvd., Ste. 500<br>Lakewood, CO 80226-1566<br>***Attorney for Plaintiffs*** | John M. Lebsack, Esq.<br>Adam Goldstein, Esq.<br>White and Steele, P.C.<br>600 17th Street, Ste. 600N<br>Denver, CO 80202<br>***Attorneys for Defendant Ashleigh Olds*** |

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Kala Cyganiewicz*