UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.13-cv-02469-RM-MJW

RANDALL J. HATLEE and
RONALD L. SWIFT

Plaintiffs,
vs.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE
FRED WEGENER and
ASHLEIGH OLDS,

Defendants.
_____

**REPLY IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD WITH RESPECT TO SUMMARY JUDGMENTS MOTIONS NUMBER 61, 64, 65 and 66**
_____

Now come the Plaintiffs and for their reply in support of their motion to supplement the record with respect to summary judgment motions number 61, 64, 65 and 66 [#95] state:

1. The relief sought by Plaintiffs is authorized by Rule 56(e) F.R.C.P. which was added in 2010. The revised rule clearly provides that summary judgment may not be entered automatically upon the non-moving party's failure to respond at all or to respond properly. *Heinemann v. Satterberg,* 731 F.3d 914, 916-917 (9th Cir. 2013); *Fabrikant v. French*, 691 F.3d 193, 205n. 18 (2nd Cir. 2012). Instead, summary judgment may be granted only if it is appropriate to do so. Rule 56(a). The advisory committee note with respect to the 2010 amendments quotes the Supreme Court's statement in *Anderson v. Liberty Lobby, Inc*., 477 U.S.

1

242, 255 (1986) where it states: "Neither do we suggest that trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case in which there is reason to believe that the better course would be to proceed to a full trial."

2. The Defendants, in their opposition to Plaintiffs' motion, are asking the Court to hold that a controverting fact should be disregarded if it is not supported by a pinpoint reference to the record. This approach is contrary to the intent of Rule 56(a).

3. While Plaintiffs' believe that their briefs ,the supporting Exhibits and the index to the exhibits provide facts which require denial of all motions for summary judgment. The index to the exhibits provides a chronological presentation of the facts which support Plaintiffs' claims.

4. Because of the format of the motion and the exhibits it is difficult to present a response. If the Court believes that important facts have not been responded to or have not been properly presented, Plaintiffs request that they be so advised and allowed to correct the deficiency.

5. In her reply in support of her motion for summary judgment [#81 pp. 9-13] Dr. Olds Raises, for the first time, a claim that a finding by the judge in the underlying case that there was probable cause to charge plaintiffs with animal cruelty is a bar to both claims against her. The Court must either refuse to consider this argument or allow the Plaintiffs to respond to it. *Beaird v. Seagate Technology, Inc.*, 145 F. 3d 1159,1163-1165 (10th Cir. 1998).

6. A finding by the judge in the underlying case is not dispositive. In *DeLoach v Bevers,* 922 F.2d 618, 621-622 (10th Cir. 1990) the court reiterated that, where the judicial finding of probable cause is based on information the officer knew to be false or would have known to be

false had he not recklessly disregarded the truth not only violates the fourth amendment, but the officer would not be entitled to qualified immunity. The court also pointed out that, while probable cause is usually a issue decided by a judge, if there is room for a difference of opinion it is an issue for the jury in a civil rights case. The court pointed out that the underlying question in determining probable cause is reasonableness, which is a classic jury issue. *Id*. 623. Further, the court noted that neither a prosecutor's decision to charge or not to drop a charge nor a grand jury's decision to charge shields one who supplied misleading information which influenced the decision. Such person cannot hide behind the officials whom he defrauded. *Id*. 621

7.  Dr. Olds asserts at page 16 of her motion [#61]: "The relevant inquiry is not whether Dr. Olds satisfied a professional duty of care or rendered a correct final diagnosis. Instead the relevant question I whether Dr. Olds had a reasonable good faith basis to suspect that the horses had been subjected to cruelty or neglect. C.R.S. §12-64-121." In their brief in opposition to the foregoing [# 67, pp. 2-3] Plaintiffs asserted that a licensed veterinarian can only have reasonable cause to know or suspect animal cruelty it she arrives at her conclusion through adherence to the standard of care for a veterinarian. In her reply brief [#81], Dr. Olds argues for the first time a requirement that she follow the standard of care in arriving at her report "is contrary to the plain language of the statute". In fact she includes a new section on the alleged difference between reasonable cause and probable cause. This is an important concept because it impacts both the state and federal claims.

8.  Under both the federal standard and the state standard reasonableness is required. Reasonableness is a fact issue and is judged against the training of a reasonable person. The landmark case, *Malley v. Briggs*, 475 U.S. 335, 345-346 (1986), illustrates the point by the

following statement:

> …The analogous question in this case is whether a reasonably well-trained officer in petitioner's position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant. If such was the case, the officer's application for a warrant was not objectively reasonable, because it created the unnecessary danger of an unlawful arrest. It is true that in an ideal system an unreasonable request for a warrant would be harmless, because no judge would approve it. But ours is not an ideal system, and it is possible that a magistrate, working under docket pressures, will fail to perform as a magistrate should. We find it reasonable to require the officer applying for the warrant to minimize this danger by exercising reasonable professional judgment.

9. This case is not about the report of suspected animal cruelty. It is about a veterinarian who advocated taking of Plaintiffs' property and freedom. Three veterinarians have testified that Dr. Olds approach was unreasonable.

10. Dr. Olds' persistent pursuit of the prosecution of Plaintiffs and the seizure of their horses without doing the diagnostic workup required by the veterinary standard of care was reckless and unreasonable. Like *Wagenmann v. Adams*, 829 F.2d 196 (1stCir. 1987), Olds, Wright, Courtney and the Ferraros exerted influence over the Sheriff's office people causing them to seize their property and prosecute them.

11. Dr. Olds' thank you to everyone who put pressure on the Sheriff's Office (Exhibit 14), all of the pressure demonstrated by Exhibits 8 through 13 and Undersheriff Gore's "we are her for you" statement (Exhibit 19) in response to Dr. Olds' criticism of the order that the horses be returned to Plaintiffs (Exhibit 19) clearly demonstrate the joint activity between the Sheriff's Office and Dr. Olds.

12. *Pierce v. Gilchrist*, 359 F.3d 1279, 1292-1293 (10th Cir. 1990) holds that a forensic analyst who prevaricates and distorts evidence to convince the prosecuting authorities to press charges or continue to prosecute charges is no less reprehensible than an officer who, through

false statements, prevails upon a magistrate to issue a warrant. The prevaricator cannot hide behind the prosecutor, the magistrate or the officer whom he has defrauded.

13. Plaintiffs wish to supplement their response to Dr. Olds' motion with a response to the assertion in her reply brief that the reporting statute does not require that she follow the standard of care in order for her to be acting reasonably and in good faith. Dr. Olds argues that she is only held to a "low statutory standard of a good faith report of *suspected* animal cruelty." (#61, p.16) Asserting that Plaintiffs starved their horses without conducting a diagnostic analysis is not done in good faith. Dr. Olds was not attending or treating the 6 horses and had no obligation to report a condition which was already under consideration. Her conduct after she was told to take Bear and leave was a vindictive effort directed at Plaintiffs.

14. When the approach of Dr. Olds in this case is compared with the published protocol of her clinic (Exhibit 12) and with the testimony and reports of Drs. Burton and Horton (Exhibit 22, 23, 34 and 43 ) it would be reasonable to conclude that Dr. Old' assertion that the horses clearly had been starved was, if not intentional, reckless.

Plaintiffs request the following:

(a) That the Court accept Exhibits 42, 43 and 44;

(b) That the Court grant Plaintiffs leave to file a brief on the issues of the veterinary standard of care being an element of probable cause for both the federal claim and the state claim;

(c) That the Court notify Plaintiffs of and allow them to correct any failure to respond at all or respond properly to alleged facts perceived by the Court or allow Plaintiffs to correct any of such failures which they perceive.

/s/ Brice A. Tondre

_____
Brice A. Tondre
215 South Wadsworth Blvd., #500
Lakewood, Colorado   80226
Telephone:  303-296-3300
Facsimile: 303-238-5310
briceatondrepc@msn.com

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on this the 12th day of February, 2015, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of filing to the following.

Timothy P. Schimberg
t_schimberg@fsf-law.com

John Lebsack
jlebsack@wsteele.com

/s/ Brice A. Tondre

_____