UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.13-cv-02469-RM-MJW

RANDALL J. HATLEE and
RONALD L. SWIFT

Plaintiffs,
vs.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE
FRED WEGENER and
ASHLEIGH OLDS,

Defendants.
_____

**PLAINTIFFS' REPLY TO THE PARK COUNTY DEFENDANTS' OBJECTION TO THE REPORT AND RECOMMENDATION USMJ WATANABE REGARDING THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**
_____

Now come the Plaintiffs and for their reply to the Park County Defendants' objection to the report and recommendation of USMJ Watanabe with respect to their motion for judgment on the pleadings [99] states:

### I.    INTRODUCTION

The Park County Defendants' objection relates to one motion out of a series of four which they filed after the close of discovery. Three were motions for partial summary judgment and one was the motion for judgment on the pleadings which is the subject of their objection to which Plaintiffs are responding.

1

The motions which are awaiting decision are:

a. Motion for summary judgment regarding damages [#66];

b. Motion for summary judgment regarding contract claim [#64];

c. Motion for summary judgment regarding individual capacity claims [#65].

Obviously the motion for judgment on the pleadings regarding official capacity claims [#63] is related to the motion regarding individual capacity claims [#65] and is in fact related to the contract claim which is against the Sheriff's Office [#64].

## II.     STANDARD OF REVIEW

Pursuant to Rule 72(b)(3) F.R.C.P. the objection to Judge Watanabe's Report & Recommendation must be specific. An objection is sufficiently specific if it "enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996.

Dismissal of a case on the pleadings is reviewed *de novo*. *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). In deciding a motion on the pleadings the court must accept all facts pleaded by the non-moving party as true and grant all favorable inferences from the pleadings in that party's favor. "Judgment on the pleadings is appropriate only when the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Sanders v. Mountain America Federal Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012).

If the pleadings are not adequate to state a claim Plaintiffs must be given leave to amend to conform to the facts which have been developed through discovery. In this jurisdiction the court typically does not dismiss a complaint without giving the plaintiff opportunity to amend.

*Hall v. Bellmon*, 935 F.2d 1106, 1109-1111 (10th Cir. 1991).

A motion for judgment on the pleadings can be made any time after the pleadings are closed but must be made early enough not to delay trial. Rule 12(c) F.R.C.P.

### III.    OBJECTION OF THE PARK COUNTY DEFENDANTS

As noted above, the objections must clearly set forth the errors of fact and law made by Judge Watanabe. The Park County Defendants do not do so. They merely argue that the pleadings do not satisfy *Bell Atlantic Corp v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). This is a rather disingenuous argument since they spent well over a year doing extensive discovery before deciding to challenge the pleadings on a basis which, if valid, would have prevented discovery. Interestingly, they do not mention what discovery disclosed regarding the official liability of the Sheriff's Office.

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) requires that the complaint must contain enough to give defendants fair notice of plaintiff's claims and the grounds for those claims. Neither detailed factual allegations nor evidentiary-level factual showings are required. *Twombly* at 555 and *Iqbal* at 678. The pleader must show that their allegations possess enough heft to show an entitlement to relief and thereby sufficient to allow the costly process of litigation to continue. *Twombly* at 557. Pleaders must allege enough facts to raise their claims beyond the level of speculation and must nudge their claims across the line from conceivable to plausible. *Twombly* at 570. The facts they plead must be sufficient to give rise to a reasonably founded hope that the discovery process will reveal relevant evidence in support of their claims. *Twombly* at 559.

A claim will not be dismissed because the factual allegations do not support the pleader's

chosen legal theory, if those allegations would provide for relief under another potential theory. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014).

## IV. LEGAL STANDARDAND FACTUAL BASIS FOR OFFICIAL CAPACITY

When the policy makers are involved in the unconstitutional conduct, the entity is liable for their conduct. *Butcher v. McAlester*, 956 F.2d 973, 977-988 (10th Cir. 1992).When policy makers order or sanction unconstitutional conduct, the entity is liable. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). When policy makers ratify unconstitutional conduct, the entity is liable. *St. Louis v. Praprotinik*, 485 U.S. 112 (1988).

When the unconstitutional conduct is the result of failure to train, the entity is liable. *Canton v. Harris*, 489 U.S. 378 (1989). This is a particularly significant aspect of this case. Deputy Hardey testified that she did not know that use of false statements in and material omissions from an affidavit for a search warrant was a violation of the Fourth Amendment. Sheriff Wegener testified that it was Sgt. Priestly's duty to train Deputy Hardey with respect to the requirements for obtaining a search warrant. The testimony is that Priestly did not train Hardey. (Ex. 29 pp.13-14 to summary judgment opposition briefs.)

The lack of training is not surprising since Sheriff Wegener exhibited his ignorance of the standard for issuance of a warrant. He testified that a search warrant is obtained if you have a reasonable suspicion that an individual is violating the law in order to obtain evidence that a crime may have been committed. That is the standard for a Terry stop, but is not probable cause for issuance of a search warrant. Probable cause requires that the facts and circumstances known to the officer are sufficient to warrant a reasonable, well trained officer in believing that the suspect has or is committing a crime.

Deputy Hardey was not criticized or disciplined for her bad faith omissions from the affidavit. Sheriff Wegener testified her conduct was not bad faith but merely a mistake. If it was a mistake it was due to lack of training for which the entity is liable.

Sheriff Wegener's duties are to run the jail, keep the peace and supervise Undersheriff Gore. When the Sheriff's Office became inundated with the e-mail blast and telephone calls from individuals who were protesting the failure to seize the horses on February 16, 2012 as demanded by Dr. Olds, some of whom were threatening to take matters into their own hands, Sheriff Wegener delegated the task of appeasing the protestors to Undersheriff Gore.

The first thing Gore did was to delegate the task of moving the horses into protective custody to Priestly who in turn delegated the task to Hardey. On February 19, 2012, Hardey was successful in obtaining the agreement of Hatlee and Swift to move the horses to the LeBeau ranch where they were housed indoors. In return for taking this burden off the back of the Sheriff's Office, it was agreed that Plaintiffs would be given 30 days to prove they had not neglected the animals and thereby avoid prosecution. This was a valid and binding contract which was sought by the sheriff in his duty to keep the peace. Amended Complaint paras. 19, 20, 21.

However, moving the horses to the LeBeau ranch caused the outroar to increase. On February 21, 2012, Priestly received a threatening e-mail which she forwarded to Gore. After receipt of the e-mail Gore contacted Dr. Olds and inquired whether she would take temporary custody of the horses. On February 22, 2012, Olds responded that she would. On February 22, 2012, Hardey applied for and received the search warrant. All of this followed a conference attended by Wegener, Gore and Priestly on February 21, 2012. It is reasonable to infer from the

series of events on February 21 and 22, 2012, that seizure of the horses was being planned by Wegener, Gore and Priestly and that Hardey was directed to obtain the warrant. This would explain why Hardey omitted material facts and why she was not disciplined for doing so. Amended Complaint paras. 22, 23, 24, 25.

The entire chain of policymakers, delegators, delegatees, supervisors and trainers were engaged in the unconstitutional conduct. The amended complaint gave the Park County Defendants fair notice of the claims against them and the grounds for those claims. Neither detailed factual allegations nor evidentiary-level factual showings are required. The discovery process has revealed relevant evidence in support of Plaintiffs' claims.

On page 5 of his Report, Magistrate Judge Watanabe clearly articulated five different ways in which municipal liability could arise here. The Park County Defendants do not discuss the applicability of any of the five. They dwell instead on the adequacy of the pleadings. Without being specific, they argue, in a conclusory and formulaic manner, that Plaintiffs' amended complaint is conclusory and formulaic. Consequently, they have violated Rule 72(b)(3) in that they have failed to specifically object to Judge Watanabe's Report.

As can be seen from Sheriff Wegener's deposition (Ex. 24, pp. 9, 30-31 to summary judgment opposition briefs), he was personally involved with the efforts made to appease "the folks that were getting a little bit excited about us making sure we're doing a proper investigation" and in the decisions made and the action taken with respect to the threats which were coming to the Sheriff's Office. It was these threats which drove them to the unconstitutional seizure and prosecution.

It is respectfully submitted that the allegations and the law require that the Court accept

the recommendation of Judge Watanabe and deny the motion for judgment on the pleading.

        Respectfully submitted,

        /s/ Brice A. Tondre

        _____

        Brice A. Tondre
        215 South Wadsworth Blvd., #500
        Lakewood, Colorado   80226
        Telephone:  303-296-3300
        Facsimile: 303-238-5310
        briceatondrepc@msn.com

        ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of February, 2015, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of filing to the following.

    Timothy P. Schimberg
    t_schimberg@fsf-law.com

    John Lebsack
    jlebsack@wsteele.com

        /s/ Brice A. Tondre

        _____