**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.      13-cv-02469-RM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

**PARK COUNTY DEFENDANTS' REPLY IN SUPPORT OF ITS OBJECTION TO
THE MAGISTRATE'S REPORT AND RECOMMENDATION**

"Park County Defendants," Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener, by and through their attorney, Timothy P. Schimberg of Fowler, Schimberg & Flanagan, P.C., hereby submit their Reply in Support of their Objection to Magistrate Watanabe's "Report and Recommendation on County Defendants' Motion for Judgment on the Pleadings Pursuant to Fed.R.Civ.P. 12(c) Regarding Plaintiffs' Official Capacity Claims (Docket No. 63)" and in support thereof, state as follows:

### I.    PLAINTIFFS' "OFFICIAL CAPACITY" CLAIM SHOULD BE DISMISSED

The original Motion for Judgment on the Pleadings [Doc. 63] relates to the official capacity claim. The only named Defendant sued in his official capacity is Sheriff Fred Wegener. That is what is at issue.

This Reply is made necessary because of the obvious disconnect between the statements set forth in Plaintiffs' Reply [Doc. 101] in juxtaposition to the Plaintiffs' First Amended Complaint. It is as if Plaintiffs reference an entirely different lawsuit then the one they filed. For example, Plaintiffs spend several pages in their "Reply" discussing a "failure to train" or a "lack of training" as an "aspect of this case." However, nowhere in Plaintiffs' First Amended Complaint are such phrases referred to nor anything close to a theory to support a claim for relief based upon a training theory. There is no express claim for relief based upon allegations of unconstitutional conduct in relation to training by the Park County Sheriff's Office. Not one word in the First Amended Complaint relates to training. The word "training" is nowhere to be found. Yet, out of thin air, in a transparent attempt to avoid dismissal because of a failure to properly state a claim, Plaintiffs attempt to obfuscate, by argument, but ignore the reality of their own suit.

These Defendants do not quibble that a failure to train may be properly thought of as a government policy and actionable under § 1983. These Defendants simply focus the Court's attention on Plaintiffs' First Amended Complaint where there is no such claim brought nor even hinted at no matter how liberally and broadly the Plaintiffs' allegations are read. More is required.

Without a well-pled First Amended Complaint, the allegations of Plaintiffs' Reply rest on nothing more than conclusory allegations and argument of counsel. Such is insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

Judge Watanabe's "Report and Recommendation" cite to certain paragraphs of the First Amended Complaint at pages 2-3. A review confirms the above. Further, the paragraphs referred to by Magistrate Judge Watanabe illustrate that there are no well-pled facts that demonstrate sufficient deficiencies in the training of any Park County Sheriff's Office employee or deputies or officers. Plaintiffs' First Amended Complaint offers no plausible facts to support the sweeping statements in their Reply to these Defendants' Objection. Again, no quibble with the idea that a well-pled Complaint can state a claim for relief on a failure to train theory to support an official capacity claim, it just does not exist in this case. Similarly, there is absolutely no hint or suggestion, much less a well-pled factual statement that any failure to adequately train resulted from "deliberate indifference" to the damage that may have been caused. Such is required. *Bryson v. City of Okla. City,* 627 F.3d 784 (10th Cir. 2010).

Furthermore, nowhere in the First Amended Complaint is there any citation to, description of, or reference to, a specific "policy" or "custom" that rises to the level of a recognized constitutional violation.

The above-referenced disconnect is clear by a simple comparison between what was pled in the First Amended Complaint versus the creative script set forth in Plaintiffs' Reply.

Lastly, these Defendants believe that Plaintiffs' entire section "IV. Legal Standard Factual Basis for Official Capacity" should be stricken. It simply consists of counsel diatribe that has not referenced anything in the record. This is the identical problem all Defendants had with Plaintiffs' response briefs to the pending dispositive motions. It may make for interesting reading, but it should not be found acceptable in a court of law that requires well-pled facts and references to such in the record.

## II.     CONCLUSION

The allegations that Magistrate Judge Watanabe cited to in his "Report and Recommendation" are not the type of allegations that should have been accepted as true under the holdings of *Twombly* and *Iqbal*.

Plaintiffs' attempt to now suggest a failure to train theory fails because there is a complete absence of any well-pled facts referencing or supporting such a theory.

Respectfully submitted this 27th day of February, 2015.

> *(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*
>
> */s/ Timothy P. Schimberg*
>
> Timothy P. Schimberg
>
> FOWLER, SCHIMBERG & FLANAGAN, P.C.
> 1640 Grant Street, Suite 150
> Denver, Colorado 80203
> (303) 298-8603
>
> ATTORNEY FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

## CERTIFICATE OF SERVICE

   I hereby certify that on this 27th day of February, 2015, I caused a true and correct copy of the foregoing **PARK COUNTY DEFENDANTS' REPLY IN SUPPORT OF ITS OBJECTION TO THE MAGISTRATE'S REPORT AND RECOMMENDATION** to be filed via the ECF system, with notice of same being electronically served to the following:

| | |
|---|---|
| Brice A. Tondre, Esq.<br>Brice A. Tondre, P.C.<br>215 S. Wadsworth Blvd., Ste. 500<br>Lakewood, CO 80226-1566<br>*Attorney for Plaintiffs* | John M. Lebsack, Esq.<br>Adam J. Goldstein, Esq.<br>White and Steele, P.C.<br>600 17th Street, Ste. 600N<br>Denver, CO 80202<br>*Attorneys for Defendant Ashleigh Olds* |

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Kala Cyganiewicz*

Kala Cyganiewicz

5