# EXHIBIT B

## PARK COUNTY DEFENDANTS' (HARDEY, PRIESTLY, GORE & WEGENER) "WITNESSES" TO NO. 6 OF THE FINAL PRETRIAL ORDER

a.  List the non-expert witnesses to be called by each party. List separately.

   (1)  Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

   a.  Cindy Hardey. Contact information has been previously disclosed. Ms. Hardey will testify as to her visits to the Echo Valley Ranch in 2012. This will include why she went and what she personally observed. She will discuss the investigation that she performed, the persons that she spoke with and her decision regarding the application for a search warrant to issue. She will testify as to the condition of the horses that she personally observed. She will testify as to the health and recovery of the horses once removed from Echo Valley Ranch. Ms. Hardey will testify that her affidavit in support of the search warrant was not made in bad faith and the county court did not use that phrase in characterizing it. She will testify as to her motivations and decision making which were to protect the horses involved.

   b.  Sergeant Bobbi Priestly. Contact information has been previously disclosed. Sgt. Priestly will testify as to her knowledge of the events that occurred in February, 2012 and the ensuing months. She will testify as to her role as an animal control officer with the Park County Sheriff's Office. She will testify in accordance with her reports and as to her personal recollection of the events as they transpired to include removal of the horses, the care and treatment of the horses while away from Echo Valley Ranch and the recovery process prior to their return.

   c.  Undersheriff Monte Gore. Contact information has been previously disclosed. Undersheriff Gore will testify as to the communications he received in regards to the condition of the horses at the Echo Valley Ranch that eventually were removed. He will testify as to the reasons for removing the horses from Echo Valley Ranch and eventually to the Harmony Equine Center. He will testify as to communications received from the horse community in the

      Evergreen, Colorado area. He will testify that his actions or conduct were not related to any type of "political pressure."

   d. Sheriff Fred Wegener. Contact information has been previously disclosed. Sheriff Wegener will testify as to his knowledge of the events resulting in a welfare check performed by Cindy Hardey of some horses at the Echo Valley Ranch in February, 2012. He will testify as to his knowledge of the condition of the horses per reports that he reviewed as well as what he heard in a telephone conversation with veterinarian, Fay Burton. He will testify in accordance with the records previously provided.

   e. Ashleigh Olds, DVM. It is anticipated that Dr. Olds will testify concerning the request that she go to Echo Valley Ranch on February 16, 2012 at the behest of Routt County Sheriff's Office. She is expected to testify as to her observations at the ranch, the conditions of the horses that she personally observed.

   f. Peter Petlak. 34396 High Vue Drive, Pine, Colorado. It is anticipated that Mr. Petlak will testify in person concerning his past friendship with the Plaintiffs, his observations of their treatment of horses, that as a result of being financially strapped, the quality and quantity of hay was not what it should have been. He will testify in accordance with his deposition testimony.

(2) Witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)):

   a. Deputy Dawn Smith. Deputy Smith is an animal control officer with the Routt County Sheriff's Office. It is anticipated that she will testify regarding her personal observations of horses Little Feather and Bear while they were in Routt County and after they were moved to the Echo Valley Ranch. She will testify about her personal observations of Bear in February, 2012 as well as personal observations of some of the other horses at the Echo Valley Ranch property. She will testify that her personal observations led to her contacting the Park County Sheriff's Department to report the horses were extremely thin/emaciated.

   b. Deputy Cindy Del Valle. Deputy Del Valle is an animal control officer with the Routt County Sheriff's Office. It is anticipated that she will testify regarding her personal observations of horses Little Feather and Bear while they were in Routt County and after they were moved to the Echo Valley Ranch. She will testify about her personal observations of Bear in February, 2012 as well as personal observations of some of the other horses at the Echo

2

Valley Ranch property. She will testify that her personal observations led to her contacting the Park County Sheriff's Department to report the horses were extremely thin/emaciated.

c.  Thom LeDoux, the District Attorney of the Eleventh Judicial District of Colorado. He was the lead prosecutor in the misdemeanor case against the Plaintiffs. He will testify that it was his decision to continue prosecution of the Plaintiffs because there was a good faith basis and a reasonable belief that animal neglect/abuse had occurred at Echo Valley Ranch.

d.  Corporal Jenny Plutt. Cpl. Plutt is an employee of the Park County Sheriff's Office. She was present at Echo Valley Ranch on February 16, 2012. She will testify as to her personal observation of the condition of several of the horses. She will be able to identify photographs and what they depict.

e.  Barbara Wright. Ms. Wright is the Chair of the Board of the Harmony Horse Works in Evergreen, Colorado. It is anticipated she will testify concerning the contact by Routt County Sheriff's Office to assist in the seizure of a horse named Bear. It is anticipated she will testify as to Bear's condition upon her observation of the Aspen Creek Veterinary Hospital. It is anticipated that she will testify as to the recovery process of Bear and Bear's condition within weeks/months of removal from Echo Valley Ranch.

f.  Bruce Carpenter. Address unknown. It is anticipated that Mr. Carpenter will testify as to his knowledge of the report of theft of hay from his trailer by Mr. Hatlee and ensuing discussions regarding same.

g.  Deb Wilke, Harmony Equine Center in Franktown, Colorado. She will testify as to the condition of horses removed from Echo Valley Ranch and Kirsten LeBeau's facility to Harmony Horse Works. It is anticipated that she will testify as to the recovery process of the horses and their condition upon return.

h.  Garret Leonard, Harmony Equine Center in Franktown, Colorado. He will testify as to the condition of horses removed from Echo Valley Ranch and Kirsten LeBeau's facility to Harmony Horse Works. It is anticipated that he will testify as to the recovery process of the horses and their condition upon return.

i.  Troy Murdoch. It is anticipated that he will testify as to his personal observations and recollections of Echo Valley Ranch as it existed

3

on February 16, 2012 when he went there to assist Dr. Olds. He will testify as to transporting Bear to the Aspen Creek Veterinary Hospital, what was done upon arrival, and the care treatment evaluation of Bear at Aspen Creek Veterinary Hospital.

j. Amy Murdoch, DVM. Dr. Murdoch will testify as to Bear's condition upon arrival at Aspen Creek Veterinary Hospital and Bear's recovery process.

k. Scott Toppin, DVM. Associated with Littleton Equine Hospital. He was personally involved in the care of six horses removed from Echo Valley Ranch and taken to Harmony Equine/Dumb Friends League in Franktown, Colorado. He will testify concerning his personal observation of the horses and their condition as well as their recovery process.

l. Any witness identified and endorsed by Defendant Ashleigh Olds, DVM.

(3) Witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

a. None anticipated at this time.

b. List the expert witnesses to be called by each party. List separately:

(1) Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

a. Richard Leone, DVM. He is a veterinarian and a rancher who will testify as an expert witness as set forth in his reports provided to counsel. He is expected to testify in person.

(2) Witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

a. Matt Giacomini, Esq. Springer & Steinberg, P.C., 1600 Broadway, Ste. 1200, Denver, CO 80202. A lawyer. Will testify regarding the reasonableness and necessity of the attorneys' fees as claimed damages by Plaintiffs in the underlying misdemeanor case. He is expected to testify in person.

b. Ashleigh Olds, DVM. A veterinarian who will testify regarding her observations at Echo Valley Ranch on February 16, 2012. She will testify as to her assessment of those horses she observed. She will testify as to the transport of Bear to Aspen Creek Veterinary Hospital, as well as the care, treatment and evaluation of Bear

4

while there. She will talk about Bear's recovery process and what happened to Bear. It is expected that she will testify in person.

    c.    Amy Murdoch, DVM. Please see above.

    d.    Courtney Diehl, DVM. A veterinarian who observed Bear while he was in Routt County.

    e.    Jenifer Gold, DVM. A veterinarian retained by Dr.Olds. It is anticipated that she will testify as an expert witness consistent with her reports in this matter.

    f.    Michael Gotchey, DVM. A veterinarian in Steamboat Springs, Colorado (Steamboat Veterinary Hospital). Dr. Gotchey will testify as an expert witness as set forth in the Defendants' Disclosures. He observed Bear while in Routt County. He provided information to Routt County Animal Control Officers concerning the conditions of Bear. It is anticipated that he will testify that botulism is not a proper diagnosis given the reported condition of Bear.

    g.    Thom LeDoux. Please see above.

    h.    Lois Toll, DVM. A veterinarian at the Littleton Equine Hospital. She will testify as set forth in the Defendants' Expert Disclosures. She will testify as to her personal knowledge and observation of six horses that were removed from Echo Valley Ranch and transported from the LeBeau ranch to Harmony Equine/Dumb Friends League. She will discuss tests given, test data, the recovery process and the condition of the horses the last time she saw them.

(3)    Witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

    a.    None anticipated at this time.