UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.13-cv-02469-RM-MJW

RANDALL J. HATLEE and
RONALD L. SWIFT

Plaintiffs,
vs.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE
FRED WEGENER and
ASHLEIGH OLDS,

Defendants.
_____

**PLAINTIFFS' OBJECTION TO THE ORDER OF USMJ WATANABE
STRIKING FAILURE TO TRAIN AND RATIFICATION CLAIMS
FROM THE FINAL PRETRIAL ORDER**
_____

Now come the Plaintiffs and for their objection to the order of USMJ Watanabe striking Plaintiffs' claims of failure to train and ratification [#105] states:

I.   **INTRODUCTION**

At the final pretrial conference held in this case on March 31, 2015, without prior notice, counsel for the Park County Defendants (Hardey, Priestly, Gore and Wegener) made an oral motion to strike the following sentence from the Pretrial Order [#106]:

> Plaintiff also claims there was a failure to train Hardey and a ratification of Hardey's conduct.

Counsel for the Park County Defendants argued that the claims must be stricken because they were not contained in the first amended complaint [#22]. Counsel for Plaintiffs was

1

unprepared to address the issue because of lack of notice. The issue was not presented by written motion and was not referred to USMJ Watanabe by the District Judge. It is respectfully submitted that the proper course would have been for USMJ Watanabe to order that the matter be addressed by written motion.

Instead, he reviewed the first amended complaint [#22] and ruled that it did not contain allegations of failure to train and ratification and for that reason he ordered that the claims be stricken.

As will be demonstrated hereinafter, the issues of training and ratification were extensively litigated in the pretrial proceedings.

### II.     PRETRIAL LITIGATION OF THE CLAIMS

The judge in the underlying case ruled that the seizure warrant issued at the request of Defendant Hardey was obtained through the bad faith omission of material facts from her affidavit in support of issuance of the warrant.

In her deposition Hardey, a deputy sheriff, testified that she did not know that it was a violation of the Fourth Amendment to obtain a seizure warrant by false statements and/or material omissions. This testimony was obtained by Plaintiffs without objection to its relevance.

Defendants Sgt. Priestly, Undersheriff Gore and Sheriff Wegener were questioned in their depositions regarding the training of Deputy Hardey and whether she had been criticized or disciplined for her conduct in obtaining a warrant through material omissions.

Defendants Gore and Wegener testified that Defendant Priestly was responsible for training Defendant Hardey. Defendant Hardey testified that she was trained by Defendant Priestly but was not taught that obtaining a seizure warrant through material omissions and/or

false statements was a violation of the Fourth Amendment. Defendant Priestly testified she did not train Hardey with respect to warrants.

Priestly, Gore and Wegener testified that they did not criticize or discipline Hardey for failing to include material facts in her affidavit.

Sheriff Wegener testified that Captain Bonnelycke would have talked to Hardey about the problems with the warrant. Bonnelycke testified that he did not.

The Park County Defendants did not object to the relevance of the extensive discovery regarding training and ratification. In fact, they filed their second supplemental disclosures listing all of the training which Hardey received. See Exhibit 1 attached.

### III.  ARGUMENT

Recognizing that Defendants Wegener, Gore and Priestly were sued in both their official and individual capacities, the Park County Defendants moved for judgment on the pleadings with respect to the official capacity claims [#63]. They also filed a motion for summary judgment re: individual capacity claims [#65]

In Plaintiffs' Memorandum in Opposition to Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) regarding Plaintiffs' Official Capacity Claims [#63 & #69], Plaintiffs raised both failure to train and ratification as a defense to the motion.

In his report and recommendation that the motion be denied [#90], USMJ Watanabe noted that a suit against a state actor in his official capacity is, in essence, a suit against the governmental entity. Judge Watanabe cited *Bryson v. City of Okla. City*, 627 F.3d 784 (10th Cir. 2010) which lists five methods by which official capacity liability can be established. They are (1) a formal policy statement which is unconstitutional; (2) a custom or wide spread practice

which is unconstitutional; (3) the unconstitutional decisions of employees with policy making authority; (4) ratification by policy makers of unconstitutional conduct; and (5) foreseeable unconstitutional behavior resulting from failure to train.

A sixth method is when a policy maker orders or sanctions the unconstitutional conduct. *Butcher v. McAlester*, 956 F.2d 973, 977-978 (10th Cir. 1992).

Plaintiffs relied on three of the six methods in their opposition to the motion to dismiss. Their opposition contains supporting authority.

A suit against a state actor in his official capacity brings all three methods into play. The methods relied upon by Plaintiffs were extensively discovered by Plaintiffs and defended by the Park County Defendants.

The claims based on failure to train and ratification were also set for the in Plaintiffs' memorandum in opposition to the motion for summary judgment regarding individual capacity claims [#71] At pages 2 and 3 Plaintiffs set forth their claims that when policy makers are involved in unconstitutional conduct, the entity is liable; when policy makers ratify unconstitutional conduct, the entity is liable; and, when foreseeable unconstitutional conduct is due to failure to train, the entity is liable. Supporting legal authority is set forth in the memorandum.

The Park County Defendants did not object to the assertion of failure to train and ratification as grounds for official capacity liability in the summary judgment briefing. Thus it has been tried by implied consent.

Under these circumstances there are two reasons why Judge Watanabe's decision is incorrect and must be reversed.

One is that, when a state actor is sued in his official capacity, all methods for proving official liability are implicitly in the allegations of the complaint.

Alternatively, by asserting the three methods in opposition to the motion to dismiss and the motion for summary judgment without opposition, they were tried by implied consent . As such, Plaintiffs must be allowed to amend their complaint to specifically plead the three methods. *Ahmad v. Furlong*, 435 F.3d 1196, 1204 (10th Cir. 2006). A motion to amend is forthcoming.

In *Ahmad* at 1204, the Tenth Circuit held that a claim, which is not plead in a complaint or answer, but is raised in summary judgment briefing, constitutes a constructive amendment of the complaint or answer.

Since the Park County Defendants made motions dealing with the question of official capacity, it is clear that they were aware of the issue. Knowledge of the issue clearly brings into play the legal principles by which official capacity is determined.

Since the three methods were fully discovered and the issue briefed on the law, there will be no prejudice to the Park County Defendants.

### IV.     CONCLUSION

USMJ Watanabe erred in striking the above quoted sentence from the Final Pretrial Order. It was done without due process and is contrary to established Tenth Circuit authority. Consequently, the order must be reversed.

Respectfully submitted,

/s/ Brice A. Tondre

_____

Brice A. Tondre
215 South Wadsworth Blvd., #500
Lakewood, Colorado   80226
Telephone:  303-296-3300

Facsimile: 303-238-5310
briceatondrepc@msn.com

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of April, 2015, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of filing to the following.

Timothy P. Schimberg
t_schimberg@fsf-law.com

John Lebsack
jlebsack@wsteele.com

/s/ Brice A. Tondre
_____