**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.      13-cv-02469-RM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

---

**PARK COUNTY DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO THE ORDER OF USMJ WATANABE STRIKING FAILURE TO TRAIN AND RATIFICATION CLAIMS FROM THE PRETRIAL ORDER**

---

Park County Defendants, Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener, by and through their attorney, Timothy P. Schimberg of Fowler, Schimberg & Flanagan, P.C., hereby submit their response to "Plaintiffs' Objection to the Order of USMJ Watanabe Striking Failure to Train and Ratification Claims from the Final Pretrial Order" [Doc. 107]. In support of Magistrate Judge Watanabe's Order, these Defendants respond as follows:

1.      Plaintiffs fully recognize that nowhere in the First Amended Complaint is there any hint or suggestion of a claim based upon a "failure to train" or "ratification."

2.      At the final Pretrial Conference on March 31, 2015, when undersigned counsel raised the subject, Magistrate Judge Watanabe took sufficient time to read the First Amended

Complaint in its entirety.  He did not skim.  He was not cavalier.  He was focused.  At the conclusion, he found no such theory or claim(s) set forth in the First Amended Complaint.  These Defendants invite this Honorable Court to do the same.  Neither "theory" is plead, alleged, or suggested.  End of ballgame.

   3. The case has been fully and exhaustively discovered.  Numerous depositions have been taken.  A trial date has been set.  The deadline for amendments has long since passed.  The Scheduling Order [Doc. 34] set forth the deadline for the amendment of pleadings as January 15, 2014.  Plaintiffs have never requested an extension of that deadline and have never filed a motion to amend.  One would think if the theories now submitted were "exhaustively litigated," that the Plaintiffs would have moved to amend their pleadings.  They have failed to do so.  Plaintiffs have no one to blame.

  There have been five separate modifications of the Scheduling Order and not one of them contained a request or a motion on the part of the Plaintiffs to extend the time period to amend their First Amended Complaint.  Doc. 39, of March 21, 2014, dealt with expert witness designations and rebuttals as well as changes to the discovery cutoff and dispositive motion deadlines.  Doc. 46, of August 20, 2014, extended the discovery cutoff and dispositive motion deadlines.  Doc. 49, of October 30, 2014, extended the discovery cutoff for certain identified witnesses.  Doc. 56, of November 20, 2014, extended the dispositive motion deadline.  Doc. 76, of January 7, 2015, modified the Scheduling Order regarding the date of the final Pretrial Conference.  Several of these motions to modify the Scheduling Order were at the request or motivation of the Plaintiffs.  Again, not once was there any effort or request to change the deadline for amendment of pleadings in order to plead failure to train or ratification.

4.     Plaintiffs concede that their attorney was "unprepared to address the issue because of lack of notice." The admission is accepted as such. Blame directed to the Magistrate Judge or undersigned is not accepted. First, there are experienced attorneys involved in this case. The attorneys know that when one attends a pretrial conference, final or otherwise, there is an expectation that there will be a discussion regarding legal issues, claims, defenses and any other substantive pretrial matter. So to in this case. The fact that Plaintiffs' counsel came unprepared is unfortunate, but not the fault of either the Court or defense counsel. Such an admission is difficult to fathom in light of the fact Plaintiffs have known the contents of their First Amended Complaint since November 1, 2013. What preparation was needed?

A short note is necessary regarding Plaintiffs' suggestion that somehow it was undersigned counsel's obligation to put him on notice. As is often the case, there was a flurry of activity leading up to the filing of the proposed final pretrial order. Each side had previously shared with the other parties to the case their claims and defenses, witness and exhibit lists. In the submissions by Plaintiffs' counsel, the sentence at issue, did not appear and was not part of any subsequent discussion regarding additional language to the "claims" section. Eventually, late in the afternoon of the day the submission was due, counsel made their respective submissions to defense counsel Lebsack's legal assistant. There was no notice provided by Plaintiffs' counsel that he had changed his earlier statement of claims. Because "notice" is raised by the Plaintiffs, these Defendants' response is simply that had the Plaintiffs advised of the amended statement of the claims and the substance of it, there could very well have been a discussion that these Defendants would move to strike. Only in preparing for the conference itself did undersigned see the language at issue.

5. Plaintiffs also suggest that a failure to train issue was litigated in this case and further claim that there were deposition questions regarding training to which there was a no specific "relevance" objection. Undersigned counsel complies with the deposition rules and local customs and does not engage in "speaking objections." However, for Plaintiffs to suggest that there were no objections as "to the form" of such inquiry, is simply untrue. Further, undersigned counsel was not about to terminate a deposition for such a reason as he understands the rules regarding the scope of a deposition and the fact-finding mission that attorneys sometimes engage in. Again, if Plaintiffs thought that they had uncovered or generated sufficient information and evidence to support a new claim, a timely motion to amend would seem to be practical, as well as necessary. Such would leave no doubt as to the Plaintiffs' theory and, more importantly, would have put the Court and Defendants on notice of what they were being hailed into court for. The undisputed failure to do so, is tantamount to an attempted ambush to change the theory of the case.

6. The first time Plaintiffs raised the spectre that they desired to articulate a new failure to train theory appeared in their response to these Defendants' "Motion for Judgment on the Pleadings Pursuant to Fed.R.Civ.P. 12(c) Regarding Plaintiffs' Official Capacity Claims" [Doc. 63]. As pointed out in their Reply, it was as if Plaintiffs were referencing an entirely different lawsuit. Plaintiffs' response did not dispute that their First Amended Complaint failed to identify any official policy or custom, much less one that was violated; that Plaintiffs had failed to cure any deficiencies by way of their previous amendment; and that Plaintiffs' failure to move to amend their complaint was unnecessarily dilatory. Those arguments have continued

4

vitality as it relates to Plaintiffs' new attempt to suggest that a "failure to train" claim has existed in spite of the fact there is no such language to be found in the First Amended Complaint.

Plaintiffs' misstate and misconstrue the basis for Magistrate Judge Watanabe's "Report and Recommendation." Nowhere did he consider or contemplate that a "failure to train" or "ratification" theory or claim existed. His recommendation was quite simple: that based upon the applicable standard of review, he had to accept the pleadings as true and as such, there were sufficient allegations that Sheriff Wegener as the policymaking authority, "directed or ordered unlawful conduct." Nowhere did Magistrate Watanabe consider a failure to train or ratification theory/claim because of the obvious: There are no such claims in the First Amended Complaint.

7.     Similarly, when these Defendants' filed their "Objection to 'Report & Recommendation on County Defendants' Motion for Judgment on the Pleadings" [Doc. 99], the Plaintiffs, instead of addressing the issues, once again, without any support in the record whatsoever, referenced a few cases based upon a failure to train theory [Doc. 101]. Defendants took them to task. In their "Reply In Support of Its Objection to the Magistrate's Report & Recommendation" [Doc. 102], these Defendants and undersigned counsel once again pointed out the "disconnect" between the reality of the First Amended Complaint, the history of the litigation, and what the Plaintiffs were attempting to argue although absent from the operative complaint. What is pointed out in that reply brief [Doc. 102], holds true herein: Nowhere in Plaintiffs' First Amended Complaint are there any phrases referring to a "failure to train" or a "lack of training." Certainly, it is undisputed that there is no express claim for relief based upon allegations of unconstitutional conduct as a result of training. Not one word in the First Amended Complaint relates to training. The word "training" is nowhere to be found. Seemingly

out of thin air, Plaintiffs ignore the reality of their own claims and attempt to make up new claims at this late date. To allow such a tactic at this late date ignores the prejudice that would be visited upon these Defendants who would, for the first time, be aware of a completely new failure to train theory.

8.  Cutting to the chase, all this Honorable Court needs to do to reach a just result is to read the First Amended Complaint. By doing so, the inescapable conclusion is that Plaintiffs have not alleged a "failure to train" or "ratification" theory of liability in this case.

9.  In essence, none of the Plaintiffs' pleadings dispute that their amended complaint fails to identify or articulate an official capacity claim based upon a "failure to train" or "ratification." They cavalierly suggest that an amendment should be allowed. The deadline to do so was January 15, 2014 [Doc. 34]. There has been no motion to amend the Scheduling Order in regard to amending pleadings. More importantly, there has never been a motion to amend the complaint to assert a failure to train or ratification theory. Not only would such a motion be denied on grounds of undue delay and dilatory motives at this point, but it would be seemingly disingenuous to do so if they believed they had grounds for doing so in spring/fall 2014 when the vast majority of the discovery took place. The delay is not the fault of the Court nor of the Defendants. Plaintiffs have litigated the operative First Amended Complaint since November 1, 2013. The request that this Court ignore what is in that First Amended Complaint and fill in what is not there is inappropriate and should be denied.

Magistrate Judge Watanabe's final Pretrial Order [Doc. 106] should stand for the reasons set forth above.

Respectfully submitted this 28th day of April, 2015.

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

7

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2015, I caused a true and correct copy of the foregoing **PARK COUNTY DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO THE ORDER OF USMJ WATANABE STRIKING FAILURE TO TRAIN AND RATIFICATION CLAIMS FROM THE PRETRIAL ORDER** to be filed via the ECF system, with notice of same being electronically served to the following:

| | |
|---|---|
| Brice A. Tondre, Esq. | John M. Lebsack, Esq. |
| Brice A. Tondre, P.C. | Adam J. Goldstein, Esq. |
| 215 S. Wadsworth Blvd., Ste. 500 | White and Steele, P.C. |
| Lakewood, CO 80226-1566 | 600 17th Street, Ste. 600N |
| ***Attorney for Plaintiffs*** | Denver, CO 80202 |
| | ***Attorneys for Defendant Ashleigh Olds*** |

*/s/ Ashley Witkovich*