IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.      13-cv-02469-RM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

**DEFENDANT SHERIFF WEGENER'S MOTION FOR SUMMARY JUDGMENT REGARDING THE REMAINING OFFICIAL CAPACITY CLAIMS PURSUANT TO THE COURT'S SEPTEMBER 29, 2015 ORDER**

Defendant Sheriff Fred Wegener, by and through his counsel, Timothy P. Schimberg and Andrew R. McLetchie of Fowler, Schimberg & Flanagan, P.C., hereby submits his Motion for Summary Judgment Regarding the Remaining Official Capacity Claims Pursuant to the Court's September 29, 2015 Order and in support thereof state as follows:

1.    A party moving for summary judgment can meet its initial burden of production by alleging an absence of evidence to support the opposing party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made that initial showing, the non-movant must go beyond the pleadings and designate specific admissible facts showing genuine issues for trial on every element challenged by the motion. *Tillett v. Lujan*, 931 F.2d 636, 639

(10th Cir. 1991).  Conclusory arguments by counsel not established issues of fact sufficient to defeat summary judgment.  *McVay v. Western Claims Service Corp.*, 823 F.2d 1395, 1398 (10th Cir. 1987).

2. In its order dated September 29, 2015 (Doc. 110), this Court noted as follows regarding the official capacity claims in denying Sheriff Wegener's Motion for Judgment on the Pleadings regarding the official capacity claims:

> The Court observes that the same factual basis upon which Plaintiffs assert their claims against Sheriff Wegener in his official capacity are the same facts upon which Plaintiffs base their claims against Sheriff Wegener in his individual capacity.  As described above, Plaintiffs have not presented sufficient evidence to create a material issue of fact as to Sheriff Wegener, in his individual capacity, personally took any actions that resulted in the violation of Plaintiffs' constitutional rights.  Because the individual capacity claims are in a different procedural context than the official capacity claims, the Court notes the seemingly contradictory conclusion that the same set of facts could result in different outcomes as to claims brought against Sheriff Wegener in his official capacity versus claims brought against him in his individual capacity.  To resolve this inconsistency, the Court will allow Sheriff Wegener the opportunity to move for summary judgment on the official capacity claims asserted against him.

3. Accordingly, Sheriff Wegener moves for summary judgment because there is no evidence to support the remaining official capacity claims against him.

4. Indeed, this is now the law of the case for the reasons set forth in the Court's Order dated September 29, 2015 at 26-36.  *See McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034-35 (10th Cir. 2000) (the law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.  The doctrine is based on sound public policy that litigation should come to an end and is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided so avoiding both a wasteful expenditure of resources by

courts and litigating parties and the gradual undermining of public confidence in the judiciary—in short, Dickens's *Jarndyce v. Jarndyce* syndrome (internal citations and quotations omitted).

5. Additionally, Sheriff Wegener can meet his summary judgment burden of production by pointing to the absence of evidence to support the claims against him.

6. To establish a claim for damages under Section 1983 against a municipal entity or local government, the Plaintiff must prove:

    a) The existence of a policy or custom; and

    b) The policy or custom caused the Plaintiff to suffer a depravation of constitution or other federal right. *Whitesel v. Sengenberger*, 222 F.3d 861, 869-70 (10th Cir. 2000). Further, a plaintiff "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the depravation of federal rights." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) (quoting *Board of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)).

7. In an official capacity case against a Sheriff, a plaintiff needs to identify an existing policy, proclamation, or edict attributable to the Sheriff that caused the plaintiff harm. *See Callins v. Board of County Commissioners*, 930 F.2d 32 (10th Cir. 1991) (table decision not selected for official publication)(citing, *inter alia*, *City of St. Louis v. Paraprotnik*, 485 U.S. 112 (1988).

8. In this case, there is no evidence of any policy or custom of the Sheriff that played any role in any of the alleged claims in this case. Nor, is there any evidence that any such policy or custom caused the Plaintiff to suffer a depravation of constitutional or other federal rights.

9. To the extent that Plaintiff attempts to offer upled theories of municipal liability, this Court has already disposed of such claims in its September 29, 2015 Order at pages 28-36, which is the law of the case.

10. Accordingly, for all of the foregoing reasons, Sheriff Wegener is entitled to summary judgment regarding the official capacity claims asserted against him.

Respectfully submitted this 15th day of October, 2015.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Andrew R. McLetchie*

Timothy P. Schimberg
Andrew R. McLetchie

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2015, I caused a true and correct copy of the foregoing **DEFENDANT SHERIFF WEGENER'S MOTION FOR SUMMARY JUDGMENT REGARDING THE REMAINING OFFICIAL CAPACITY CLAIMS PURSUANT TO THE COURT'S SEPTEMBER 29, 2015 ORDER** to be filed via the ECF system, with notice of same being electronically served to the following:

Bride A. Tondre, Esq.
Brice A. Tondre, P.C.
215 S.Wadsworth Blvd., Suite 500
Lakewood, CO 80226-1566

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Charlie Smoot*

Charlie Smoot