UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.13-cv-02469-RM-MJW

RANDALL J. HATLEE and
RONALD L. SWIFT

Plaintiffs,
vs.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE
FRED WEGENER and
ASHLEIGH OLDS,

Defendants.

_____

**INDEX OF EXHIBITS TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT SHERIFF WEGENER'S MOTION FOR SUMMARY JUDGMENT REGARDING  OFFICIAL CAPACITY CLAIMS [#115]**
_____

There are 20 Exhibits which are filed with this memorandum. A description of each exhibit follows.

| **EXHIBIT** | **DESCRIPTION** |
|---|---|
| 1 | Cindy Hardey's report of the wellness check conducted at Echo Valley ranch on February 16, 2012, and her contacts with Dr. /Olds on that date. |
| 2 | Bobbi Priestly's report of the wellness check conducted at Echo Valley ranch on February 16, 2012. |
| 3 | February 16, 2012, Notice of Warning. |
| 4 | February 16, 2012, e-mail setting forth Dr. Horton's differential diagnosis of Maggie |

| | |
|---|---|
| 5 | Report of Sgt. Priestly regarding the events leading up to placing the horses in protective custody and to seizure. Concern about threats was the motivating factor. Dr. Horton expressed the need to go slowly in analyzing the case and expressed concern about harassing calls she was receiving from Shelly Ferraro and about death threats which she received. It reports a meeting of Wegener, Gore and Priestly on February 21, 2012, during which they have a telephone conference with Dr. Horton. |
| 6 | The Protective Custody Agreement. |
| 7 | Paper published by Dr. Olds clinic regarding the need to go slowly in diagnosing the cause of equine anemia. It is noted that there are many potential causes one of which is ingestion of toxins. All subject horses were anemic. |
| 8 | A number of e-mails dated February 21 and 22, 2012 showing dissatisfaction with the protective custody agreement, a threat by Shelley Ferraro sent to Sgt. Priestly which she forwards to Undersheriff Gore who immediately enlisted Dr. Olds to aid him in planning to relocate the horses from protective custody. Dr. Olds agrees to temporarily house the horses and provide various services for their care. This follows on the heels of the February 21, 2012, meeting of Wegener, Gore and Priestly described in Exhibit 10. It is fair to infer that they were planning to attempt to seize the horses. |
| 9 | Two Affidavits for Search Warrant. |
| 10 | Two Warrants. |
| 11 | On February 24, 2012, the day after the horses were seized, Dr. Olds sent an e-mail thanking everyone who put pressure on the Sheriff's Office and acknowledging that the public pressure caused their demands to be taken seriously. |
| 12 | February 25, 2012, e-mail from Monika to Dr. Olds stating that after a conversation with Gore she believes he is alright. Compare with this the Ferraro threat to create more publicity (Exhibit 5). Before the seizure Gore is a villain. |
| 13 | February 28, 2012, memo from Dr. Burton listing the diagnostic testing and analysis which was being arranged by Plaintiffs when the horses were seized. The seizure prevented testing and analysis which would have prevented their seizure and prosecution. |
| 14 | April 10, 2012, Order directing return of the seized horses to Plaintiffs. |

15       Excerpts from the deposition of Sheriff Wegener.

16       Excerpts from the deposition of Undersheriff Gore.

17       Excerpts from the deposition of Captain Bonnelycke.

18       Excerpts from the deposition of Sgt. Priestly.

19       Excerpts from the deposition of Deputy Hardey.

20       December 3, 2012, ruling suppressing evidence of what transpired during the seizure period.

/s/ Brice A. Tondre
_____
Brice A. Tondre
215 South Wadsworth Blvd., #500
Lakewood, Colorado   80226
Telephone:  303-296-3300
Facsimile: 303-238-5310
briceatondrepc@msn.com

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of October, 2015, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system which will send notification of the filing to the following:

Timothy P. Schimberg
t_schimberg@fsf-law.com

John Lebsack
jlebsack@wsteele.com

/s/ Brice A. Tondre
_____

3