Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.        13-cv-02469-RPM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

---

## MOTION IN LIMINE REGARDING PROPER DAMAGES FOR PLAINTIFFS' § 1983 CLAIM

---

Defendants, Cindy Hardey and the Park County Sheriff's Office[1], by and through their attorney, Timothy P. Schimberg of Fowler, Schimberg & Flanagan, P.C., hereby submit this Motion In Limine Regarding Proper Damages For Plaintiffs' § 1983 claim and in support thereof state as follows:

**D.C.COLO.LCivR 7.1:** Prior to filing the instant Motion, Defendants' counsel left a message with Plaintiff counsel's office earlier today which explained the relief requested in this Motion. Having received no response, undersigned will assume Plaintiff is opposed to the relief requested in this Motion.

---

[1] Per the Court's summary judgment orders these are the only Defendants remaining.  Doc. 110; Doc. 119.

## INTRODUCTION

On September 29, 2015, this Court granted summary judgment on the § 1983 claims brought against Officers Bobbi Priestly, Monte Gore, Sheriff Fred Wegener in their individual capacities and against Ashleigh Olds.  Doc. 110.  On November 11, 2015, this Court granted summary judgment in favor of Sheriff Wegener on the remaining official capacity claims.  Doc. 119.  As a result, Plaintiffs' claim for malicious prosecution is entirely disposed of.  Doc. 110 at 35-36, 44; Doc. 119.  The only remaining claims before the Court are Plaintiffs' breach of contract claim and Plaintiffs' § 1983 claim against Officer Cindy Hardey in her individual capacity based on an alleged Fourth Amendment violation.  Doc. 119.

Because the Court has determined which claims have survived summary judgment, the Court is now is a position to evaluate the propriety of certain damages claimed by Plaintiffs.  For example, because Plaintiffs' malicious prosecution claim did not survive summary judgment, the Court can rule definitively that Plaintiffs are not entitled to recover expenses incurred in defending against their prosecution.  Moreover, the Court should now evaluate the propriety of certain damages available for Plaintiffs' § 1983 claim in light of the alleged constitutional violation at issue.  The Court should tailor Plaintiffs' claimed damages to the protected constitutional interest at issue—a temporary possessory interest—and should find claimed damages such as humiliation and harm to reputation are not appropriate under these circumstances.  The appropriate damages for Plaintiffs' § 1983 claim are informed by common law tort liability.  The proper damages are

those that would be available for the tort of trespass to chattels, which include only diminution in

value and loss of use.

**PLAINTIFFS' § 1983 CLAIM SHOULD BE EVALUATED AS A TRESPASS TO CHATTELS CLAIM.  AS SUCH, PLAINTIFFS' DAMAGES SHOULD BE LIMITED TO DIMINUTION OF VALUE AND LOSS OF USE.**

The Supreme Court has "repeatedly noted that 42 U.S.C. § 1983 creates a species of tort liability." *Heck v. Humphrey,* 512 U.S. 477, 483 (1994) (*quoting Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 305 (1986)).  Given the close relation between § 1983 and tort liability, the type and amount of damages under § 1983 "is ordinarily determined according to principles derived from the common law of torts." *Stachura,* 477 U.S. at 307.

The Supreme Court has stated that the damages available under § 1983 depend on the type of constitutional right asserted.  *Carey v. Piphus*, 435 U.S. 247, 264–65 (1978).  The contours of the injury, and therefore the damages available for a given deprivation, are "shaped by the interests" the constitutional right protects.  *Id.*  Principles of recovery underlying tort law typically provide the "appropriate starting point" for the inquiry as to the sort of injuries which are compensable under § 1983.  *Id.* at 257–58.  If there is sufficient congruency between the constitutional right and the interests protected by tort law, the Court can simply apply the tort damage rule directly.  *Dalcour v. Gillespie*, No. 08-CV-00747-MSK-KLM, 2013 WL 2903399, at *3 (D. Colo. June 14, 2013).

Here, Plaintiffs' assert a unique Fourth Amendment claim under § 1983.  Typically, the interest protected by the Fourth Amendment is privacy.  *United States v. Calandra*, 414 U.S. 338, 354 (1974).  Damages under § 1983 related to privacy include, where appropriate, compensation for physical injury and property damage.  *Townes v. City of New York,* 176 F.3d 138, 148 (2d Cir. 1999).  In this case, however, there was little to no privacy invasion related to the seizure of Plaintiffs' horses.  At the time of the seizure, the horses had already been removed

4

from Plaintiffs' property at Echo Valley Ranch and placed in temporary custody.  Doc. 110 at

10.  There was no privacy invasion because the Park County Sheriff's Office did not unlawfully

intrude upon Echo Valley Ranch.  Therefore, the Fourth Amendment interest implicated in this

case is merely the intangible right to be free from interference with a possessory interest.

*Dalcour*, *supra*.  As such, contrary to the stated goal of the Court's § 1983 jurisprudence in

*Casey*, the majority of Plaintiffs' claimed damages are not tailored to their constitutionally

protected possessory interest.  *Carey,* 435 U.S. at 258–59.

The most natural common law fit for Plaintiffs' § 1983 claim is the tort of trespass to

chattels—that the alleged omissions in Defendant Hardey's warrant application affidavit led to

the intentional dispossession of Plaintiffs' chattel, which Plaintiffs' had a right or future right to

possess.  Restatement (Second) of Torts, § 217-220; Law of Torts § 14, p. 78 (4th ed. 1971)

(Prosser).  It is a trespass to move a good, such as an animal, from one place to another.  Law of

Torts at 76.  Under Colorado law, damages available on a trespass claim, in the context of

trespass to real property, include property losses such as diminution of value and loss of use, as

well as personal injury to landowners for discomfort and annoyance.  *Board of County*

*Commissioners v. Slovek,* 723 P.2d 1309, 1318 (Colo. 1986).  As discussed, damages for

personal injury do not apply under the facts of this case.  The Park County Sheriff's Office did

not enter Plaintiffs' land to seize the horses.  Accordingly, the Court should apply the tort

damage rule for trespass to chattels.  Damages for the tort of trespass to chattel are limited

exclusively to diminution of value and loss of use.  Restatement (Second) of Torts, § 928.

Whether or not the Court agrees Plaintiffs' § 1983 claim should be evaluated as a trespass

to chattels claim, as a matter of law, Plaintiffs' cannot recover litigation expenses.  *Hector v.*

*Watt*, 235 F.3d 154, 157 (3d Cir. 2000).  At common law, recovery of costs incurred while defending against a prosecution is available exclusively under a malicious prosecution claim.  *Id.* at 156.  As discussed, Plaintiffs' malicious prosecution claim has been disposed of in its entirety. Doc. 110 at 35–36, 44; Doc. 119.

Additionally, Plaintiffs' claimed damages such as humiliation and harmed reputation are not recoverable based on the remaining constitutional violation alleged.  These damages are not appropriate compensation for the temporary interference with Plaintiffs' possessory interest in their horses.  Damages on a § 1983 claim may only be recovered for those damages actually caused by the deprivation of the Plaintiffs' constitutional rights.  *Makin v. Colorado Department of Corrections,* 183 F.3d 1205, 1214 (10th Cir. 1999).  Constitutional tort liability under § 1983 is limited to the kind of injury that the right at issue was designed to prevent.  *Hector*, 235 F.3d at 148.  Therefore, the scope of injuries for which the Plaintiffs may seek compensation is limited the temporary interference with their possessory interest in the horses, which under tort liability for trespass to chattels are simply and solely diminution of value and loss of use.

## CONCLUSION

The Court should find Plaintiffs' § 1983 claim is congruent with the tort of trespass to chattels, and should limit Plaintiffs' damages to diminution in value and loss of use.  In so ruling, the Court should find damages for humiliation and harmed reputation are not recoverable.  The Court should find Plaintiffs' may not claim criminal defense litigation expenses as damages, as their malicious prosecution claim did not survive summary judgment.

Respectfully submitted this 31st day of December, 2015.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 31st day of December, 2015, I caused a true and correct copy of the foregoing **MOTION IN LIMINE REGARDING PROPER DAMAGES FOR PLAINTIFFS' § 1983 CLAIM** to be filed via the ECF system, with notice of same being electronically served to the following:

Brice A. Tondre, Esq.
Brice A. Tondre, P.C.
215 S. Wadsworth Blvd., Ste. 500
Lakewood, CO 80226-1566
***Attorney for Plaintiffs***

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Patricia P. Peak*

_____

Patricia P. Peak