## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.        13-cv-02469-RM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,


v.


CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

---

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS

---

The Defendants, Cindy Hardey and the Park County Sheriff's Office, by and through their attorney, Timothy P. Schimberg of Fowler, Schimberg & Flanagan PC, hereby submits their proposed jury instructions as follows:

1.      Plaintiffs and these Defendants have stipulated to a certain number of jury instructions.  Those are not contained within this pleading.

2.      Defendants respectfully request that the following proposed jury instructions be given to the jury in this matter.

Respectfully submitted this 31st day of December, 2015.


*s/ Timothy P. Schimberg*
Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR DEFENDANTS CINDY
HARDEY, BOBBI PRIESTLY, MONTE GORE,
AND FRED WEGENER

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____**

There are certain things that are not evidence, and you may not consider these things in determining facts.

1. Statements, arguments, questions or objections by the attorneys are not evidence. Lawyers have an obligation to make statements and arguments, to ask questions and to object to evidence that they believe is improper under the rules of evidence. In other words, out of bounds. Do not be influenced by any evidentiary objection, my ruling on it or the frequency of the objections made by an attorney. If the objection is sustained, you should ignore the answer to the question. If I overrule the objection, treat the answer like any other.

2. Instructions or admonitions to counsel are not evidence. They are imposed to assure that the trial process is proper.

3. If I tell you to disregard a particular statement, that statement is not evidence. You must put that statement out of your mind and not consider it for any purpose. In some instances, you may be instructed that the evidence can be received for a particular purpose only. In that case, you must consider it only for the particular purpose specified.

4. Anything you see or hear outside the courtroom is not evidence. You must limit yourself to the evidence presented here in the courtroom.

   During the course of the trial, people may enter and leave the court room or counsel tables. You should not concern yourself with this as it is not evidence.

**Authority:**   *Estate of Marvin L. Booker v. City and County of Denver, et. al*, No. 11-CV-RBJ-KMT (2014)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ____**

Ordinarily, witnesses must be people who have seen, heard, or otherwise perceived the events at issue, however, certain witnesses, because of their specialized training, knowledge or experience, are permitted to offer testimony in the form of their opinions about certain matters.

As with any other witness, it is up to you to evaluate these witnesses' testimony based on the instructions the Court has previously given you. In addition, in deciding whether to accept these witnesses' opinions, you should also consider the witness training, knowledge and experience; the facts that the witness relied upon; and the reasons given by the witness for the opinions.

You may believe all, part of none of the witness's opinion testimony, or give that testimony such weight that you feel is appropriate.

**Authority:**   *Estate of Marvin L. Booker v. City and County of Denver, et. al*, No. 11-CV-RBJ-KMT (2014)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. \_\_\_**

The Federal Civils Rights Act under which Plaintiffs bring their lawsuit was enacted by Congress to enforce the 14th Amendment to the United States Constitution.

As a matter of law, under the Constitution of the United States, every citizen has the constitutional right not to be subjected to seizure of persons and things by a law enforcement officer, without probable cause, even though such seizure is otherwise made in accordance with the law.

Section 1983, the Federal Civil Rights Statute under which Plaintiffs sue, provides that a person may seek relief in this Court by way of damages against any person who, under color of any state law or custom, subjects such person to the depravation of any rights, privileges, or immunity secured or protected by the Constitution or laws of the United States.

Compare to Plaintiff's proposed No. 1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____**

Randall J. Hatlee and Ronald L. Swift have the burden of proving all of the required elements of their case by a preponderance of the evidence. Cindy Hardey and the Park County Sheriff's Office have the burden of proving each of their affirmative defenses, if any, by a preponderance of the evidence.  This means that the evidence must be sufficient to convince you that what the Plaintiff claims as more likely true than not. It is not sufficient for the Plaintiffs to prove that their version of the events "might" be true or even to prove that it is "as likely" to be true as another version. If the Plaintiffs fail to meet their burden to show that their version of the events is more likely true, your verdict must be for the Defendants.

In criminal cases the standard of proof is "beyond a reasonable doubt." That standard does not apply in this case.

**Authority:**    *Estate of Marvin L. Booker v. City and County of Denver, et. al*, No. 11-CV-RBJ-KMT (2014)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ____**

If you find that the Plaintiffs have proven by a preponderance of the evidence that their constitutional rights under the 4th Amendment were violated by Defendant Cindy Hardey, then you must determine the damages, if any that were caused by Defendant Cindy Hardey's violation. To explain the appropriate measure of damages, the Court first must explain the nature of the damages that may be awarded.

If you find that the Plaintiffs have proved by a preponderance of the evidence that their constitutional rights under the 4th Amendment were violated, you must decide the issue of the compensatory damages, if any. To recover compensatory damages, the Plaintiffs must prove by a preponderance of the evidence that they would not have been damaged without Defendant Cindy Hardey's conduct and the damages were a reasonably foreseeable consequence of Defendant Cindy Hardey's conduct.

The Plaintiffs must show that the damage would not have occurred without Defendant Hardey's act. The Plaintiffs must also show that Defendant Cindy Hardey's act played a substantial part in bringing about the injury, and that the injury was either a direct result or reasonably certain to occur as a consequence of Hardey's act.

Compensatory damages must not be based on speculation or sympathy. They must be based on evidence presented of an actual injury and cannot be presumed or based on the abstract value of a constitutional right. The deprivation of a constitutional right, standing alone, does not entitle Plaintiffs to damages. Consequently, when a Plaintiff does not provide any proof of a specific, actual injury caused by a Defendants conduct, the Plaintiff is not

entitled to compensatory damages.  Plaintiffs have the burden of proving compensatory

damages by a preponderance of the evidence.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ___**

To "established by the preponderance of the evidence" means to prove that something is more likely so than it is not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Authority:**   O'Malley, Grenig, Lee, Federal Jury Practice and Instructions §166:51 (6th ED 2011

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ___**

Plaintiffs claim that on February 22, 2012, Defendant Cindy Hardey caused them to be deprived of constitutional rights under the 4th Amendment.  Plaintiffs claim that while Cindy Hardey was acting under color of law as an Animal Control Officer employed by the Park County Sheriff's Office, she intentionally committed acts that violated the Plaintiffs constitutional rights to be free from the unreasonable seizure of their property.

A person may sue in this Court for an award of money damages against anyone who, under color of law, intentionally commits acts that violate the person's rights under the United States Constitution.  To succeed on this claim, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.    That Cindy Hardey intentionally committed acts that violated the Plaintiffs federal constitutional right to be free from the unreasonable seizure of their property;

2.    That Hardey acted under color of law;

3.    That Hardey's conduct caused the Plaintiffs damages.

The Plaintiffs claim that Defendant Hardey seized their horses without probable cause. Defendant Hardey claims that there was probable cause existed because horses were emaciated, were extremely thin, in deplorable condition, were housed in dirty pens with empty food bins and empty or frozen-over water buckets, and also observed two other horses on Plaintiffs property which were extremely thin, unable to maintain a standing position, covered in urine and manure, were emaciated and covered with sores.  Ms. Hardey also was advised that other horses at Plaintiffs' property had died in the winter of 2011-12.  Defendant Hardey claims that based upon this information, probable cause existed that the Plaintiffs had engaged in the crime of animal cruelty.

Prior to seizing Plaintiffs six horses, Defendant Hardey obtained a warrant authorizing the seizure of those horses.  Plaintiffs assert that Defendant Hardey obtained the warrant by means of omissions that created a false impression in the warrant affidavit.

To show that the seizure pursuant to this warrant violated the 4th Amendment, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.   Defendant Hardey omitted material information;

2.   Defendant Hardey made the omissions knowingly or deliberately, or with reckless disregard for its truth;

3.   The omissions were material, or necessary, to the finding of probable cause for the warrant which authorized the seizure of the horses.

**Authority:**   *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)
             To be compared to Plaintiff's Proposed No.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____**

In order for the Plaintiffs to prove their claim against Defendant Cindy Hardey for a violation of their 4th Amendment rights, the Plaintiffs' must prove, by a preponderance of the evidence, each of the following:

1.  That Defendant Hardey intentionally or recklessly failed to disclose to the District Court Judge to whom the affidavit was presented material facts;

2.  That the omitted information would have resulted in the District Judge's refusal to issue the warrant for lack of probable cause.

3.  That the omissions in the affidavit for a search warrant were deliberate.

**Authority:**     *DeLoach v. Bevers*, 922 F.2d 168,622-23 (10th Cir. 1990)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ____**

Not all errors and omissions negate probable cause. Not all evidence known to an animal control officer such as Defendant Hardy need to be included in an affidavit used to secure a seizure warrant.

**Authority:**     *DeLoach v. Bevers,* 922 F.2d 168, 622-23(10th Cir. 1990)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ___**

A reckless disregard for the truth exists when the affiant in fact, entertains serious doubts as to the truth of her statements.  The jury may infer reckless disregard from circumstances evincing obvious reasons to doubt the veracity of the allegations.

**Authority:**    *DeLoach v. Bevers*, 922 F. 2d. 618, 622 (10th Cir. 1990)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ____**

In order to return a verdict, it is necessary that all jurors agree. Your verdict must be unanimous. It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each evaluate the case for yourself, but only after an impartial consideration the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinions if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidnce3 solely because of the opinion of your fellow jurors, or for the mere purpose of returning the verdict.

Remember, at all times you are not partisans. You are judges of the facts. Your role is seek and determine the truth based on the evidence presented to you.

**Authority:**  *Estate of Marvin L. Booker v. City and County of Denver, et. al*, No. 11-CV-RBJ-KMT (2014)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ____**

The Plaintiffs also seek an award of punitive damages. If you have found a verdict in favor of Plaintiffs against Defendant Cindy Hardey, you may consider whether to award the Plaintiffs' punitive damages. Punitive damages are intended to punish a wrong doer for extraordinary misconduct and to set an example or warning to others not to engage in such conduct. Punitive damages may be awarded, only if you find by a preponderance of the evidence, that Defendant Cindy Hardey's conduct was motivated by evil motive or intent, or when it involves reckless disregard or callous indifference to the federally protected rights of others.

Punitive damages therefore require an assessment of the Defendants' subjective state of mind. The state of mind required to award punitive damages is a degree of maliciousness or indifference that exceeds even that which is required for a finding of a violation of the federally protected rights of Plaintiffs in this case.

You must determine whether an award of punitive damages has been proven. Punitive damages are not awarded as a matter of right, no matter how egregious a Defendant's conduct. Any amount of punitive damages must be fixed with calm discretion and sound reason and must never be awarded or fixed in amount by sympathy, bias, or prejudice.

**Authority:**   *Smith v. Wade*, 461 U.S. 30, 51-56 (1983)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____**

If you find in favor of the Plaintiffs, but do not award any compensatory damages, you shall award the Plaintiffs nominal damages in the sum of one dollar.

**Authority:**     Variation of CJI-Civ. 30:41 (CLE ed. 2015)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _**

If you find for the Plaintiffs, you must not take into account any consideration of attorney's fees or court costs in deciding the amount of the Plaintiffs' damages, if any. I will decide the matter of attorney's fees and court costs, if any, later.

**Authority:**     O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, §128.100

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ___**

"Consideration" is a benefit received or something given up as agreed upon between the parties.  A benefit to a promisor or any detriment to a promisee at the time of the agreement constitutes adequate consideration.  Consideration may take the form of some right, interest, profit, or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other.

**Authority:**   CJI-Civ. 30:7 (CLE ed. 2015)
*Lucht's Concrete Pumping, Inc. v. Horner,* 255 P 3rd 1058, 1061 (Colorado 2011)
(en banc) This Honorable Court's Order dated September 29, 2015 at 24-25

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ___**

For Plaintiffs to recover from the Park County Sheriff's Office on their claim of breach of contract, you must find the following elements to be proved by a preponderance of the evidence:

1.   The agreement was between Ronald Swift, Kirsten LeBeau, and the Park County
     Sheriff's office regarding six horses moved from Echo Valley Ranch and placed at
     Ms. LeBeau's ranch in Jefferson, Colorado;

2.   That Ronald Swift would be responsible for all costs of care of the horses including
     feed, and veterinary care while in protective custody;

3.   That Park County was not liable for any costs related to the care of the horses while
     they were in protective custody.

**Authority:**   The "agreement"

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ___**

If you find in favor of the Plaintiffs on their claim of breach of contract, then you must award the Plaintiffs general or nominal damages.

To award general damages, you must find by a preponderance of the evidence that the Plaintiffs had damages as a result of the breach, and you must determine the amount of those damages.

If you find in favor of the Plaintiffs, but do not find any general damages, you shall award Plaintiffs nominal damages.

**Authority:**     CJI-Civ. 30:37 (CLE ed. 2015).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ___**

General damages is the amount required to put the Plaintiff in the same position as if the breach of contract had not occurred.  You may award general damages if you find that they were a natural probable consequence of Defendant Park County Sheriff's Office's breach of contract that the Park County Sheriff's Office reasonably could have foreseen at the time the parties entered into the agreement and the damages would probably occur if the contract were breached.

**Authority:**        CJI-Civ. 30:38 (CLE ed. 2015).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. \_\_\_**

If you find in favor of the Plaintiffs on their claim of breach of contract, but do not award any general damages, you shall award the Plaintiffs nominal damages in the sum of $1.00.

**Authority:**   CJI-Civ. 30:41 (CLE ed. 2015).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of December, 2015, I caused a true and correct copy of the foregoing **DEFENDANTS' PROPOSED JURY INSTRUCTIONS** to be filed via email and the ECF system, with notice of same being electronically served to the following:

Brice A. Tondre, Esq.
Brice A. Tondre, P.C.
215 S. Wadsworth Blvd., Ste. 500
Lakewood, CO 80226-1566
***Attorney for Plaintiffs***

<u>s/ Patricia Peak</u>
Patricia Peak