**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.    13-cv-02469-RPM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

## DEFENDANTS' PROPOSED VOIR DIRE

Defendants, Cindy Hardey and the Park County Sheriff's Office[1], by and through their attorney, Timothy P. Schimberg of Fowler, Schimberg & Flanagan, P.C., hereby respectfully submits Defendants' Proposed Voir Dire Questions, as follows:

1. Pursuant to this Honorable Court's Practice Standards §V(E)(1)(c)(i), basic introductory voir dire examination questions are not set forth below such as name – age – occupation – residency. More specific voir dire on behalf of defendants follow:

2. Are any of you acquainted with any of the attorneys or parties present today in Court? The parties are Randall J. Hatlee and Ronald L. Swift. They are the Plaintiffs. The Plaintiffs' attorney is Brice Tondre, Esq. The Defendants are Cindy Hardey and the

---

[1] Per the Court's summary judgment orders these are the only Defendants remaining.  Doc. 110; Doc. 119.

Park County Sheriff's Office. Timothy P. Schimberg of Fowler Schimberg and Flanagan, P.C. is their attorney.

3. Are any of you familiar with any of the following persons, who may be witnesses in this action:

- Sheriff Fred Wegener – Park County Sheriff's Office (PCSO)
- Sergeant Bobbi Priestly - PCSO
- Undersheriff Monte Gore -PCSO
- Ashleigh Olds, DVM - PCSO
- Peter Petlak
- Routt County Sheriff's Office
- Deputy Dawn Smith
- Deputy Cindy Del Valle - RCSO
- Thom LeDoux
- Corporal Jenny Plutt- PCSO
- Deborah Wilke
- Garret Leonard
- Scott Toppin, DVM
- Richard Leone, DVM
- Michael Gotchey, DVM
- Lois Toll, DVM

(Plaintiff's witness list to be added)

4. Did you or any member of your immediate family ever have problems or complaints about how you were treated by any law enforcement officer? Would such an experience impact your ability to remain an impartial juror in a case that involves law enforcement such as this one?

5. Do you know anyone who now works for or formally was working for the Park County Sheriff's Office? If so, in what capacity, where, and when?

6. This case involved claims made against Ms. Hardey, who served as an Animal Control Officer of the Park County Sheriff's Office. Will the fact that this case involves law

enforcement officials create any problem or question in your mind if you are called upon to serve as juror in this case. If so, please indicate: to the extent that any such questions or problems might exist, will you be able to put aside such questions or problems and resolve this manner in a fair manner and in accordance with the instructions of the Court and the law?

7. Have you ever been incarcerated? If so, would anything about your experience prevent you from being fair in a case involving law enforcement officials?

8. This case involves the removal of seven horses from the Plaintiffs' facility, called the Echo Valley Ranch. Do you know anyone who has any association with the Echo Valley Ranch?

9. Were you ever a manager or supervisor of other individuals at work, at school, in any organization, at home, in your family or in any other context? Please describe any manager or supervisor experience.

10. What type of responsibilities did you have as a manager and/or a supervisor?

11. Have you ever written anything or spoken publicly on the interest of those who claim to have been wronged by law enforcement officials? If so, please describe.

12. What are your hobbies? What do you like to do in your free time?

13. Were you or any member of your immediate family ever involved in a civil lawsuit as a Plaintiff? As a Defendant? As a witness? If so, in what capacity, when, and what Court?

14. Please give us a brief description of your work history.

15. Have you ever served on a jury before? If so, was the case civil or criminal? Were you a foreman? Without telling us the result, were you able to reach a verdict? Where was the trial? How recently? (If any of the jurors served in a criminal case: do you understand the burden of the proof in a civil case is different than the burden in a criminal case?).

16. If you serve as jurors in this action, you will be instructed that the Plaintiffs will present their case first and that you are not to form an opinion as to any of the issues in this action until all of the evidence, including evidence offered by the Defendants, is presented to you and until you are instructed as to the law relevant to this action. Do you understand this rule and agree to follow it?

17. Do you have any negative feelings towards law enforcement officials? Recently, there has been much news about misdeeds of various law enforcement officials in the United States. Have you heard or read anything in the news that has caused you to distrust law enforcement? Would information regarding those events influence your fairness in a case involving law enforcement officials, to include an officials that removed seven horses from a facility?

18. If proof of damages could be provided in this case, would sympathy for the Plaintiffs govern your decision rather than the instructions of the Court about the law concerning the legal standards governing the liability of the Defendants to the Plaintiff? Similarly, if there is no proof of any damages provided in this case, would sympathy for the Plaintiffs govern your decision rather than the instructions of the Court about the law

4

concerning the legal standards governing the liability of the Defendants to the Plaintiffs?

19. Do you have any personal experience or special knowledge about the care and treatment of large animals, specifically, horses? What knowledge or experience do you have?

20. Have you or anyone in your immediate family ever worked in a veterinarian office, a ranching facility, or an equine center? If so, where did you or your family member work, and what were your dates of such employment, and what positons did you or a family member hold?

21. Some people tend to think that when someone initiates a lawsuit that makes its way to trial, the claims probably have merit. Do any of you believe that or feel that way?

22. Do you understand that the Plaintiffs have the burden of proving their claims against the Defendants? How do you feel about the fact that if the Plaintiffs do not meet their burden of proof, you must find for the Defendants?

23. Do you believe that it is appropriate for individuals or entities that have claims asserted against them, such as the Defendants in this case, to defend themselves in a Court of law? Do you believe that just because claims have been asserted that they must have merit?

24. Do you know of any reason why you cannot be fair to both sides in this matter? If so, please explain?

25. Any additional questions suggested by answers to the above?

WHEREFORE, Defendants respectfully submit the foregoing Defendants' Proposed Voir Dire to the Court.

Respectfully submitted this 31st day of December, 2015.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEY FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of December, 2015, I caused a true and correct copy of the foregoing **DEFENDANTS' PROPOSED VOIR DIRE** to be filed via the ECF system, with notice of same being electronically served to the following:

Brice A. Tondre, Esq.
Brice A. Tondre, P.C.
215 S. Wadsworth Blvd., Ste. 500
Lakewood, CO 80226-1566
*Attorney for Plaintiffs*

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Patricia P. Peak*

Patricia P. Peak