PLAINTIFFS' REQUESTED INSTRUCTION NO. 1

This case arises under the Fourth Amendment to the United States Constitution which protects people and things from seizure by a law enforcement officer without obtaining a warrant based on probable cause and under a federal statute which provides a remedy in damages for a violation of that protection.

The Plaintiffs in this case, Randall Hatlee and Ronald Swift, claim that on February 22, 2012, Defendant Cindy Hardey, an animal control officer of the Park County Sheriff's Office, obtained a warrant from a District Judge which authorized her to seize six horses owned by Plaintiffs. The Plaintiffs claim that Deputy Hardey obtained the warrant by making false statements to and by failing to disclose material facts to the District Judge thereby convincing him to issue the warrant which he would not have issued if he had known the omitted facts.

The six horses were seized pursuant to the warrant and Plaintiffs were charged with starving the six horses on February 23, 2012.

Plaintiffs claim that seizure of the six horses deprived them of the opportunity to prove that the six horses were not starved but had eaten toxic weeds which would have avoided their prosecution.

The Plaintiffs claim that the District Judge who issued the warrant was not informed:

(1) that on February 16, 2012, Plaintiffs had been given one month to show that the horses were not mistreated;

(2) that on February 19, 2012, the Plaintiffs agreed to place the six horses in protective custody to protect the horses and their owners from some vocal activists;

(3) that the horses were under the care of a veterinarian;

(4) that under C.R.S. §18-9-202(b)(1.8) the horses could legally be impounded only if they were endangered if they remained in the custody of the owners;

(5) that Deputy Hardey and Sgt. Priestly did not consider the horses to be endangered by leaving them with the owners;

(6) that it was the consensus opinion of two veterinarians, the chief investigator of the bureau of animal protection, Deputy Priestly and Deputy Hardey that the horses should be left with their owners;

(7) that on February 19, 2012, it was agreed in the protective custody agreement that the horses were not being impounded and would not be impounded if there was shown to be a contributing cause of their condition in addition to neglect;

(8) that Dr. Horton said this was not a clear cut case, that she suspected toxicity, and that it had to be investigated carefully; and

(9) that, toxicity had not been investigated.

PLAINTIFFS' REQUESTED INSTRUCTION NO. 2

To prove their claim against Defendant Cindy Hardey for a violation of their Fourth Amendment rights, the Plaintiffs must prove by a preponderance of the evidence that she intentionally or recklessly failed to disclose to the District Judge who issued the warrant for seizure of the six horses critical facts, which if known to him, would have resulted in his refusal to issue the warrant because there was no probable cause to believe the six horses were endangered by remaining in the custody of their owners.

DeLoach v. Bevers, 922 F.2d 618, 623 (10th Cir. 1990)

## PLAINTIFFS' REQUESTED INSTRUCTION NO. 3

Recklessness may be inferred from omission of facts which are clearly critical to a finding of whether there was probable cause to seize the six horses.

DeLoach v. Bevers, 922 F.2d 618, 622 (10th Cir. 1990).

PLAINTIFFS REQUESTED INSTRUCTION NO. 4

Plaintiffs claim that on February 19, 2012, the Park County Sheriff's Office entered into an agreement with them to place the six horses in protective custody. Plaintiffs claim that the agreement was for the purpose of protecting Plaintiffs and their horses during the 30 days they were given by the Notice of Warning to rectify the condition of the six horses and show that their condition was contributed to by factors other than neglect.

Plaintiffs claim that the seizure of the six horses on February 23, 2012, was a breach of the agreement which deprived them of the opportunity to rectify the condition of the horses and demonstrate that their condition was contributed to by factors other than neglect.

PLAINTIFFS' REQUESTED INSTRUCTION NO. 5

A contract is an agreement between two or more persons or entities. A contract consists of an offer and an acceptance of that offer, and must be supported by consideration. If any one of these three elements is missing, there is no contract.

CJI-Civ. 30:1 (2015)

PLAINTIFFS' REQUESTED INSTRUCTION NO. 6

    A contract does not have to be in writing. If written, it does not have to be signed by either party or dated. A contract may be partly oral and partly in writing.

    CJI-Civ. 30:2 (2015)

PLAINTIFFS' REQUUESTED INSTRUCTION NO. 7

An offer is a proposal to enter into a contract on the terms stated in the offer.

CJI-Civ.- 30:3 (2015)

PLAINTIFFS' REQUESTED INSTRUCTION NO. 8

A contract is formed when the offer is accepted without changes, An acceptance is an expression, by words or conduct, by the person to whom the offer was made, of agreement to the same terms stated in the offer.

CJI-Civ. 30:6 (2015)

PLAINTIFFS' REQUUESTED INSTRUCTION NO. 9

"Consideration" is a benefit received or something given up as agreed upon between the parties. If you find that Plaintiffs gave the Park County Sheriff's Office the right to enter onto their ranch to monitor all of the animals every 2 days for two weeks and the six horses for 3 weeks and that Plaintiffs agreed to notify the Park County Sheriff's Office of any issue with any horse and that the Plaintiffs agreed to move the 6 horses into protective custody to aid the Park County Sheriff's Office in discharging its duty to protect Plaintiffs and the 6 horses from animal rights activists then you must find that there was consideration.

CJI-Civ. 30:7 (2015)

## PLAINTIFFS' REQUESTED INSTRUCTION NO. 10

For Plaintiffs to recover from the Park County Sheriff's Office on their claim of breach of contract, you must find both of the following have been proved by a preponderance of the evidence:

1. The Park County Sheriff's Office entered into a contract with the Plaintiffs to give them a month from February 16, 2012, to gain healthy weight on the six horses thereby rectifying the condition of the 6 horses failing which they could be charged with animal cruelty if they did not show that there were factors other than neglect which contributed to the horses condition.

2. The Park County Sheriff's Office breached the contract by charging Plaintiffs with animal cruelty and seizing 6 of their horses on February 23, 2012, without giving them the promised month from February 16, 2012, to rectify the condition of the 6 horses and show that there were factors other than neglect which contributed to the condition of the horses.

If you find that either of these two statements has not been proved then your verdict must be for the Park County Sheriff's Office.

On the other hand, if you find that both of these two statements have been proved then your verdict must be for the Plaintiffs.

CJI-Civ. 30:10 (2015)

PLAINTIFFS' REQUESTED INSTRUCTION NO. 11

If you find that Plaintiffs have proven by a preponderance of the evidence the claimed violation of the Fourth Amendment by Deputy Hardey then you must determine what, if any, damages the Plaintiffs' have proved were caused by said violation.

The word "cause" means that Deputy Hardey's acts in n atural and probable sequence produced the claimed injury. It is a cause without which the injury would not have happened.

In determining the amount of damages you shall consider any economic losses or injuries each Plaintiff has had to the present time or will have in the future , including lost profits, lost opportunities and any and legal fees and costs and  noneconomic losses or injuries each Plaintiff has had to the present time or will have in the future, including mental pain and suffering, inconvenience, emotional stress, fear and anxiety, embarrassment, humiliation or impairment of quality of life.

PLAINTIFFS' REQUESTED INSTRUCTION NO. 12.

If you find that Plaintiffs' entered into a contract with the Park County Sheriff's Office which gave Plaintiffs thirty days to rectify the condition of the horses and show that their condition was contributed to by something other than neglect and which was breached by the Park County Sheriff's Office by the seizure of the six horses on February 23, 2012 by Undersheriff Gore, Sgt. Priestly and Deputy Hardey then you must determine what, if any damages each Plaintiff proved were caused by the breach.

The word "cause" means that the breach in natural and probable sequence produced the claimed injury. It is a cause without which the injury would not have happened.

In determining the amount of damages you shall consider the amount required to put each Plaintiff in the same position as if the breach had not occurred and such damages as were in the reasonable contemplation of the parties at the time the contract was made.

CJI-Civ. 30:38 and 30:39 (2015)

PLAINTIFFS' REQUESTED INSTRUCTION NO. 13

If the jury finds from a preponderance that Plaintiffs are entitled to a verdict for nominal or compensatory damages and further finds that an act or omission of Defendant Deputy Hardey which caused injury to Plaintiffs was callously or wantonly or recklessly done in indifference to the federally protected rights of the Plaintiffs, the jury may add to it award of nominal or compensatory damages such amount as the jury shall find to be proper as punitive damages.

Smith v. Wade, 461 U.S. 30, 56 (1983)