UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.13-cv-02469-RM-MJW

RANDALL J. HATLEE and
RONALD L. SWIFT

Plaintiffs,
vs.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE
FRED WEGENER and
ASHLEIGH OLDS,

Defendants.

_____

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE REGARDING PROPER DAMAGES
FOR PLAINTIFFS' §1983 CLAIM
_____

Now come the Plaintiffs and for their memorandum in opposition to the

Defendants' motion in limine [#125-1] regarding proper damages for the

unconstitutional seizure of six horses states:

1

*Carey v. Piphus*, 435 U.S. 247 (1978) as expanded upon by *Memphis Community School Dist. v. Stachura*, 477 U.S. 299 91986) set the general standard for damages in a suit pursuant to §1983 for violation of the claimant's constitutional rights. They both provide that damages for a constitutional violation should be based upon an analogous common law tort.

Both make it unequivocally clear that compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation, personal humiliation and mental anguish and suffering. Deterrence through compensatory damages is an important part of the system.

The Supreme Court holds that the measure of damages is that applicable to an analogous common law tort. Defendants argue that the measure of damages for a trespass to real estate is the most analogous tort. This contention does not have any merit. The clearly analogous tort is abuse of process. See, CJI-Civ. 17:10 (2015).  A seizure warrant is a process . Here it was acquired through false statements and omission of material facts.

 The damages for abuse of process include non-economic losses or injuries including any physical pain and suffering, mental anguish, fear, anxiety humiliation, embarrassment, indignity and public disgrace and any loss of reputation and economic losses or injuries including court costs, attorney's fees,

2

the reasonable value of time lost due to defending against the process, loss of income, increased expenses, damage to business and injuries to the seized horses. See CJI-Civ. 17:11 (2015). A proposed damage instruction is attached as Exhibit 1.

Seizure of the six horses was both a violation of the Fourth Amendment and a breach of contract. Plaintiffs' had 30 days from February 16 to show that there was a cause which contributed to the condition of the horses in addition to neglect. The seizure on February 23 deprived Plaintiffs of 23 days to make a showing which would have avoided their prosecution for animal cruelty. Plaintiffs and their veterinarians had a plan in place to prove that the cause was toxic ingestion of some substance not starvation. Taking the horses under the circumstances was a *Brady* violation in that Plaintiffs were deprived of exculpatory evidence which would have demonstrated that there was no probable cause to prosecute. The prosecutor stated that he would not have prosecuted the case if he had known the cause was toxic ingestion related.

The seizure was egregious since it was done because of a public outcry.

Based on the forgoing the Defendants' motion in limine should be denied.

/s/ Brice A. Tondre

_____

Brice A. Tondre
215 South Wadsworth Blvd., #500
Lakewood, Colorado   80226
Telephone:  303-296-3300
Facsimile: 303-296-3390
briceatondrepc@msn.com

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of January, 2016, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of filing to the following.

    Timothy P. Schimberg
    t_schimberg@fsf-law.com

/s/ Brice A. Tondre

_____