**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.      13-cv-02469-RPM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

---

**REPLY TO PLAINTIFF'S OPPOSITION [ECF 133] TO DEFENDANTS MOTION IN LIMINE REGARDING PROPER DAMAGES FOR PLAINTIFFS' § 1983 CLAIM [ECF 125-1]**

---

Defendants, Cindy Hardey and the Park County Sheriff's Office[1], by and through their attorneys, Timothy P. Schimberg and Joel J. Fulton of Fowler, Schimberg & Flanagan, P.C., hereby submit this Motion In Limine Regarding Proper Damages For Plaintiffs' § 1983 claim and in support thereof state as follows:

**INTRODUCTION**

The parties agree the Court should tailor Plaintiffs' damages for their Fourth Amendment claim to the most analogous tort, but disagree on which tort is most analogous. *Carey v. Piphus*, 435 U.S. 247, 258 (1978) ("it may be appropriate to apply the tort rules of damages directly to

---

[1] Per the Court's summary judgment orders these are the only Defendants remaining.  ECF No. 110; ECF No. 119.

the § 1983 action.").  Just as the Court ruled on Plaintiffs' malicious prosecution claim, Plaintiffs' theory that their Fourth Amendment claim is analogous to the tort of abuse of process "amounts to mere rhetoric without factual support."  ECF No. 110 at 35.  Plaintiffs' Memorandum In Opposition To Defendants' Motion contains only argument of counsel, without a single citation to the record for evidentiary support.  *See* ECF No. 133.

Plaintiff cannot establish the search and seizure warrant in this case was used for an improper purpose.  *Walker v. Van Laningham*, 148 P.3d 391 (Colo. App. 2006).  Though Judge Green found the warrant lacked probable cause, the warrant was obtained as a means to gather material evidence in a subsequent criminal prosecution, which is a regular and legitimate function of a warrant.

Plaintiffs' alleged damages claims of defense costs, humiliation, and harmed reputation stem from a legally justified prosecution, not from the seizure itself.  No evidence proves otherwise.  Under the specific facts of this case, the protected interest is merely a temporary possessory interest in personal property.  Accordingly, the most analogous tort is trespass to chattels and Plaintiffs' damages are limited exclusively to diminution of value and loss of use. Restatement (Second) of Torts, § 928.

## PLAINTIFFS' CANNOT RECOVER DEFENSE COSTS

To recover attorney fees in an abuse of process action, the litigation must have been wrongful. *Tech. Computer Servs., Inc. v. Buckley*, 844 P.2d 1249, 1256 (Colo. App. 1992).  The criminal litigation against Plaintiffs' was legally justified.  ECF No. 110 at 13, 22 n. 2.  No matter what tort damages rule the Court applies, Plaintiffs cannot recover criminal defense costs.

Plaintiffs cannot recover attorney's fees under their breach of contract theory, either.

Attorney fees are not recoverable for a breach of contract unless the agreement expressly

provides for that remedy or such an award is permitted by statute or court rule.  *Bunnett v.*

*Smallwood*, 793 P.2d 157 (Colo. 1990).  No such remedies are provided here.  ECF No. 62-21,

Feb. 19, 2012 Protective Custody Agreement.

## ABUSE OF PROCESS IS NOT ANALOGOUS TO PLAINTIFF'S FOURTH AMENDMENT CLAIM

Plaintiffs provide no support for their abuse of process analogy.  In Colorado, an abuse of

process requires proof of (1) an ulterior purpose in the use of judicial proceedings; (2) willful

actions by a defendant in the use of process that are not proper in the regular conduct of a

proceeding; and (3) damages.  *Hewitt v. Rice*, 154 P.3d 408, 414 (Colo. 2007).  "The essence of

the tort of abuse of process is the use of a legal proceeding primarily to accomplish a purpose

that the proceeding was not designed to achieve."  *Yadon v. Lowry*, 126 P.3d 332, 337 (Colo.

App. 2005).  "Examples of improper use of process include recording a lis pendens or obtaining

a writ of replevin as leverage to demand money, property, or some other advantage in exchange

for a release or dismissal of the action."  *Id*.  "If the action is confined to its regular and

legitimate function . . . there is no abuse, even if the plaintiff had an ulterior motive in bringing

the action or if he knowingly brought suit upon an unfounded claim."  *Inst. for Prof'l Dev. v.*

*Regis Coll.,* 536 F.Supp. 632, 635 (D. Colo. 1982) (quoting 1 Am.Jur.2d Abuse of Process § 13

(1962).

Though Judge Green found the warrant lacked probable cause, the warrant makes clear it

was obtained for the purpose of gathering material evidence in a subsequent criminal

prosecution.  **Exhibit A**.  The prosecution was justified.  Judge Green, and this Court, found

there was probable cause to believe Plaintiffs' were guilty of animal cruelty.  ECF No. 110 at 13,

22 n. 2.

Plaintiffs' claim that the warrant was used to deprive them of evidence is merely

argument of counsel.  Samples of hay bales were seized from Echo Valley Ranch for evaluation

in the criminal prosecution.  **Exhibit A** at 2.  Plaintiffs had access to their pastures.  They hired

veterinarians to investigate the cause of the horses' condition.  No evidence suggests Plaintiffs

did not have a fair opportunity to provide a defense.  No evidence suggests that had the Plaintiffs

had the horses in their possession the animal cruelty charges would have been dismissed at the

preliminary hearing stage.

District Attorney LeDoux stated, based on his independent review of the file and

applicable law, he believed there was a reasonable likelihood of conviction.  ECF 65-7, LeDoux

Aff. at ¶ 8.  Even after Judge Green ruled the search and seizure warrant was invalid, LeDoux

said that "did not change my opinion that there was sufficient evidence of animal cruelty/neglect

and that there was a reasonable likelihood of conviction . . ."  *Id.* at ¶ 9.  LeDoux further stated

that "[t]he decision to continue prosecution of the case following the April 10, 2012 hearing . . .

was not affected in any way by the Park County Sheriff's Office or any of its employees . . . ."

*Id.* at ¶ 12.  The Court recognized in its Order Granting and Denying Motion for Summary

Judgment that Plaintiffs' attempts to disprove LeDoux's sworn affidavit are "mere rhetoric

without factual support."  ECF 110 at 33-35.  There is no evidence of impropriety regarding

Plaintiffs' prosecution.

Even if the warrant was obtained for an ulterior motive, i.e., something other than

4

prosecuting Plaintiffs' for animal cruelty, there is no abuse of process because the warrant, when viewed objectively, was confined to its regular and legitimate function. *Mintz v. Accident & Injury Med. Specialists, PC*, 284 P.3d 62, 66 (Colo. App. 2010). That Judge Green found the warrant lacked probable cause merely implicates the exclusionary rule applied in criminal proceedings, but not applied in civil proceedings to extend a person's constitutional rights. *Townes v. City of New York,* 176 F.3d 138, 148 (2d Cir. 1999). Plaintiff's remaining Fourth Amendment claim has no relationship with an abuse of process tort claim.

### TRESPASS TO CHATTELS IS ANALOGOUS TO PLAINTIFFS' FOURTH AMENDMENT CLAIM

The closest tort-law analogy to the remaining alleged constitutional deprivation at issue is trespass to chattels. Here, on February 19, 2012, after receiving a State Notice of Warning that their horses appeared to be underweight, Plaintiffs' agreed to have their horses removed from Echo Valley Ranch and placed into temporary custody. ECF No. 110 at 9-10. On February 22, 2012, following her conversation with Dr. Horton, Officer Hardey made the decision to charge Plaintiffs with animal cruelty and to seize the Six Horses. *Id*. at 12.

On April 10, 2012, Judge Brian Green found that there was no probable cause to issue the warrant. *Id*. Judge Green did find, however, that there was probable cause to believe the horses had been subject to animal cruelty. *Id*. at 12-13. At a subsequent hearing on December 3, 2012, Judge Green reiterated there was probable cause to believe that Plaintiffs had committed animal cruelty. *Id*. at 13. Plaintiffs' horses were returned to them on April 11, 2012. *Id*.

Thus, based on this record, the only constitutional deprivation Plaintiffs' can support is interference with a possessory interest of their horses, which were in temporary custody at the

time of their seizure, from February 22 to April 11, 2012.  Therefore, the logical scope of

compensation is limited to the interference whatever possessory interest Plaintiffs' can establish

during the pertinent timeframe.

*Dalcour v. Gillespie*, No. 08-CV-00747-MSK-KLM, 2013 WL 2903399 (D. Colo. June

14, 2013) is instructive.  There, the Court applied *Carey* to determine the proper scope of

compensable injuries for an alleged Fourth Amendment violation.  In *Dalcour*, Defendant

Gillespie responded to a call for a welfare check on the home of two children who had been

placed under a protection order.  *Dalcour*, 2013 WL 2903399 at *1.  When Gillespie knocked on

the door and the children's mother answered, Gillespie placed her foot in the doorway,

preventing the door from closing.  *Id*.  The Tenth Circuit found Gillespie's placing her foot in the

doorway constituted an entry into the parents' home for Fourth Amendment purposes and

remanded the case for determination of the scope and contours of any future trial.  *Id*. at *2.

Both the *Dalcour* Court's *Carey* analysis and its proximate cause analysis provide guidance

in this case.  Citing the Restatement (Second) of Torts, the Court found the most natural tort-law

analogy was the tort of trespass.  *Id*. at *3.  Under Colorado law, damages available on a trespass

claim include any property losses (*e.g.* diminution of value and loss of use), as well as "personal

injury to the landowners in the form of discomfort and annoyance" resulting from the trespass.  *Id*.

at *4 (citing *Board of County Commissioners v. Slovek,* 723 P.2d 1309, 1318 (Colo. 1986).  The

Court found under the facts of the case there was no property loss and limited Plaintiff's damages

to discomfort and annoyance.  *Id*. at *7.  The Court rejected the Plaintiffs' argument that they

should be able to recover damages caused by a search and seizure subsequent to Gillespie placing

her foot in the doorway.  *Id*.   The Tenth Circuit had determined the subsequent search and seizure

to be lawful.  *Id*.  "Here, although Ms. Gillespie's initial 'search'—the foot in the doorway—may have been unlawful, the chain of causation is broken by a lawful subsequent search and arrest.  The Plaintiffs cannot recover for injuries that arise from lawful conduct simply because it was preceded by unlawful conduct."  *Id*.

This Court should apply a similar analysis here.  As discussed in the Motion, although damages for personal injury may be recovered under a trespass claim, here the facts do not support any personal injury claim because the horses were not on Plaintiffs' property when seized.  Therefore, the scope of Plaintiffs' remaining damages are diminution of value and loss of use.  Restatement (Second) of Torts, § 928; Motion at 5.   The chain of causation to Plaintiffs' other claimed damages, such as defense costs, humiliation, and loss of reputation, is broken by a lawful subsequent prosecution.

## CONCLUSION

Plaintiffs' cannot recover defense costs.  Plaintiffs' § 1983 claim is congruent with the tort of trespass to chattels.  The Court should limit Plaintiffs' damages to diminution in value and loss of use.

Respectfully submitted this 15th day of January, 2016.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg
Joel J. Fulton

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEYS FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2016, I caused a true and correct copy of the foregoing **REPLY TO PLAINTIFF'S OPPOSITION [ECF 133] TO DEFENDANTS MOTION IN LIMINE REGARDING PROPER DAMAGES FOR PLAINTIFFS' § 1983 CLAIM [ECF 125-1]** to be filed via the ECF system, with notice of same being electronically served to the following:

Brice A. Tondre, Esq.
Brice A. Tondre, P.C.
215 S. Wadsworth Blvd., Ste. 500
Lakewood, CO 80226-1566
***Attorney for Plaintiffs***

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Patricia P. Peak*

Patricia P. Peak