**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.        13-cv-02469-RPM-MJW

RANDALL J. HATLEE,
RONALD L. SWIFT,

Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER,
ASHLEIGH OLDS,

Defendants.

---

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS DR. JENA QUESTEN PURSUANT TO FED.R.CIV.P. 26(a)(2)(B) AND TO PRECLUDE EXPERT TESTIMONY PURSUANT TO FED.R.EVID. 702**

---

Defendants, Cindy Hardey and the Park County Sheriff's Office[1], by and through their attorneys, Timothy P. Schimberg and Joel J. Fulton of Fowler, Schimberg & Flanagan, P.C., hereby submit their Motion to Strike Plaintiffs' Expert Witness Dr. Jena Questen Pursuant To Fed.R.Civ.P. 26(a)(2)(B) And To Preclude Expert Testimony Pursuant to Fed.R.Evid. 702 and in support thereof state as follows:

**D.C.COLO.LCivR 7.1:**  Undersigned counsel has conferred with counsel for Plaintiffs' regarding the relief requested in this Motion by leaving him a voicemail.  Defendants have not heard back from Plaintiffs' counsel, but assume Plaintiffs are opposed.

---

[1] Per the Court's summary judgment orders these are the only Defendants remaining.  ECF 110; ECF 119.

## INTRODUCTION

Plaintiff's witness list includes Dr. Jena Questen.  ECF 128-4.  Plaintiff disclosed Dr. Questen as a retained expert.  **Exhibit A**.  Dr. Questen was retained for the sole purpose of offering opinions related to Plaintiffs' case against Dr. Ashleigh Olds.  Her report contains no opinions related to the remaining claims.  **Exhibit B**.  Neither does her rebuttal report.  **Exhibit C**.  Moreover, Dr. Questen is not qualified to opine on any issues related to the remaining claims.  **Exhibit D**, Transcript of the Deposition of Dr. Jena Questen 248-255 (Nov. 10, 2014).   As a result, pursuant to Fed.R.Civ.P. 26(a)(2)(B) and Fed.R.Evid. 702, the Court should strike Dr. Questen and not permit Plaintiffs to offer her expert testimony.

## PLAINTIFFS HAVE NOT DISCLOSED ANY OPINIONS BY DR. JENA QUESTEN WHICH RELATE TO THE REMAINING CLAIMS.  THE COURT SHOULD STRIKE DR. QUESTEN AS AN EXPERT WITNESS FOR FAILURE TO COMPLY WITH FED.R.CIV.P. 26(a)(2)(B).

Dr. Questen, a doctor of veterinarian medicine, was retained in this case to render an opinion as to the cause of the condition of the horses.  **Exhibit D** at 248:15-22.  Her expert report, **Exhibit B**, and her rebuttal report, **Exhibit C**, identify opinions solely related to that issue.  The only claims remaining before the Court in this matter are one claim against Officer Hardey in her individual capacity under 42 U.S.C. § 1983 based on alleged Fourth Amendment violations relating to the seizure of certain of Plaintiffs' horses and Plaintiffs' breach of contract claim.  ECF No. 119 at 10.

No part of any remaining claim at issue relates to the cause of the condition of the horses.  Any expert opinion Dr. Questen might have that bears on a remaining issue was not disclosed in her reports.  As such, the Court should strike her testimony pursuant to Fed.R.Civ.P. 26(a)(2)(B).

*Kern River Gas Transmission Co. v. 6.17 Acres of Land, More or Less*, 156 Fed. Appx. 96, 101 (10th Cir. 2005).

## ANY EXPERT OPINION BY DR. QUESTEN RELATED TO THE REMAINING CLAIMS WOULD BE INADMISSILBE UNDER FED.R.EVID. 702

Under Fed.R.Evid. 702, to be able to testify as an expert in this case, Dr. Questen must possess special knowledge, skill, experience, training, or education related to Plaintiffs' Fourth Amendment claim.  As indicated by her deposition testimony, Dr. Queston does not possess such knowledge or experience.  She cannot testify as an expert in this case.

Dr. Questen has no training in law enforcement.  **Exhibit D** at 248:23-25.  She has no training in constitutional law.  *Id.* at 249:1-3.  She does not have knowledge of police training or education or animal control officer training or education.  *Id.* at 255:5-11.  She did not opine on standards of law enforcement in training animal control officers in this case.  *Id.* at 255:1-4. Prior to writing her report, Dr. Questen had no information about Sheriff Wegener or Cindy Hardey's role in the case.  *Id.* at 255:24-256:11.

## CONCLUSION

The Court should strike Dr. Questen's expert testimony pursuant to Fed.R.Civ.P. 26(a)(2)(B).  Her reports do not include any opinions related to the remaining claims.  The Court should preclude expert testimony by Dr. Questen under Fed.R.Evid. 702.  Dr. Queston does not possess the required knowledge or experience to provide expert testimony regarding any remaining issue in this case.

Respectfully submitted this 15th day of January, 2016.

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Joel J. Fulton*

Timothy P. Schimberg
Joel J. Fulton

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEYS FOR DEFENDANTS CINDY HARDEY, BOBBI PRIESTLY, MONTE GORE, AND FRED WEGENER

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of January, 2016, I caused a true and correct copy of the foregoing **DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS DR. JENA QUESTEN PURSUANT TO FED.R.CIV.P. 26(a)(2)(B) AND TO PRECLUDE EXPERT TESTIMONY PURSUANT TO FED.R.EVID. 702** to be filed via the ECF system, with notice of same being electronically served to the following:

Brice A. Tondre, Esq.
Brice A. Tondre, P.C.
215 S. Wadsworth Blvd., Ste. 500
Lakewood, CO 80226-1566
***Attorney for Plaintiffs***

*(Original signature on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

*/s/ Charlie Smoot*

_____
Charlie Smoot

5